UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WESLEY GABRIEL and SHAWN SMITH,                  :
individually and on behalf of all others similarly
situated,                                        :
                Plaintiffs,
        -against-                            :        08 Civ. 2460 (SHS)

BRIAN FISCHER, in his capacity as Commissioner of the  :
New York State Department of Correctional Services
(DOCS), and in his individual capacity; ANTHONY J.     :
ANNUCCI, in his capacity as Deputy Commissioner and
Counsel for DOCS, and in his individual capacity;      :
LUCIEN J. LECLAIRE, JR., former Acting Commissioner
of DOCS in his individual capacity; GLENN S. GOORD,    :
former Commissioner of DOCS, in his individual capacity,
and JOHN/JANE DOES 1-50 (DOCS Supervisory, Training,
 and Policy Personnel),                                :
                Defendants.
------------------------------------------------------------------------X

## AFFIRMATION OF ANDREW H. MEIER

      ANDREW H. MEIER declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

      1.      I am an Assistant Attorney General in the Office of ANDREW CUOMO, Attorney General of the State of New York.  This office regularly represents the New York State Department of Correctional Services ("DOCS") and its employees in state and federal court proceedings.

      2.      None of the Defendants have been served in this matter and none of them have requested representation, pursuant to the Public Officers Law of New York State.  Therefore this office cannot purport to represent the Defendants in the instant litigation, cannot accept service on their behalf, and cannot waive any defenses the Defendants may have, including lack of personal jurisdiction.

      3.      Plaintiff Shawn Smith was convicted in 2000 of Burglary in the Second Degree (a Class C felony) and Burglary in the Third Degree (a Class D felony) and was sentenced to a seven-year

determinate prison term. Smith was released from Queensboro Correctional Facility on October 26, 2005 on conditional release to parole, and was under the supervision of the New York State Division of Parole, subject to postrelease supervision. Smith brought a habeas corpus petition, challenging the validity of his postrelease supervision, in the Supreme Court of the State of New York, Bronx County, under index number 75043-07. On May 8, 2007, the petition was denied by the Court, following People ex rel. Garner v. Warden, 40 A.D.3d 243 (1st Dept. 2007). However, Plaintiff Smith subsequently brought a Motion to Reargue, which was granted by the Court, pursuant to People v. Figueroa, 45 A.D.3d 297 (1st Dept. 2007). Plaintiff Smith's writ was granted on Reargument and on December 21, 2007, the Supreme Court, Bronx County, ordered that his period of postrelease supervision be set aside. Thus, he is no longer subject to postrelease supervision. This office represented the New York State Division of Parole, the Respondent to Smith's Motion to Reargue, and has never been served with a Notice of Entry. Therefore, the Division of Parole is still within its statutorily-allotted time to file Notice of Appeal.

4. Upon information and belief, Plaintiff Wesley Gabriel has not challenged the validity of his postrelease supervision in state court, though he has available state court remedies. See People v. Catu, 4 N.Y.3d 242 (2005); People v. Van Deusen, 7 N.Y.3d 744 (2006); People v. Louree, 8 N.Y.3d 541 (2007); People v. Hill, 9 N.Y.3d 189 (2007); See also Inman v. Harder, 2007 U.S. Dist. LEXIS 45260 (N.D.N.Y. 2007). Gabriel was sentenced in 2002 for Robbery in the First Degree (a Class B felony) and Burglary in the Second Degree (a Class C felony) to a seven-year determinate prison term. Gabriel was released from Queensboro Correctional Facility on November 24, 2006 on conditional release to parole, and is currently under the supervision of the New York State Division of Parole, subject to post-release supervision until January 29, 2012.

5. On March 12, 2008, the Court of Appeals heard argument in a number of cases that will have direct bearing on the merits of the instant litigation as they will resolve the issue of whether a trial court's failure to expressly impose a period of postrelease supervision as part of a sentence

pronounced in open court renders that component of the sentence invalid. See Garner v. N.Y.S. Dept. Of Correctional Services, 39 A.D.3d 1019 (3d Dept. 2007), *lv granted*, 9 N.Y.3d 809 (2007); People v. Thomas, 35 A.D.3d 192 (1st Dept. 2006), *lv granted* 9 N.Y.3d 882 (2007); People v. Sparber, 34 A.D.3d 265 (1st Dept. 2006), *lv granted*, 9 N.Y.3d 882 (2007); People v. Lingle, 34 A.D.3d 287 (1st Dept. 2006), *lv granted*, 9 N.Y.3d 877 (2007). A decision on these cases is expected to be issued soon.

Dated: New York, New York

April 11, 2008                                  Respectfully submitted,


                                                By:    S/ Andrew Meier

                                                       Andrew Meier (AM 0831)
                                                       Assistant Attorney General
                                                       120 Broadway - 24th Floor
                                                       New York, New York 10271
                                                       (212) 416-8305