UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WESLEY GABRIEL and SHAWN SMITH, individually
and on behalf of all others similarly situated,

                              Plaintiffs,                08 Civ. 2460 (SHS)

   – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                              Defendants.
-------------------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFFS' MOTION FOR A PRELIMINARY
### INJUNCTION AND TEMPORARY RESTRAINING ORDER


**EMERY CELLI BRINCKERHOFF & ABADY LLP**
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

**LAW OFFICES OF JOSHUA L. DRATEL, P.C.**
2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*

Plaintiffs Wesley Gabriel and Shawn Smith submit this memorandum of law in support of their motion for a temporary and preliminary order pursuant to Fed. R. Civ. P. 65.

## PRELIMINARY STATEMENT

This case is about defendants' knowingly unconstitutional imposition and enforcement of post-release supervision ("PRS") on individuals for whom no sentencing court ever authorized PRS ("PRS Policy"). Plaintiffs seek immediate relief to end defendants' stunningly lawless conduct; conduct that flatly defies long-standing clearly established Supreme Court and Second Circuit precedent.

More than seventy years ago, in an opinion written by Justice Cardozo, a unanimous Supreme Court held that only the judgment of a court establishes a defendant's sentence. The imposition of an additional sentence by an administrator violates a defendant's constitutional rights. *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936).

In June 2006, consistent with the unambiguous holding of *Wampler,* the Court of Appeals for the Second Circuit held unconstitutional the imposition by the New York State Department of Correctional Services ("DOCS") of a PRS term to the sentence of an individual whose judicially imposed sentence did not include PRS. *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). The Second Circuit could not have been more clear: "New York's Department of Correctional Services has no more power to alter a sentence than did the clerk of the court in *Wampler*." 451 F.3d at 76. DOCS' administrative imposition of PRS violates due process. *Id.*

Notwithstanding the clear command of *Wampler* and *Earley*, defendants have continued to administratively impose and enforce PRS on individuals such as plaintiffs Wesley Gabriel and Shawn Smith whose determinate sentences never included PRS even after the expiration of their maximum determinate sentences. Notwithstanding the obvious

-1-

unconstitutionality of these extra-judicial PRS terms, DOCS issues arrest warrants and re-imprisons individuals such as plaintiffs Gabriel and Smith for alleged violations of PRS conditions. Instead of complying with their obligations under the federal constitution, defendants have knowingly chosen to flout them. Only this Court can set matters right. Defendants Brian Fisher and Anthony J. Annucci (respectively the Commissioner, and the Counsel and a Deputy Commissioner of DOCS) must be ordered to comply with the United States Constitution. U.S. const. art. VI, cl. 2 (supremacy clause).

Plaintiffs seek an order temporarily restraining and directing defendants Fisher and Annucci to vacate, withdraw and/or nullify immediately: (1) all terms and conditions of PRS imposed upon persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s); and (2) all outstanding arrest warrants predicated upon alleged violations of the terms or conditions of PRS by persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s).

Plaintiffs also seek a preliminary order enjoining defendants Fisher and Annucci: (1) in the same manner as the temporary restraining order plaintiffs seek; and (2) directing the release from custody of all persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but who nevertheless are being detained after the maximum expiration date of their determinate sentence(s) for allegedly violating the terms and conditions of PRS.

## FACTS

1. **Wesley Gabriel**

In January 2002, plaintiff Wesley Gabriel received concurrent determinate sentences of (1) seven years imprisonment for first-degree robbery, and (2) six years imprisonment for second-degree burglary. The Court did not impose a period of PRS as part of either sentence. Nor was PRS mentioned on the sentencing commitment sheet. *See* Declaration of Matthew D. Brinckerhoff, date March 11, 2008 ("Brinck. Decl.") ¶¶ 2-3.

Due to credit for time served awaiting trial, Mr. Gabriel's maximum determinate sentence expiration date was November 24, 2007. Due to a 1/7th reduction for good time, Mr. Gabriel was released from prison on November 24, 2006. At the same time, and consistent with defendants' unlawful PRS Policy, Mr. Gabriel was subjected to a five year term of PRS imposed by DOCS. *See* Brinck. Decl. ¶¶ 4-5.

On November 20, 2007, Mr. Gabriel was arrested without probable cause. On November 28, 2007, after the expiration of his maximum determinate sentence, DOCS re-incarcerated Mr. Gabriel for alleged violations of PRS arising from his false arrest. *See* Brinck. Decl. ¶¶ 6-7.

On or about February 5, 2008, after serving more than two months in jail without justification, Mr. Gabriel was released after the false charges lodged against him were dismissed. *See* Brinck. Decl. ¶ 8.

Although Mr. Gabriel was released on February 5, 2008, he is still subject to illegal PRS as imposed by DOCS. Among other things, the terms and conditions of Mr. Gabriel's PRS preclude him from accepting work between the hours of 9:00 p.m. and 6:00 a.m., and prohibit him from traveling outside of New York City. These two conditions have forced Mr. Gabriel to turn down no fewer than three job opportunities, to forego educational opportunities, and have

prevented him, and continue to prevent him, from visiting his seriously ill father in New Jersey. *See* Declaration of Wesley Gabriel, dated March 10, 2008 ("Gabriel Decl.") ¶¶ 11-16.

