UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WESLEY GABRIEL and SHAWN SMITH, individually
and on behalf of all others similarly situated,

08 Civ. 2460 (SHS)

Plaintiffs,

– against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

**DECLARATION
OF MATTHEW D.
BRINCKERHOFF**

Defendants.
-----------------------------------------------------------------------x

MATTHEW D. BRINCKERHOFF, declares under penalty of perjury, pursuant to

28 U.S.C. § 1746, that the following is true and correct:

1.       I am a member of Emery Celli Brinckerhoff & Abady LLP, attorneys for

plaintiffs Wesley Gabriel and Shawn Smith.  I make this declaration in support of plaintiffs'

motion for an order, pursuant to Fed. R. Civ. P. 65: (1) temporarily restraining and directing

defendants Fisher and Annucci to vacate, withdraw and/or nullify immediately (a) all terms and

conditions of Post Release Supervision ("PRS") imposed upon persons whose judicially imposed

determinate sentence(s) did not include a term of PRS, but whom nevertheless have been, or will

be, subjected to PRS after the maximum expiration date of their determinate sentence(s), and (b)

1

all outstanding arrest warrants predicated upon alleged violations of the terms of conditions of PRS by persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s); and (2) preliminarily enjoining defendants Fisher and Annucci (a) in the same manner as the temporary restraining order set forth above, and (b) directing the release from custody of all persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but who nevertheless are being detained after the maximum expiration date of their determinate sentence(s) for allegedly violating the terms and conditions of PRS.

***Plaintiff Wesley Gabriel***

2.      In January 2002, plaintiff Wesley Gabriel received concurrent determinate sentences of (1) seven years imprisonment for first-degree robbery, and (2) six years imprisonment for second-degree burglary. *See* Sentencing Tr., *The People of The State of New York v. Gabriel*, Indictment No. 86-01 (Queens Co. Sup. Ct. Jan. 11, 2002), attached as Ex. A; Sentencing Tr., *The People of The State of New York v. Gabriel*, Indictment No. 129-01 (Kings Co. Sup. Ct. Jan. 14, 2002), attached as Ex. B.

3.      The Court did not impose a period of PRS as part of either sentence. *See* Ex. A; Ex. B. Nor was PRS mentioned on the sentencing commitment sheet. Gabriel Decl. ¶ 4.

4.      Due to credit for time served awaiting trial, Mr. Gabriel's maximum determinate sentence expiration date was November 26, 2007. *See* Certificate of Release to Parole Supervision, Nov. 22, 2006, attached as Ex. C.

5.      Due to a 1/7th reduction for good time, Mr. Gabriel was released from prison on November 24, 2006 and subjected to a five year term of PRS imposed by DOCS. *See* Ex. C.

6.      On information and belief, Mr. Gabriel was arrested without probable cause on November 20, 2007. *See* Declaration of Wesley Gabriel, dated March 10, 2008 ("Gabriel Decl.") ¶ 9.

7.      On November 28, 2007, after the expiration of his maximum determinate sentence, DOCS re-incarcerated Mr. Gabriel for alleged violations of PRS arising from his false arrest. *See* Notice of Violation, Nov. 28, 2007, attached as Ex. D.

8.      On or about February 5, 2008, after serving more than two months in jail without justification, Mr. Gabriel was released after the false charges lodged against him were dismissed. *See* Gabriel Decl. ¶ 11.

9.      Although Mr. Gabriel was released in February 2008, he is still subject to illegal PRS as imposed by DOCS. Among other things, the terms and conditions of Mr. Gabriel's PRS preclude him from accepting work past 9:00 p.m., and prohibit him from traveling outside of New York City. These two conditions have forced Mr. Gabriel to turn down no fewer than three job opportunities and have prevented him, and continue to prevent him, from visiting his seriously ill father in New Jersey. *See* Gabriel Decl. ¶¶ 13-15.

***Plaintiff Shawn Smith***

10.     In July 2000, plaintiff Shawn Smith received a determinate sentence of seven years for two counts of burglary in the second degree. At the same time, he also received an indeterminate sentence of two to four years for two counts of burglary in the third degree. The

two sentences were ordered to run concurrently. Thus, the seven year determinate sentence controlled the calculation of the maximum expiration date of his sentence. *See* Sentencing Tr., *The People of The State of New York v. Smith*, Indictment No. 8635-99 (Kings Co. Sup. Ct. July 7, 2000), attached as Ex. E.

11.     The Court did not impose a period of PRS as part of either sentence. *See* Ex. E. Nor was PRS mentioned on the sentencing commitment sheet. *See* Sentence and Order of Commitment, July 7, 2000, attached as Ex. F.

12.     Due to credit for time served awaiting trial, Mr. Smith's maximum determinate sentence expiration date was October 26, 2006. *See* Certificate of Release to Parole Supervision, Oct. 26, 2005, attached as Ex. G; Application for Conditional Release to Parole Supervision, Oct. 26, 2005, attached as Ex. H.

13.     Due to a 1/7th reduction for good time, Mr. Smith was released from prison on October 26, 2005 and subjected to a five year term of PRS imposed by DOCS. *See* Ex G; Ex. H.

14.     Consistent with its imposition of a five year term of PRS, DOCS continued to subject Mr. Smith to PRS after his maximum determinate sentence expired on October 26, 2006. *See* Ex. G; Ex. H.

15.     On or about January 16, 2007, DOCS re-incarcerated Mr. Smith for allegedly violating the terms of his PRS, by moving to a new home, missing a home visit with his parole officer, and skipping meetings of a drug program. *See* Notice of Violation, Jan. 16, 2007, attached as Ex. I; Violation of Release Report, Dec. 14, 2006, attached as Ex. J.

16.    While re-imprisoned, Mr. Smith filed a petition for writ of habeas corpus in state court. *See* Verified Pet. for Writ of Habeas Corpus, *Smith v. Warden*, Feb. 21, 2007, attached as Ex. K.

17.    On December 21, 2007, the Bronx County Supreme Court granted Mr. Smith's petition, finding that DOCS's imposition of PRS was illegal. *See Smith v. New York State Division of Parole*, Index No. 75043-07 (Bronx Co. Sup. Ct. Dec. 21, 2007), attached as Ex. L.

18.    After spending over eleven months in prison unlawfully, Mr. Smith was finally released on Christmas Eve, December 24, 2007. *See* Certificate of Discharge, Dec. 24, 2007, attached as Ex. M.

