UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WESLEY GABRIEL and SHAWN SMITH, individually
and on behalf of all others similarly situated,

                                       Plaintiffs,                  08 Civ. 2460 (SHS)

       – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                                    Defendants.
-----------------------------------------------------------------------x

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

**EMERY CELLI BRINCKERHOFF & ABADY LLP**
**75 Rockefeller Plaza, 20th Floor**
**New York, New York 10019**

**LAW OFFICES OF JOSHUA L. DRATEL, P.C.**
**2 Wall Street, 3rd Floor**
**New York, New York 10005**

***Attorneys for Plaintiffs***

## TABLE OF CONTENTS

**PAGE NO(s)**:

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     *Garner* And *Sparber* Do Not Effect The Merits Of
          Plaintiffs' Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    Defendants' Cynical State Court Action Does Not Alter
          The Abstention Calculus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.   The Relief Plaintiffs Seek . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Plaintiffs submit this supplemental memorandum of law in further support of their motion for a preliminary order pursuant to Fed. R. Civ. P. 65, and in accordance with this Court's Order dated June 9, 2008.

## PROCEDURAL BACKGROUND

This case was filed on March 11, 2008. Two days later, by order to show cause, plaintiffs sought an immediate temporary restraining order and preliminary injunction prohibiting defendants from continuing to enforce the terms and conditions of post release supervision ("PRS") against plaintiffs, and others similarly situated, because doing so violated the clear command of *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), and *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006).

This Court denied plaintiffs' request for a temporary restraining order and set a briefing schedule for plaintiffs' motion for a preliminary injunction. Pursuant to that schedule, defendants filed papers in opposition to plaintiffs' motion on April 11, 2008. Defendants argued that plaintiffs' motion should be denied: (A) because this Court should abstain under the doctrines announced in (i) *Younger v. Harris*, 401 U.S. 37 (1971), (ii) *Railroad Commission of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), and (iii) *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); and (B) because plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of qualified immunity. Defendants did not meaningfully contest the merits of plaintiffs' constitutional claims or the fact that the plaintiff class was suffering and continues to suffer harm that is irreparable. Plaintiffs filed reply papers on April 25, 2008.

On April 29, 2008, the New York State Court of Appeals issued two decisions addressing whether defendants' practice of administratively imposing a term of PRS, when the

-1-

sentencing court had not done so, violated state law.  *See Garner v. New York State Dep't of Correctional Svcs.*, 10 N.Y.3d 358 (2008); *People v. Sparber*, 10 N.Y.3d 457 (2008).  The Court of Appeals held that a sentence of PRS is unlawful unless it is imposed by a sentencing court. *Garner*, 10 N.Y.3d at 362-63 (prohibiting DOCS from administratively imposing PRS and noting that the administrative imposition of PRS is "in excess of DOCS's jurisdiction").

The parties appeared before the Court on May 9, 2008.  Defendants represented to the Court that they had been diligently evaluating the logistical hurdles to implementing *Garner*, but needed more time.  The Court urged the parties to confer concerning defendants' plans for implementing *Garner* and set a conference for May 30, 2008.  Thereafter, counsel for the parties met on May 23 to discuss defendants' plan for implementing *Garner*.  In good faith, counsel for plaintiffs agreed to adjourn the May 30 conference so that the parties could engage in further discussions.  Accordingly, the conference was adjourned to June 9, 2008.  Counsel for the parties met again on May 30, 2008 and continued to discuss defendants' plans for implementing *Garner*. As was later revealed, defendants' counsel's meetings with plaintiffs were a charade.  Defendants never intended to implement *Garner*.  Instead, defendants stalled and poured their resources into preparing a cynical state court action designed to preempt this case and the relief plaintiffs have been seeking before this Court since March 13, 2008.

Five days after our last meeting, defendants notified plaintiffs' counsel by facsimile transmission that they had filed an action in New York State Supreme Court, Albany County, against four individual members of the putative class in this case.  Defendants' bad faith attempt to preempt this case seeks a judgment declaring that defendants may lawfully continue to impose PRS, notwithstanding *Garner*, *Earley* or *Wampler* (the "State Court Action"). Defendants' State Court Action also seeks certification of a defendant class comprised of

-2-

substantially the same members as the putative plaintiff class in this case. Within thirty minutes of plaintiffs' counsel receiving notice of the action, defendants presented an order to show cause to an Albany County Supreme Court Justice seeking an immediate order legalizing their "plan" to continue to impose PRS, to continue to pursue arrest warrants for violations of PRS, and to continue to incarcerate persons based solely on violations of unlawfully imposed PRS. The state court refused to grant the temporary restraining order as defendants had failed to provide sufficient notice. Two days later, defendants submitted the same order to show cause to a different state court judge. The state court denied defendants' request for a temporary restraining order.

The next business day, June 9, 2008, the parties appeared before this Court. This Court ordered additional briefing to address (1) the effect of the Court of Appeals decisions in *Garner* and *Sparber* and (2) whether abstention might now be warranted given that defendants had filed the State Court Action.