2.  **Shawn Smith**

In July 2000, plaintiff Shawn Smith received a determinate sentence of seven years for two counts of burglary in the second degree. At the same time, he was also sentenced to an indeterminate sentence of two to four years for two counts of burglary in the third degree. The two sentences were ordered to run concurrently. Thus, the seven year determinate sentence controlled the calculation of the maximum expiration date of Mr. Smith's determinate sentence. The Court did not impose a period of PRS as part of either sentence. Nor was PRS mentioned on the sentencing commitment sheet. *See* Brinck. Decl. ¶¶ 10-11.

Due to credit for time served awaiting trial, Mr. Smith's maximum determinate sentence expiration date was October 26, 2006. Due to a 1/7th reduction for good time, Mr. Smith was released from prison on October 26, 2005. Upon his release, and in keeping with defendants' unlawful PRS Policy, Mr. Smith was subjected to a five year term of PRS imposed by DOCS. Consistent with its imposition of a five year term of PRS, DOCS continued to subject Mr. Smith to PRS after his maximum determinate sentence expired on October 26, 2006. *See* Brinck. Decl. ¶¶ 12-14.

On or about January 16, 2007, DOCS re-incarcerated Mr. Smith for allegedly violating the terms of his PRS, by moving to a new home, missing a home visit with his parole officer, and skipping meetings of a drug program. *See* Brinck. Decl. ¶ 15.

While re-imprisoned, Mr. Smith filed a petition for a writ of habeas corpus in state court. On December 21, 2007, the Bronx County Supreme Court granted Mr. Smith's petition, finding that DOCS's imposition of PRS was illegal. *Smith v. New York State Division of Parole*,

Index No. 75043-07 (Bronx Co. Sup. Ct. Dec. 21, 2007), attached as Ex. L to Brinck. Decl.; *see also* Brinck. Decl. ¶¶ 16-17.

After spending over eleven months in prison unlawfully, Mr. Smith was finally released on Christmas Eve, December 24, 2007. *See* Brinck. Decl. ¶ 18.

## ARGUMENT

*Wampler* and *Earley* notwithstanding, defendants made a conscious choice to continue to impose PRS unabated upon plaintiffs Gabriel and Earley and hundreds (perhaps thousands) of others after the expiration of their maximum determinate sentence dates. *See* Brinck. Decl. ¶¶ 2-18. This is reprehensible. The citizens of the State of New York expect and deserve better. Plaintiffs deserve better. It must be stopped.

To obtain a preliminary order pursuant to Rule 65, plaintiffs need only show that absent an injunction they will likely suffer irreparable harm and either (1) a likelihood of proving their claims by a preponderance of the evidence or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 77-78 (2d Cir. 1994); *see also Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 923-924 (2d Cir. 1997) (applying fair ground for litigation standard to preliminary injunction against government).

Here, absent an injunction, plaintiff Gabriel and the class plaintiffs seek to represent will suffer quintessential irreparable harm: ongoing deprivations of liberty, and the threat of unlawful detention and re-imprisonment at any time, all in violation of plaintiffs' constitutional rights.

In light of *Wampler* and *Earley*, it is certain that plaintiffs will succeed on the merits of their claim.

Alternatively, the only hardship to balance against the ongoing irreparable harm suffered by Mr. Gabriel and the plaintiff class is that experienced by defendants Fisher and Annucci if forced to comply with the law. It is not a close call.

## I. PLAINTIFFS WILL SUCCEED ON THE MERITS

The United States Constitution prohibits public officials, such as the Commissioner of the State DOCS or any of his subordinates, from administratively imposing any term of detention on an individual beyond that imposed by a sentencing court.

In 1936, the Supreme Court held: "The only sentence known to the law is the sentence or judgment entered upon the records of the court." *Wampler*, 298 U.S. at 464. Any administratively added provision prolonging that sentence is void. *Id.* at 467.

In June 2006, the Court of Appeals for the Second Circuit, applying *Wampler*, uncontroversially held that DOCS's administrative extra-judicial addition of a PRS term to the sentence of an individual whose plea agreement and judicially imposed sentence and judgment did not include a PRS term violated the United States Constitution. *Earley*, 451 F.3d 71. Aptly describing *Wampler* as "clearly established Supreme Court precedent," the Second Circuit explained that the "only cognizable sentence is the one imposed by the judge," any "alteration to that sentence, unless made by a judge . . . is of no effect." 451 F.3d at 75.

Thus, "[t]he additional provision for post-release supervision added by DOCS is a nullity. The imposition of a sentence is a judicial act; only a judge can do it. The penalty [of PRS] administratively added by the Department of Corrections was, quite simply, never a part of the sentence." *Id.* at 76.