19.    No prior request for the relief sought by this order to show cause has previously been made.

Dated: March 11, 2008
         New York, New York

MATTHEW D. BRINCKERHOFF

# EXHIBIT A

1

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF QUEENS: CRIMINAL TERM : PART   K-TRP

3    ---------------------------------------x

4    THE PEOPLE OF THE STATE OF NEW YORK,    Indictment:
                                             86-01
5                    -against-

6    GABRIEL WESLEY,

7                                            SENTENCE
                     Defendant(s).

8    ---------------------------------------x

9                           125-01 Queens Boulevard
                            Kew Gardens, NY 11415
10                          January 11, 2002

11

12   B E F O R E:

13              HONORABLE SEYMOUR ROTKER,
                     J U S T I C E

14

15   A P P E A R A N C E S:

16              RICHARD A. BROWN, ESQ.
                District Attorney, Queens County
17              BY:   LAURIE NEUSTADT, ESQ.,
                Assistant District Attorney
18              For the People

19              ANDREW S. WORGAN, ESQ.,
                Atty. For the Defendant

20

21

22

23

24              LYNNETTE Y. CRUZ, RPR
                Senior Court Reporter

25

1          (Whereupon, the following takes place

2       on the record, in open court.)

3          THE COURT CLERK: Calendar number 10,

4    Wesley Gabriel.

5          MR. WORGAN:  Andrew S. Worgan for the

6    defendant.

7          Good morning, Judge.

8          THE COURT:  Good morning.

9          MS. NEUSTADT:  For the People, Assistant

10   District Attorney Laurie Neustadt.

11         Good morning, your Honor.

12         THE COURT:  Miss Neustadt, do you  move

13   this case for sentence?

14         MS. NEUSTADT:  Yes, Judge, I do.

15         THE COURT:  Any legal cause why judgment

16   should not be imposed?

17         MR. WORGAN:  No, your Honor.

18         THE COURT:  Before the Court imposes

19   judgment --

20         MS. NEUSTADT:  Your Honor, I just --

21         THE COURT:  Wait a minute.  Let me script

22   it and then you can talk.  The District Attorney,

23   defendant, and his attorney will speak.

24         Do you want to say something?

25         MS. NEUSTADT:  Thank you, your Honor.  I

1       apologize.  There is no legal reason why this

2       sentence should not be imposed, however, I did just

3       want to place on the record, I have had a chance

4       now to look at the probation report.

5               The factual description as to

6  the robbery is incorrect.  It states that

7  the defendant walked behind the counter, pointed a gun

8       at the complainant's legs and demanded money from

9       the safe.  In fact he did point a gun at her leg

10      and then at her head.  That is not included there.

11              In addition, I had spoken with all of the

12      victims in this case.  Victims to both robberies,

13      all of which, all three of them

14  had indicated that they wish to make statements to

15      probation, which would be included in

16  the report.

17              I did attempt to contact probation and ask

18      that the person who was making the report contact

19      me.  The first I heard from anyone was Monday

20      afternoon at about 4:00.  I would just note this

21      plea was taken back in November.

22              THE COURT:  My suggestion is that you

23      speak to the probation supervisor or the deputy

24      commissioner and indicate to that person that

25      whoever is preparing these reports is not preparing

1    them either appropriately, properly or giving an

2    opportunity for people to be heard and if you can't

3    do it, maybe your supervisor can do it.

4         MS. NEUSTADT:  I can certainly do that,

5    Judge.  I am just noting that for the record, that

6    the victims did make a statement about that.

7         THE COURT:  Mr. Gabriel, do you want to

8    say anything before I sentence you?

9         THE DEFENDANT:  Well, your Honor, all I

10   could say is initially, when I was arrested, I was

11   found with two pellet guns in the car and I was

12   brought up on charges of robbery in the second

13   degree, but in order to obtain a higher charge, the

14   DA decided to dismiss those pellet guns and put it

15   up to a robbery in the first degree.

16         MR. WORGAN:  That's all he wanted

17   me to say, Judge; and I didn't think that was --

18         THE COURT:  Do you want to say anything?

19         MR. WORGAN:  No.

20         THE COURT:  On the defendant's plea of

21   guilty to robbery in the first degree, I sentence

22   you to seven years in state prison, credit for time

23   served.

24         Penalty assessment of 210 dollars payable

25   from inmate's funds.

Proceedings

1              Defendant waived his right to appeal.

2              Execute sentence.

3              MR. WORGAN:  Thank you, Judge.

4              MS. NEUSTADT:  Thank you.

5              THE COURT: Good luck to you, sir.

6              THE DEFENDANT:  Thank you, your Honor.

7                   *       *       *       *

8        CERTIFIED THAT THE FOREGOING IS A TRUE

9        AND ACCURATE TRANSCRIPT OF THE ORIGINAL

10       STENOGRAPHIC MINUTES IN THIS CASE.

11

12       _____

13       Lynnette Y. Cruz, RPR
         Senior Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B

1

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF KINGS: CRIMINAL TERM: PART 39

3    ------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK    :   Indictment
4                                           :   No. 129-01
              -against-                     :
5                                           :
     WESLEY GABRIEL,                        :   BURG 2
6                                           :
                    Defendant.              :   Sentence
7    ------------------------------------------X

8                          120 Schermerhorn Street
                           Brooklyn, New York
9
                           January 14, 2002
10
     B E F O R E:
11
                   HONORABLE SHELDON GREENBERG,
12
                        Supreme Court Justice
13
     A P P E A R A N C E S:
14
              HON. CHARLES J. HYNES, ESQ.
15            District Attorney Kings County
              BY:  ERNEST M. HAMBROCK, ESQ.
16                      Assistant District Attorney
                        For the People
17
              THE LEGAL AID SOCIETY
18            Attorneys for Defendant
              BY:  GABRIELLA LUKAS, ESQ.
19
                   *          *          *
20
                            LISA H. WINKLER
21                          Senior Court Reporter

22

23

24

25

Proceedings                    2

1              THE CLERK:  Number 40 on the sentence

2      calendar, indictment number 129 of 2001, Wesley

3      Gabriel.  Gabriel?

4              Defendant is incarcerated, produced, and

5      before the Court.  Appearances.

6              MS. LUKAS:  Legal Aid by Gabriella Lukas,

7      L-U-K-A-S.  Good morning, your Honor.

8              THE COURT:  Is defendant ready for sentence?

9              MS. LUKAS:  Yes, your Honor.

10             THE CLERK:  Counselor, you know any reason

11     why sentence cannot be imposed this morning?

12             MS. LUKAS:  No.

13             THE COURT:  What is your name, sir?

14             THE DEFENDANT:  Mr. Gabriel.

15             THE CLERK:  Is Ms. Lukas, standing beside

16     you, your attorney?

17             THE DEFENDANT:  Yes, sir.

18             THE CLERK:  Before sentence is imposed, you,

19     your attorney, and the assistant district attorney have

20     a right, if you would like, to make a statement to this

21     Court with regard to sentence.

22             Mr. Hambrock?

23             MR. HAMBROCK:  It is my recollection that the

24     People's position was that the time should run

25     consecutive, but People were recommending the same

                                              lhw

1    period of time of six years.  He has a Queens case.