## <u>ARGUMENT</u>

### I.     *Garner* **And** *Sparber* **Do Not Effect The Merits Of Plaintiffs' Claims**

The rulings by the New York State Court of Appeals in *Garner* and *Sparber* do not effect this class action for injunctive relief and damages based on clear cut violations of plaintiffs' constitutional right to due process of law pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiffs' constitutional right to be free from administratively imposed criminal sanctions has been clearly established for over 70 years. *See Wampler*, 298 U.S. at 465-67; *Earley v. Murray*, 451 F.3d at 74-77. Section 1983 provides a mechanism for vindicating plaintiffs' federal constitutional rights. *Garner* and *Sparber* do not matter because neither case addressed the question of whether the imposition of administratively imposed PRS violates the

-3-

federal constitution.  That question was conclusively answered by the Supreme Court of the United States in *Wampler* and by the Court of Appeals for the Second Circuit in *Earley*. Accordingly, *Garner* and *Sparber* have no bearing on this case.

## II.    Defendants' Cynical State Court Action Does Not Alter The Abstention Calculus

Defendants' bad faith attempt to circumvent this Court does not change the abstention analysis set forth in plaintiffs' reply brief.  If anything, defendants arguments for abstention are now borderline frivolous.

Plaintiffs will not repeat the arguments already presented to the Court in their reply brief.  That said, three points bear emphasis now that defendants have manufactured a new state court action that they will rely upon as a basis for urging this Court to abstain.

First, the overwhelming presumption against abstention remains.  This Court has "a strict duty to exercise the jurisdiction that is conferred upon [it] by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also, e.g., England v. La. Bd. of Med. Examiners*, 375 U.S. 411, 415 (1964) ("'When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction'") (quotation omitted); *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given"). "Abstention rarely should be invoked, because the federal courts have a virtually unflagging . . . obligation to exercise the jurisdiction given them."  *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Williams v. Lambert*, 46 F.3d 1275, 1281 (2d Cir. 1995) (abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy

-4-

properly before it" and "[a]bdication of the obligation to decide cases can be justified . . . only in . . . exceptional circumstances").

Second, and as before, *Younger* abstention has no application here, but for an additional reason unique to the State Court Action. The *Younger* doctrine only applies when the state court proceedings at issue are *ongoing* at the time the federal action is commenced or before any proceedings of substance on the merits occur in the federal court action. *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (*Younger* applies "only when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in federal court'") (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). Here, defendants filed the State Court Action three months *after* this case was commenced and plaintiffs' motion was filed. The timing alone dooms any *Younger* argument. Moreover, a court should not abstain under *Younger* where a proceeding has been brought in bad faith. *Cullen v. Fliegner*, 18 F.3d 96, 103-04 (2d. Cir. 1994). Defendants' bad faith is as palpable as it is undeniable. It should not be countenanced.

Third, although abstention under *Colorado River* remains untenable for all the reasons set forth in plaintiffs' reply brief – *e.g*, the cases are not concurrent and the presence of federal constitutional claims serves as a near absolute bar to abstention on this ground – the circumstances raised by the State Court Action present yet another ground. Even assuming defendants could meet their burden to demonstrate "exceptional circumstances" and thus application of the six factor test (they cannot), defendants now lose on all six factors. *See Village of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (setting forth six factors). As the Court may recall, the one factor (of six) that militated towards abstention before, no longer does. The sixth factor is whether the allegedly concurrent state court action was commenced

before this action was filed.  Here, defendants' State Court Action was filed three months after

plaintiffs commenced this case.

Defendants' arguments for abstention are frivolous.  They should be rejected.

## III.     The Relief Plaintiffs Seek

Plaintiffs' motion pursuant to Fed. R. Civ. P. 65, filed on March 13, 2008, sought

a preliminary order enjoining defendants Brian Fisher and Anthony J. Annucci to:

> (A) vacate, withdraw and/or nullify (i) all terms and conditions of
> PRS imposed upon persons whose judicially imposed determinate
> sentence(s) did not include a term of PRS, but whom nevertheless
> have been, or will be, subjected to PRS after the maximum
> expiration date of their determinate sentence(s), and (ii) all
> outstanding arrest warrants predicated upon alleged violations of
> the terms or conditions of PRS by persons whose judicially
> imposed determinate sentence(s) did not include a term of PRS,
> and whose maximum determinate sentence(s) date has expired; and
>
> (B) release from custody of all persons whose judicially imposed
> determinate sentence(s) did not include a term of PRS, but who
> nevertheless are being detained after the maximum expiration date
> of their determinate sentence(s) for allegedly violating the terms
> and conditions of PRS.

Plaintiffs have decided to withdraw their second request seeking the release from custody of

persons incarcerated for PRS violations.  Accordingly, as modified, plaintiffs' motion is now

limited to a request for an order vacating all ongoing PRS and any outstanding arrest warrants

predicated solely upon alleged violations of PRS.

Moreover, in furtherance of plaintiffs' motion for a class-wide preliminary

injunction, and consistent with defendants' newfound position that a class action is appropriate,

plaintiffs will file a motion, within the next two days, seeking an order certifying this case as a

class action pursuant to Fed. R. Civ. P. 23(b)(2).

-6-

## **CONCLUSION**

For the foregoing reasons, plaintiffs motion should be granted.


Dated:  June 23, 2008
        New York, New York



                         EMERY  CELLI  BRINCKERHOFF
                              & ABADY LLP


                         By: _____/s/_____
                              Matthew D. Brinckerhoff (MB-3552)
                              Elora Mukherjee (EM-0921)

                         75 Rockefeller Plaza, 20th Floor
                         New York, NY 10019
                         (212) 763-5000


                         LAW OFFICES OF JOSHUA L. DRATEL, P.C.

                         By:  Aaron Mysliwiec (AM-6258)

                         2 Wall Street, 3rd Floor
                         New York, NY 10005
                         (212) 792-5132

                         *Attorneys for Plaintiffs*