Under *Wampler* and *Earley*, plaintiffs unquestionably have the right to be free of administratively imposed PRS. "Only the judgment of a court, as expressed through the sentence

imposed by a judge, has the power to constrain a person's liberty." *Earley*, 451 F.3d 75. Here, no court authorized the imposition of PRS on Messrs. Gabriel and Smith. Yet defendants, with full knowledge of *Wampler* and *Earley*, chose nonetheless to administratively impose PRS. Defendants' misguided decision finds no support in the law.

There is no room for doubt. Defendants' policy of administratively imposing and enforcing extra-judicial PRS terms on individuals after the expiration of their maximum determinate sentence(s) is illegal. *See Wampler*, 298 U.S. at 462-63 ("A warrant of commitment departing in matter of substance from the judgment back of it is void. . . . The argument is made that there is a practice in the Maryland District to make the commitment broader than judgment, and that the practice should be given the quality of law. There is no such overriding virtue in usage or tradition. The court speaks through its judgment, and not through any other medium.").

Plaintiffs will prevail. The facts cannot be disputed. The law is clearly established. Indeed, plaintiffs' entitlement to relief is so clear cut that the Court might well consider consolidating plaintiffs' request for a preliminary injunction with a trial on the merits and then issuing a permanent injunction as provided in Fed. R. Civ. P. 65(a)(2).

## II. PLAINTIFFS WILL SUFFER IRREPARABLE HARM

Unless this Court grants preliminary relief, plaintiff Gabriel and the putative class will suffer profound and irreparable injury. Defendants' PRS Policy causes *per se* irreparable injury because the policy deprives class members of their liberty and due process rights. The deprivation of a citizen's constitutional rights is *per se* irreparable injury and, therefore, typically "no further showing of irreparable harm is necessary." *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) (citation and internal quotations omitted); *accord Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("it is the alleged violation of a constitutional right that triggers a finding of

irreparable harm.") (citation omitted); *Scelsa v. City Univ. of New York*, 806 F. Supp. 1126, 1135, 1146 (S.D.N.Y. 1992) (characterizing an alleged deprivation of constitutional rights as a "per se irreparable harm").

No amount of financial compensation can replace restore plaintiffs' constitutional right to liberty and due process. Of course, irreparable harm is injury for which a monetary award cannot compensate. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).

Defendants' inexcusable conduct continues unabated to this day. Individuals such as plaintiff Gabriel remain subject to unlawful PRS. Worse, some members of the putative class have arrest warrants outstanding right now that threaten them with imminent wrongful arrest and detention. Only by issuing an immediate temporary restraining order, followed by a preliminary injunction, will Mr. Gabriel and others like him be protected from continued injury. Worse still, many putative class members are currently incarcerated unjustifiably in plain derogation of their constitutional rights. Only by an order granting plaintiffs' request for a preliminary injunction ordering the release of such persons, will staunch this ongoing irremediably injury.

### III. AT MINIMUM, PLAINTIFFS CAN HANDILY ESTABLISH THAT THEIR CLAIMS PRESENT A FAIR GROUND FOR LITIGATION WITH THE HARDSHIPS ACCRUING SOLELY TO THE PLAINTIFFS ABSENT THE REQUESTED RELIEF

Insofar as this Court has even the slightest doubt that plaintiffs have demonstrated their likelihood of success in this case (it should not), plaintiffs overwhelmingly meet their alternative burden. As demonstrated above, at the very least, the evidence in this case conclusively establishes that plaintiffs' claims present a fair ground for litigation. This is indisputable. After that, all that remains is an examination and weighing of the hardships that would accrue to both sides if the requested injunction were granted. Here, again, the analysis is straightforward.

The constitutional rights of plaintiff Gabriel and members of the putative class will continue to be violated unless defendants Fisher and Annucci are compelled: (1) to vacate, withdraw and/or nullify, by temporary restraining order and preliminary injunction, the terms and conditions of PRS, including any extant arrest warrants for putative class members; and (2) to release, by a preliminary injunction, all class members currently incarcerated based on alleged violations of PRS.

By contrast, defendants will suffer no discernible harm if they are required to immediately cease their unconstitutional conduct. Indeed, plaintiffs seek only what defendants should have done long ago of their own accord.

The equities of granting plaintiffs' motion at this stage in the case weigh overwhelming in plaintiffs' favor. Plaintiffs' motion should be granted.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' request for a temporary restraining order and preliminary injunction should be granted.

Dated: March 11, 2008
　　　　New York, New York

　　　　　　　　　　　　　　　　　　EMERY CELLI BRINCKERHOFF
　　　　　　　　　　　　　　　　　　& ABADY LLP

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Matthew D. Brinckerhoff (MB-3552)
　　　　　　　　　　　　　　　　　　Elora Mukherjee (EM-0921)

　　　　　　　　　　　　　　　　　　75 Rockefeller Plaza, 20th Floor
　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　(212)763-5000


　　　　　　　　　　　　　　　　　　LAW OFFICES OF JOSHUA L. DRATEL, P.C.

　　　　　　　　　　　　　　　　　　By: Aaron Mysliwiec (AM-6258)

　　　　　　　　　　　　　　　　　　2 Wall Street, 3rd Floor
　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　(212) 792-5132

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

-10-