2             THE COURT:  It's not consecutive.  I promised

3    it would run concurrent.

4             MS. LUKAS:  That indictment was 86 of 2001,

5    in Queens.

6             THE CLERK:  What's the indictment number,

7    please?

8             THE COURT:  86 of 2001.

9             THE CLERK:  And he's already sentenced on

10    that.

11             MS. LUKAS:  That's my understanding.

12             THE COURT:  It's on the presentence report.

13             Ms. Lukas, do you have anything to say before

14    I sentence him?

15             MS. LUKAS:  No, your Honor.  I'm sorry.

16             THE COURT:  And, Mr. Gabriel, do you have

17    anything to say before I sentence you?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  You pleaded guilty before me on

20    December 13th of this past year, 2001.  You pleaded to

21    burglary in the second degree, a Class C, as in

22    Charles, violent felony, and I made a promise to you at

23    that time.  Actually, the People were asking for seven

24    years consecutive to the Queens sentence.  I think you

25    had six years in Queens, and I said I would give you

1          six years concurrent with the six in Queens.

2          Apparently you got the six in Queens, so I'll make it

3          concurrent to the six you got in Queens.

4                    Now I will sentence you to the care and

5          custody of the New York City Department of Corrections

6          for a determinate term of six years.  That term is to

7          run concurrently with the sentence that you received in

8          Queens Supreme Court on January 9th of this year, when

9          you were sentenced to six years in jail, pursuant to

10         agreement, on indictment 86 of 2001.

11                   A mandatory surcharge is imposed of $2,000 in

12         this case, plus a $10 assistance fee.  That's payable

13         by the Department of Corrections over the course of

14         your imprisonment.

15                   Defendant waived appeal.  Take charge.

16                   MR. HAMBROCK:  People handed up two Supreme

17         Court orders of protection to be signed.

18                   THE COURT:  I signed it.

19                   MR. HAMBROCK:  Okay.

20              *              *              *

21         The foregoing is hereby certified to be a true and

22         accurate transcript of the proceedings as transcribed

23         from the stenographic notes.

24                              _Lisa Winkler_

25         LISA H. WINKLER
           Senior Court Reporter

# EXHIBIT C

**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT - DIVISION OF PAROLE**
**CERTIFICATE OF RELEASE TO PAROLE SUPERVISION**
**DETERMINATE - POST-RELEASE SUPERVISION**

NGC   7-3-0
      6-0-0

NYSID NO.                9160148L

GARRIEL, WESLEY    02-A-0593   now confined in Queensboro C. F. who was convicted of   1. Robbery 1   and
                                                                                          2. Burglary 2

in the county of Queens/Kings in the Supreme                              Court, Judge Rotker/Greenberg   presiding, on
the 17/10/02  22   day of November                          1. 7-3-0     2.   6-0-0        the maximum term of such sentence
to commence 26th day of November               20 07  has agreed to abide by the conditions to which (he) (she)
has signed (his) (her) name below, and is hereby released by virtue of the authority conferred by New York State law.

GARRIEL, WESLEY                                  is additionally subject to a period of   5 (five)        years Post-Release Supervision;
will commence on the release date of   11/24/06                              and (he) (she) will be under the legal jurisdiction of the
Division of Parole until the Post-Release Supervision maximum expiration date of  November 26           20  11

Date of Release   11/24/06

Post-Release Supervision Period   5 years

Post-Release Supervision Maximum Expiration Date   11/24/11

RESIDENCE: Bellevue Men's Shelter
400-430 E. 30th Street
New York, NY   10016
212-481-0051/0519

GARRIEL, WESLEY                                                        voluntarily accept Parole Post-Release supervision. I fully
understand that my person, residence and property are subject to search and inspection. I understand that Parole/Post-Release
Supervision is defined by the conditions of Release and all other conditions that may be imposed upon me by the Board of Parole or
its representatives. I understand that any violation of these conditions may result in the revocation of my release.

**CONDITIONS OF RELEASE**

1. I will proceed directly to the area to which I have been released, and within twenty-four hours of my release, make
my arrival report to the Office of the Division of Parole unless other instructions are designated on my release agreement.
Report to: Brooklyn IV 14 Dekalb Avenue, Brooklyn, NY 11201 718 522-5700 DPO: Tough   P.O. BANK

2. I will make office and/or written reports as directed.

3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined
in writing by my Parole Officer, without permission.

4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search
and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or
program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer
of any changes in my residence, employment or program status when circumstances beyond my control make prior
discussion impossible.

5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other
representative of the Division of Parole.

6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement
agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.

7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to
have been adjudicated a Youthful Offender, except for accidental encounters in public places, work, school or in any other
instance with the permission of my Parole Officer.

8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a
penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.

9. I will not own, possess or purchase any shotgun, rifle or firearm of any type without the written permission of my
Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal law or any dangerous knife,
dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of
causing physical injury without a satisfactory explanation for ownership, possession or purchase.

10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to
the State of New York from any state in the Union and from any territory or country outside the United States. This waiver
shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have the
right under the constitution of the United States and under law to contest an effort to extradite me from another state and
return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.

11. I will not use or possess any drugs or paraphernalia or use or possess any controlled substance without proper
medical authorization.

12. Special Conditions:

See attached special conditions sheet.                                        Page 1 of 2



Exhibit B

13. I will fully comply with the instructions of my Parole Officer and obey such special additional written conditions as
he or she, a Member of the Board of Parole, or an authorized representative of the Division of Parole, may impose.

I hereby certify that I have read, or have had read to me, that I understand the foregoing conditions of my release and that I have received a
copy of this Certificate of Release.

Signed this          day of

# EXHIBIT D

Form 9011 (Rev 3/93)

STATE OF NEW YORK
EXECUTIVE DEPARTMENT—DIVISION OF PAROLE
**NOTICE OF VIOLATION**

TO: _Gabriel Wesley_                                    INST.#: _02-A-0593_

WARRANT #: _4817.33_                                    NYSID#: _9160148 L_

You are charged with violating the conditions of your release in the manner specified on the attached violation of release report. A preliminary hearing on these charges has been scheduled on _— WAIVED_ at _____ at _____

Date    Time    Place

Should you waive a preliminary hearing or should probable cause be found at this hearing that you have violated the conditions of your release in any important respect, a final hearing on these charges will be held on _12/10/07_ at _9:30 a.m_

Date    Time

at _Rikers Island Judicial Center_

Place

In the event that your return to the State of New York cannot be effected for the hearing as scheduled above due to circumstances beyond our control, you will be afforded a preliminary and final hearing at such time as you may become available for return on our warrant.

You have the right to a preliminary and final violation hearing. A preliminary hearing may be held to determine whether there is probable cause to believe that you violated one or more of the conditions of your release in an important respect. At this hearing, you are entitled to appear and speak on your own behalf; introduce letters and documents and present witnesses who can give relevant information; confront and cross-examine adverse witnesses. Proof of your conviction of a crime committed after your release shall constitute probable cause for the purpose of the preliminary hearing. You may be represented by counsel. It is your responsibility to obtain counsel. Your waiver of this preliminary hearing is equivalent to a finding of probable cause.

In the event that you are convicted of either a misdemeanor or a felony committed while under parole supervision and a preliminary hearing has not been completed, you will not be entitled to the preliminary hearing on the basis of the new conviction. Any preliminary hearing which may have been scheduled may therefore be cancelled upon your sentencing for such misdemeanor or felony.

Following your waiver of the preliminary hearing or a finding of probable cause the Board of Parole will examine your case and may order that you be held for a final violation hearing.

At the final violation hearing, the presiding officer will determine whether there is a preponderance of evidence to support each of the allegations; you have a right to be represented by counsel and to speak on your own behalf; you have the right to introduce letters and documents, present witnesses who can give relevant information, and confront adverse witnesses against you; you also have the right to present mitigating evidence relevant to your restoration to parole.

In the event that you are convicted of a felony committed while under parole supervision and you receive a new indeterminate sentence, any final hearing which has been scheduled for you may be cancelled. In such instances, the Board of Parole may issue a final declaration of delinquency based upon that conviction and sentence.

In the event that the Board of Parole issues a final declaration of delinquency you will be served with a copy of that determination, together with a copy of the commitment.

Should you be convicted of a crime committed after your release, it is the intention of the Division of Parole to introduce evidence of your conviction at the time of your hearing.

It is your responsibility prior to either scheduled hearing should be made to advise parole staff at the facility where you are detained of the names of all witnesses you wish to produce. Witnesses must have proper identification in order to be admitted to the facility.

A request to adjourn either scheduled hearing should be made in the case of a preliminary hearing, at least three days, and in the case of a final hearing, at least seven days prior to the hearing, in writing, to the local area office. Requests for adjournments made at the hearing will only be granted in exceptional cases.

Violation of Release Report received.

X _W. Pul_                                    _12/28/07_
                Signature

All persons charged with a violation of parole are required to be present at all proceedings regarding that violation of parole which are authorized by the Board of Parole. Any voluntary failure on your part to be present at any of these proceedings may result in a finding that your failure to appear was a voluntary, knowing and intelligent waiver of your right to appear. Should such a finding be made, a hearing in absentia can be held and a final determination be made regarding the charges pending against you, including, if necessary, a time assessment because of the violation of parole.

☐ I do wish to have            ☒ I do NOT wish to have
   a preliminary hearing.          a preliminary hearing.

_11/28/07_                        X _W. Pul_
   Date                              Signature of Releasee

_11/28/07_                        _D. Olivas_
   Date                              Signature of Witness

E x h i b i t   C

# EXHIBIT E

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CRIMINAL TERM : PART 19
- - - - - - - - - - - - - - - - - - - X
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

SHAWN SMITH,
             Defendant.
- - - - - - - - - - - - - - - - - - X

Indictment No.          120 Schermerhorn Street
8635/99              Brooklyn, New York
Resentence         July 7, 2000


   B e f o r e :

         HONORABLE MICHAEL A. AMBROSIO,

              Justice.


  A p p e a r a n c e :

    MICHELLE MAXIAN, ESQ.
    Legal Aid Society
    Attorney for Defendant
    BY:  STEVEN BLOOMBERG, ESQ.


               SCOTT HARRIS, RPR
               Senior Court Reporter

SH

Resentence

1      COURT CLERK:  Number 20 on the calendar, on

2  for sentencing 8635 of 99, Shawn Smith.

3      MR. BLOOMBERG:  Legal Aid Society, by Steven

4  Bloomberg, for Mr. Smith.  Judge, can we approach?

5      THE COURT:  Yes.

6      (Off the record Bench conference.)

7      THE COURT:  All right.  Back in May Mr.

8  Smith pled to the indictment.  The top count was a C

9  violent felony, burglary 2.  We were under the

10  misapprehension that he was a predicate but not a

11  violent predicate.

12      The promise was five years.  It subsequently

13  came to our attention that apparently he was, in fact,

14  a violent predicate felon because one of his earlier

15  cases was to assault in the second degree, which is a

16  D violent felony.  And it was on April 18th.  That was

17  Shawn.  Not the May date.

18      In any event, it appears he's now a

19  predicate violent felony, which would make the

20  minimimn sentence the Court could impose seven years.

21      Mr. Smith, if you wish to have the plea

22  reversed and go to trial, you would be entitled to

23  that because there was an error on the part of the

24  Court in the original sentence promise.

25  Alternatively, he can take the minimum of seven years

SH

3

Resentence

1    on the appropriate sentence charge.

2           MR. BLOOMBERG:  He's indicated to me he does

3    not wish to have his plea withdrawn and go to trial.

4    And he does not wish to continue fighting his status

5    as a violent predicate.  He is willing to accept the

6    status as a violent predicate and his sentence as a

7    violent predicate.

8           THE COURT:  Is that correct, Mr. Smith?

9           THE DEFENDANT:  Yes.

10          THE COURT:  All right, then.  The Court then

11   will impose the minimum sentence permitted by law,

12   seven years.  There's one other felony on the

13   indictment, which is a nonviolent felony, two to four,

14   to run concurrent with the seven years.

15          MR. BLOOMBERG:  Okay.

16          THE COURT:  Unconditional discharge on any

17   misdemeanor.

18                 *          *          *

19          The foregoing is certified to be a true and

20   accurate transcript of the proceedings in the

21   above-entitled action.

22

23

24   Scott Harris, RPR
     Senior Court Reporter

25

                    SH

# EXHIBIT F

Sentence and Order of Commitment

# NEW YORK STATE SUPREME COURT
## Kings County Part 19

**S.C.I.** ☐
**Indict. No.** 8635-99

The People of the State of New York
-vs-

SHAWN SMITH

**Date** 7-7-00

**Defendant**

**Hon.** M. AMBROSIO
Justice

| M | 1-17-66 | 56731200 P |
|---|---------|------------|
| Sex | D.O.B. | NYSID |

**Court Reporter** SCOTT HARRIS

The Defendant having been

Convicted of the Crime/s of:

☐ Adjudicated a Youthful Offender

It is the Judgment of the Court that the Defendant be and hereby is sentenced to:
☒ An Indeterminate Term of ☐ A Definite Term of ☒ A Determinate Term of imprisonment of:

| CRIME | No. of Counts | Counts are to run Concurr. | Consecutive | Minimum Term (Years) | Maximum Term (Years) | (Specify: days, Mos. or Year) |
|-------|---------------|---------------------------|-------------|---------------------|---------------------|------------------------------|
| 1 BURG 2° (140.25(2) | ___ | [ ] | [ ] | | | 7 (SEVEN) YEARS |
| 2 BURG 3° (140.20) | ___ | [ ] | [ ] | 2 (TWO) YRS | 4 (FOUR) YRS | |
| 3 | ___ | [ ] | [ ] | | | |
| 4 | ___ | [ ] | [ ] | | | |
| 5 | ___ | [ ] | [ ] | | | |

The sentence on all Crimes is to run **CONCURRENTLY** unless otherwise indicated:

Crimes number _____ shall run **CONSECUTIVELY**.

☐ Court directs that the sentence be executed as a sentence of Paroled Supervision

☐ Defendant designated a **SEX OFFENDER**

As a: ☐ Second Felony Offender  ☒ Second Violent Felony Offender  ☐ Persistent Felony Offender

☐ Persistent Violent Felony Offender  ☐ Probation Violator

☐ **JUVENILE OFFENDER**- Date of crime _____ Defendant must be housed in a secure facility of the NY State Division for Youth

And ☐ Pay a fine of $_____ or serve a term of _____ days from inmate funds.

☒ Pay a Mandatory Surcharge of $ 150.00 from inmate funds.

☒ Pay a Crime Victim Assistance Fee of $ 5.00 from inmate funds.

**CONCURRENTLY** with _____

**CONSECUTIVELY** to _____

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to and incarcerated in the appropriate correctional facility until released according to law.

REMARKS: _____

A true extract of the minutes.

BY ORDER OF THE COURT: M. Raphael _____ Court Clerk.

☐ Copy forwarded to Board of Election, County of _____ , N.Y.

Commit. & Prob. Report Rec'd by
N.Y.C. Dept. of Correction
Correction Officer
3639
Shield No.

# EXHIBIT G

STATE OF NEW YORK
EXECUTIVE DEPARTMENT - DIVISION OF PAROLE
CERTIFICATE OF RELEASE TO PAROLE SUPERVISION

Release Date: 4/06.44

SENTENCE:  INDETERMINATE  [X]    DEFINITE [ ]    NYSID NO.  5673120F

SMITH, Shawn    00-R-4637    now confined in  Franklin C. F.    who was convicted of    Burglary 2nd
Burglary 3rd

and sentenced in the county of  Kings    at a term of the  Supreme  Court, Judge  Ambrosio

on the  7th  day of  July , 20 00 , for the term of  2-0-0/4-0-0    the maximum term of which sentence

expires on the  16th  day of  October    , 20  06 , has agreed to abide by the conditions to which (he) (she)

has signed (his) (her) name below, and is hereby granted [X] Conditional Release/ [ ] Parole  by the Board of Parole, by virtue of the authority

conferred by New York State Law.

It is hereby directed that (he) (she) be released and placed under legal jurisdiction of the Division of Parole until the    16th

day of  October , 20 10 .

Signed this    day of    , 20    at

Date of Release:  CR 10/26/05    Board of Parole:

RESIDENCE:  30 Winthrop Street, Apt. 4A
Brooklyn, NY

I,  Shawn SMITH

that my person, residence and property are subject to search and inspection. I    voluntarily accept Parole supervision. I fully understand
Conditions of Release and all other conditions that may be imposed upon me by the Board or its representatives. I understand that my Parole supervision is defined by these
of these conditions may result in the revocation of my release.

CONDITIONS OF RELEASE

1. I will proceed directly to the area to which I have been released and, within twenty-four hours of my release, make my arrival report
to that Office of the Division of Parole unless other instructions are designated in my release agreement. REPORT TO: Brooklyn III
Area Parole Office, 14 DeKalb Avenue, 3rd floor, Brooklyn, NY (718)522-8746, TO Unwin.
2. I will make office and/or written reports as directed.
3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined in writing by my
Parole Officer without permission.
4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection
of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole
Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment
or program status when circumstances beyond my control make prior discussion impossible.
5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer.
6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that
I have a continuing duty to notify my Parole Officer of such contact or arrest.
7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been subjected to
a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole
Officer
8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of
imprisonment, nor will my behavior threaten the safety or well being of myself or others.
9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I
will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol.
In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for
ownership, possession or purchase.
10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York
from any state in the Union and from any territory or country outside the United States. This waiver shall be in full force and effect until I am
discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under
law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition
of my Parole or Conditional Release.
11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization
12. Special Conditions:
I will seek, obtain and maintain employment and/or an academic/vocational program.
I will submit to substance abuse testing as directed by the P.O.
I will participate in a substance abuse treatment program as directed by the P.O.
I will not consume alcoholic beverages.
I will not frequent any establishment where alcohol is sold or served as its main
business without the permission of the P.O.
I will abide by a curfew established by the P.O.
I will participate in anti-aggression/anti-violence counseling as directed by the P.O.
I will not associate in any way or communicate by any means with any one Radius.
Shall ... (and) ... special additional written conditions as he, a Member of the
Board of Parole or an authorized representative of the Division of Parole, may impose.

I hereby certify that I have read and that I understand the foregoing conditions of my release and that I have received a copy of this
Certificate of Release

Signed this    day of    , 20

Releasee    Witness

# EXHIBIT H

EXECUTIVE DEPARTMENT – DIVISION OF PAROLE

**APPLICATION FOR CONDITIONAL RELEASE TO PAROLE SUPERVISION**

SENTENCE: ☒ State          ☐ Local          NYSID: _____ 56731/20P __

I, Shawn SMITH   00-R-4637 _____ , now confined in Franklin C. F. _____, having been convicted of Burglary 2nd / Burglary 3rd _____ and sentenced in the county of Kings _____ at a term of the Supreme

Court, Judge Ambrosio _____ presiding, on the 7th day of July , 20 00 , for the term of 2-0-0/4-0-0 ,

the maximum term of which expires on the _____ 26th _____ day of _____ October _____

20 06 , here by apply for Conditional Release. I understand that I will be in the legal custody of the Division of Parole until the

26th day of Oct. , 20 10 , and agree to abide by the conditions of my release with the full knowledge that failure to do

so may result in my reimprisonment by order of the Board of Parole pursuant to law.     CR DATE: 10/26/05

I, Shawn SMITH _____        PRS TERM: 5-0-0
_____ , voluntarily accept Parole supervision. I fully understand that my person, residence and property are subject to search and inspection. I understand that Parole supervision is defined by these Conditions of Release and all other conditions that may be imposed upon me by the Board or its representatives. I understand that my violation of these conditions may result in the revocation of my release.

**CONDITIONS OF RELEASE**

1. I will proceed directly to the area to which I have been released and, within twenty-four hours of my release, make my arrival report to that Office of the Division of Parole unless other instructions are designated on my release agreement.

2. I will make office and/or written reports as directed.

3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined in writing by my Parole Officer without permission.

4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.

5. I will reply, promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other representative of the Division of Parole.

6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.

7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.

8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.

9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase.

10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Union and from any territory or country outside the United States. This waiver shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.

11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.

12. Special Conditions:
UPON CR:    maintain
I will seek, obtain and maintain employment and/or an academic/vocational program.
I will submit to substance testing as directed by the P.O.
I will participate in a substance abuse treatment program as directed by the P.O.
I will not consume alcoholic beverages.
I will not frequent any establishment where alcohol is sold or served as its main business without the permission of the P.O.
I will abide by a curfew established by the P.O.
I will participate in anti-aggression/anti-violence counseling as directed by the P.O.
I will not associate in any way or communicate by any means with associate, Rodney Smith, without the permission of the P.O.

13. I will fully comply with the instructions of my Parole Officer and obey such special additional written conditions as he/she, a member of the Board of Parole or an authorized representative of the Division of Parole, may impose.

☐ Local Sentence: I also understand and agree that if I am returned to a correctional facility for violation of any of the above conditions, the time spent under Conditional Release will not be credited against the term of my sentence.

☒ State Sentence: I understand and agree that if I am returned to an institution under the jurisdiction of the State Department of Correctional Services for violation of any of the above conditions, the good behavior time earned by me prior to the date of my Conditional Release cannot be used as a basis for requesting any subsequent release. I further understand that if I am so returned I may, however, subsequently receive time allowances against the remaining portion of my maximum or aggregate maximum term not to exceed in the aggregate of one-third of such portion provided such remaining portion of my maximum or aggregate maximum term is more than one year and that I shall not again earn any good behavior time against the remaining portion of my sentence if such remaining portion of my sentence is one year or less.

I certify that I have read and that I understand the foregoing and have received a copy of this application.

# EXHIBIT I

STATE OF NEW YORK
EXECUTIVE DEPARTMENT--DIVISION OF PAROLE
**NOTICE OF VIOLATION**

TO: _Smith Shawn_    INST.# _00-R-4637_

WARRANT #: _469216_    NYSID# _56731208_

You are charged with violating the conditions of your release in the manner specified on the attached violation of release report. A preliminary hearing on these charges has been scheduled on _____ _Waived_ at ____ at _____

Date    Time    Place

Should you waive a preliminary hearing or should probable cause be found at this hearing that you have violated the conditions of your release in any important respect, a final hearing on these charges will be held on _1-26-07_ at _9:30am_

at _R.I. Medical Center_    Time

Place

In the event that your return to the State of New York cannot be effected for the hearing as scheduled above due to circumstances beyond our control, you will be afforded a preliminary and final hearing at such time as you may become available for return on our warrant.

You have the right to a preliminary and final violation hearing. A preliminary hearing may be held to determine whether there is probable cause to believe that you violated one or more of the conditions of your release in an important respect. At this hearing, you are entitled to appear and speak on your own behalf; introduce letters and documents and present witnesses who can give relevant information; confront and cross-examine adverse witnesses. Proof of your conviction of a crime committed after your release shall constitute probable cause for the purpose of the preliminary hearing. You may be represented by counsel. It is your responsibility to obtain counsel. Your waiver of this preliminary hearing is equivalent to a finding of probable cause.

In the event that you are convicted of either a misdemeanor or a felony committed while under parole supervision and a preliminary hearing has not been completed, you will not be entitled to the preliminary hearing on the basis of the new conviction. Any preliminary hearing which may have been scheduled may therefore be cancelled upon your sentencing for such misdemeanor or felony.

Following your waiver of the preliminary hearing or a finding of probable cause, the Board of Parole will examine your case and may order that you be held for a final violation hearing.

At the final violation hearing, the presiding officer will determine whether there is a preponderance of evidence to support each of the allegations; you have a right to be represented by counsel and to speak on your own behalf; you have the right to introduce letters and documents, present witnesses who can give relevant information, and confront adverse witnesses against you; you also have the right to present mitigating evidence relevant to your restoration to parole.

In the event that you are convicted of a felony committed while under parole supervision and you receive a new indeterminate sentence, any final hearing which has been scheduled for you may be cancelled. In such instances, the Board of Parole may issue a final declaration of delinquency based upon that conviction and sentence.

In the event that the Board of Parole issues a final declaration of delinquency, you will be served with a copy of that determination, together with a copy of the commitment.

Should you be convicted of a crime committed after your release, it is the intention of the Division of Parole to introduce evidence of your conviction at the time of your hearing.

It is your responsibility prior to either hearing to advise parole staff at the facility where you are detained of the names of all witnesses you wish to produce. Witnesses must have proper identification in order to be admitted to the facility.

A request to adjourn either scheduled hearing should be made in the case of a preliminary hearing, at least three days, and in the case of a final hearing, at least seven days prior to the hearing, in writing, to the local area office. Requests for adjournments made at the hearing will only be granted in exceptional cases.

Violation of Release Report received.

_Signature_    _1/16/07_

Signature    Date

All persons charged with a violation of parole are required to be present at all proceedings regarding that violation of parole which are authorized by the Board of Parole. Any voluntary failure on your part to be present at any of these proceedings may result in a finding that your failure to appear was a voluntary, knowing and intelligent waiver of your right to appear. Should such a finding be made, a hearing in absentia can be held and a final determination be made regarding the charges pending against you, including, if necessary, a time assessment because of the violation of parole.

☐ I do wish to have a preliminary hearing.    ☐ I do NOT wish to have a preliminary hearing.

_1/16/07_    _Signature of Releasee_

Date

_1/16/07_    _P.O. ____

Date    Signature of Witness

# EXHIBIT J

## STATE OF NEW YORK-EXECUTIVE DEPARTMENT-DIVISION OF PAROLE

### VIOLATION OF RELEASE REPORT

No Warrant Issued: _____     Warrant Issued: ___ X X ___

Name:
NYSID NO:         Smith, Shawn
Institution:      5673120P
DIN NO:           Franklin C.F.
Date of Birth:    00-R-4637
Offense:          1/17/1966
Sentence:         Burglary 2nd, Burglary 3rd
                  7-0-0/2-0-0

Date Released:        CR 10/26/05
Max Expiration:       10/26/2010
Date of Warrant:      12/7/06
Warrant No:           469216
Date Enforced:
Location:
PVU No:

Delinquency Date:        9/19/06

Since his/her release, the above name individual has violated the Conditions of Release the following manner:

**Charge #1**   Smith, Shawn violated rule#2 of the rules governing parole, in that on 10/18/06 and thereafter, he failed to make his office report as he was instructed to do so on 10/16/06 during a home visit.

**Charge #2**   Smith, Shawn violated Rule #4 of the rules governing parole, in that on 10/30/06 he changed his approved residence at 38 Winthrop St., Apt 4-A, B'klyn, N.Y. and failed to notify his parole officer. This information was obtained on 11/1/06 at which time Mrs. Augustas Smith was interviewed.

**Charge #3**   Smith, Shawn violated Rule#12 of the conditions of his release, in that on 9/19/06 and thereafter he stopped attending his drug program at New Directions at 202-206 Flatbush Ave., B'klyn, N.Y. This information was obtained on 11/01/2006 at which time Mr. Lewis the subject's Counselor was interviewed.

# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE PEOPLE OF THE STATE OF NEW YORK
ex rel. SHAWN SMITH, B & C #900-07-00065
Warrant # 469216, NYSID # 5673120-P

         Petitioner,

      -against-

WARDEN, Otis Bantum Correctional Center,
NEW YORK STATE DIVISION OF PAROLE,

         Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    **VERIFIED PETITION FOR**
    <u>WRIT OF HABEAS CORPUS</u>

    Index No.

The relator SHAWN SMITH, by his attorney DAVID L. MOORE III Esq., respectfully shows:

### <u>Preliminary Statement</u>

1.    I am of counsel to STEVEN BANKS, Esq., The Legal Aid Society, Parole Revocation Defense Unit, 199 Water Street, New York, New York 10038, attorney for the relator in this litigation related to the revocation of his parole.

2.    As the attorney assigned to this case, I am fully familiar with its facts and records.

3.    I make this verified petition for a writ of habeas corpus on relator's behalf because he is presently incarcerated outside the county in which my office is located and further delay will cause him material injury and because the pertinent factual allegations are within my knowledge or information and belief.

4.    Relator is currently incarcerated at the Anna M. Kross Center, Rikers Island Facility by respondent WARDEN.

5.    The sole cause or pretense of relator's detention is parole violation warrant #469216 issued and lodged against relator by the respondent DIVISION OF PAROLE.

6.    Relator seeks a writ of habeas corpus on the grounds that his due process rights have been violated. The period of post-release supervision imposed on petitioner is a nullity because it was imposed administratively after petitioner's sentencing, and not by the court at the time of sentencing. Since the post-release supervisory period is a nullity, any warrant issued for an alleged violation of petitioner's conditions of release must also be a nullity.

<u>Facts</u>

7.    On July 7, 2000, petitioner was sentenced by Hon. Michael A. Ambrosio of Kings County Supreme Court to concurrent terms of 7 years for two counts of burglary in the second degree and two to four years for two counts of burglary in the third degree. Petitioner also pled guilty to eight misdemeanors and was sentenced to unconditional discharges on all of them. The court did not impose a period of post-release supervision as part of that sentence. Nor did the court, acting through its court clerk, mention post-release supervision on the sentencing commitment sheet. <u>See</u> Sentencing Minutes and Commitment Sheet, attached as Exhibit A.

8.    Nevertheless, a five-year period of post-release supervision was administratively imposed on petitioner and on October 26, 2005, petitioner was released to post-release supervision. See Certificate of Release, attached as Exhibit B.

9.    On January 16, 2007, parole violation warrant #469216, charging petitioner with various violations of the terms of post-release supervision, was executed against petitioner. The final revocation hearing is pending.

2

## Law

10.     The parole warrant must be vacated, as well as the period of post-release supervision. As the United States Court of Appeals for the Second Circuit held in a decision affirming longstanding principles, post-release supervision can only be imposed by the court at the time of sentencing. See Earley v. Murray, 451 F.3d 71 (2d Cir. 2006). In words that apply equally to petitioner's case, the Court unequivocally declared that "Earley's sentence was therefore never anything other than the six years of incarceration imposed on him by the judge at his sentencing hearing and recorded in his order of commitment. The additional provision for post-release supervision added by DOCS is a nullity." 451 F.3d at 76.

11.     The federal writ of habeas corpus was granted by the Second Circuit because the denial of petitioner Earley's claim by the New York courts was contrary to clearly established United States Supreme Court precedent. See 28 U.S.C. §2254(d)(1). That precedent was Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936), where Justice Cardozo, speaking for a unanimous Supreme Court, stated that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12.     The Second Circuit subsequently adhered to its decision in Earley, when it denied a petition for rehearing. Earley v. Murray, 462 F.3d 147 (2d Cir. 8/31/06). In doing so, the court emphatically rejected the argument that post-release supervision was mandated by New York law as part of a determinate sentence and did not have to be imposed by the sentencing court. The Second Circuit stated categorically that it made no difference whether post-release supervision was imposed by DOCS or by operation of the Penal Law, that the only lawful sentence is the one "explicitly

3

imposed by a judge, [and] any practice to the contrary is simply unconstitutional and cannot be upheld." 462 F.3d at 150.

13.    On February 6, 2007, the Appellate Division, Second Department became the first appellate court in New York to squarely decide the question of whether a defendant's federal constitutional due process rights are violated by the imposition of post-release supervision that is neither pronounced by the judge at sentencing, nor recorded on the sentencing commitment sheet. See People v. Rakim Smith, 2007 WL 415079 (2d Dept. 2/6/07). The defendant in Rakim Smith argued on direct appeal that the period of post-release supervision added by DOCS was a legal nullity under Earley v. Murray. Citing Earley and Wampler, the Second Department agreed wholeheartedly. To hammer home the point, the court dismissed the appeal. Since the defendant could only challenge on appeal the sentence actually imposed, the defendant, according to the Second Department, had nothing to appeal from because post-release supervision was never part of that sentence. See also, People v. Jeffrey Noble, 2007 WL 465904 (2d Dept. 2/13/04) (in affirming order denying CPL 440.20 motion to vacate sentence, Second Department reiterates that, pursuant to Earley and Wampler, defendant's sentence "never included, and does not now include, any period of post-release supervision," and also makes clear that defendant could not even bring a 440.10 claim for plea withdrawal pursuant to People v. Catu, 4 N.Y.3d 242 (2005) because defendant got exactly what the court promised, a sentence that did not include post-release supervision.)

14.    Nothing in the three post-Earley decisions from the First Department is inconsistent with Rakim Smith. In People v. Sparber, 34 A.D.3d 265 (1st Dept. Nov. 9, 2006) and People v. Lingle, 34 A.D.3d 287 (1st Dept. Nov. 14, 2006), the First Department drew a line separating the facts encountered by the Second Circuit in Earley from those raised by defendants Sparber and Lingle. That line was the sentencing commitment sheet. If the court clerk recorded post-release

supervision on the commitment sheet, the judge's failure to orally pronounce PRS at the sentencing proceeding was not a constitutional violation because the right to have the sentence "entered upon the records of the court" was satisfied. Rakim Smith draws precisely the same line as Sparber and Lingle, finding a violation of due process only where the sentencing judge fails to orally pronounce PRS and the court clerk fails to record PRS on the sentencing commitment sheet.

15.    And, People v. Anthony Hill, 2007 WL 232496 (1ˢᵗ Dept. 1/30/07), is equally consistent with Rakim Smith. In Hill, the First Department drew another line, between those who are sentenced as first-time felony offenders and those who are not. The court found that due process is violated by the administrative imposition of post-release supervision on first-time offenders, but reached no conclusions as to predicate offenders.

16.    The bottom line is that Rakim Smith is the only appellate decision in New York State to be presented with, consider and squarely decide the question of whether administrative imposition of post-release supervision violates federal due process. See Wellbilt Equipment Corp. v. Fireman, 275 A.D.2d 162, 168 (1ˢᵗ Dept. 2000) ("a case is precedent only as to those issues presented, considered and squarely decided."). As such, it is binding precedent on this Court and all other trial-level courts in New York. See People v. Turner, 5 N.Y.3d 476, 482 (2005); Mountain View Coach Lines v. Storms, 102 A.D.2d 663, 664-65 (2d Dept. 1984).

17.    Petitioner is in the exact same position as Rakim Smith and Sean Earley, with respect to the imposition of post-release supervision. As Your Honor can see, the sentencing commitment sheet, attached as Exhibit A hereto, does not mention post-release supervision. Thus, pursuant to Earley, Wampler and Rakim Smith, this Court should rule in petitioner's favor. Accordingly, the period of post-release supervision must be deemed a nullity, and the violation warrant must similarly all be vacated.

5

18. Upon information and belief, relator continues to be detained by respondent WARDEN solely on the basis of Parole Violation Warrant #469216.

19. A court or judge of the United States does not have exclusive jurisdiction to order relator's release.

20. No appeal has been taken of any order by virtue of which relator is detained.

21. No prior application for the relief sought herein has been made.

WHEREFORE, it is respectfully prayed that this Court: issue a writ of habeas corpus, directed to the respondents, for the purpose of inquiring into the legality of relator's continued detention and for the purposes of vacating with prejudice the parole violation warrant lodged against relator, vacating the five-year period of post-release supervision and, unless relator is found to be presently incarcerated on the basis of some other warrant or commitment not predicated upon alleged violations of parole, then for the purpose of directing relator's release from the custody of the respondent WARDEN: and granting relator such other and further relief to which may be just and proper.

Dated: New York, New York
      February 21, 2007

                        DAVID L. MOORE III, ESQ.
                        THE LEGAL AID SOCIETY
                        Parole Revocation Defense Unit
                        199 Water Street
                        New York, New York 10038
                        Telephone No. (212) 577-3457

                        Attorney for Petitioner

<u>VERIFICATION</u>

DAVID L. MOORE III, an attorney duly admitted to practice before the courts of this state, does hereby affirm under penalty of perjury that the following statements are true:

1. I am of counsel to STEVEN BANKS, Esq., The Legal Aid Society, Parole Revocation Defense Unit, the attorney of record herein.

2. I have read the foregoing verified amended petition and know its contents.

3. The contents of the foregoing verified amended petition are true to my knowledge, except as to matters alleged to be upon information and belief, and as to those matters, I believe them to be true.

4. The sources of the aforesaid information and beliefs are conversations had with the petitioner and documents prepared by the New York State Division of Parole.

5. I make this verification on petitioner's behalf because he is presently incarcerated outside the county in which my office is located.

Dated: New York, New York
       February 21, 2006

_____
DAVID L. MOORE III
The Legal Aid Society of NY

# EXHIBIT L

JAN-03-2008   14:18           CAB
DEC-21-2007   13:00                                              212 577 3523      P.02

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: DAMON JOYNER

                    Petitioner,

       --against--                    Index No. 75045/07

NEW YORK STATE DIVISION OF PAROLE,

                    Respondents.
-------------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: SHAWN SMITH

                    Petitioner,

       --against--              ·Index No. 75043/07

NEW YORK STATE DIVISION OF PAROLE,

                    Respondents.
-------------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: WILLIAM RAMOS,

                    Petitioner,

       --against--              Index No. 75055/07

NEW YORK STATE DIVISION OF PAROLE,

                    Respondents.
-------------------------------------------------------------x
RALPH FABRIZIO, J.

    By decision rendered on May 8, 2007, this Court dismissed each of the defendants'

JAN-03-2008  14:18        CAB
DEC-21-2007  13:08                                                212 577 3523    P.03

petitions for habeas corpus release. The defendants now move for renewal of their application seeking release from custody pursuant to writs of habeas corpus. The motion to renew is granted.

The petitioners in the instant cases are seeking to be released from custody after having been incarcerated due to alleged violations relating to post-release supervision. In each of these cases, neither the plea minutes, sentencing minutes nor the order of commitment mentioned a period of post-release supervision. The Department of Correctional Services, however, added a period of post-release supervision to each of the petitioners' sentences. The petitioners argue that this action by the Department of Correctional Services is illegal, because the sentences actually imposed by the courts never included a period of post-release supervision.

This Court relied upon People ex. rel. Garner v. Warden, Riker's Island Correctional Facility, 40 A.D.3d 243 (1st Dept. 2007) in rendering its decision on May 8, 2007. Garner, however, was decided on grounds of res judicata, and therefore, the claims of the petitioners were never heard on the merits.

The recent case of People v. Figueroa, 2007 WL 3287505 (1st Dept.), decided on November 8, 2007, does address, on the merits, the same arguments raised by the petitioners, and the case is binding on this Court. Accordingly, based on the holding in Figueroa, the Court is constrained to grant the petitioners' applications for writs of habeas corpus. The petition is granted and the writ is sustained.

This opinion shall constitute the decision and order of the Court.

Dated: Bronx, New York
       December 21, 2007

                                        Ralph Fabrizio, A.J.S.C.

2

# EXHIBIT M

STATE OF NEW YORK
**DEPARTMENT OF CORRECTIONAL SERVICES**
QUEENSBORO CORRECTIONAL FACILITY

# CERTIFICATE OF DISCHARGE

This is to certify that **Shawn Smith**, DIN 00r4637 was discharged

from this institution this day, **December 24, 2007**, by final

expiration of sentence.

_Dennis Crowley_
Superintendent