UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WESLEY GABRIEL and SHAWN SMITH, individually
and on behalf of all others similarly situated,

                                                            08 Civ. 2460 (SHS)

                           Plaintiffs,

      – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                           Defendants.
------------------------------------------------------------------x

## DECLARATION OF LAWRENCE HARDY

      LAWRENCE HARDY, being duly sworn under penalty of perjury, declares that the following is true and correct:

      1.      I make this declaration in support of the plaintiffs' motion for preliminary injunction in this action, which challenges the State Department of Correctional Services' policy of administratively imposing post-release supervision ("PRS") on individuals who have never been sentenced to PRS ("DOCS Policy").

      2.      I am a twenty-six year old citizen of the United States.

      3.      On October 2, 2002, I was sentenced to four years in prison.

      4.      The court did not impose a period of PRS as part of the sentence.

      5.      No mention of PRS appears on my sentencing commitment sheet.

6. Nevertheless, DOCS administratively imposed a five-year period of PRS on me.

7. Due to credit for time already served while awaiting trial and pursuant to the N.Y. Corrections Law, my release date was February 10, 2006.

8. On February 10, 2006, I was released to a five-year term of PRS.

9. I complied with all terms and conditions of PRS until September 9, 2006, when my maximum determinate sentence expired.

10. I continued to comply with all terms and conditions of PRS for several months after September 9, 2006.

11. In October 2007, I was arrested on an outstanding warrant for violations of PRS.

12. As a result, DOCS incarcerated me for six months, starting on or about October 15, 2007.

13. I was released on or about March 11, 2008.

14. I am currently subject to PRS.

15. The terms and conditions of PRS require me to report to a parole officer once every week, and remain within the five boroughs of New York City.

16. The restriction on my ability to leave New York City is injuring my physical and emotional well being.

17. During my incarceration on the alleged PRS violations from October 2007 to March 2008, I suffered from life threatening infections and was repeatedly denied medical care.

18. As a result of those infections and the denial of medical care, I have required, and will require, multiple surgeries.

19. Currently, I am so sick that I must stay at a nursing home in Queens County where I am given eight hours of antibiotic treatment each day.

20. I am emotionally isolated at this nursing home because no one in my family can visit me daily in Queens because they live elsewhere.

21. The best place for me to recover from these infections is in Stroudsburg, Pennsylvania, where my family and home are located.

22. My doctor recognizes that the best place for me to recover is at home with my family in Stroudsburg. *See* Physician's Letter, attached hereto as Ex. A.

23. In Stroudsburg, I will be able to recover at my mother's house and under her loving attention and care.

24. As a direct result of the unlawful imposition and enforcement of PRS on me pursuant to DOCS Policy, and the unlawful six-month imprisonment of me pursuant to DOCS Policy, I have suffered and continue to suffer loss of wages, psychological pain, suffering, and mental anguish.

25. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: June 4, 2008
      New York, New York

                                                      LAWRENCE HARDY

# Exhibit A

Case 1:08-cv-02460-SHS   Document 27   Filed 06/26/2008   Page 4 of 6

**NY Eye & Ear Infirmary**

Affiliated Teaching
Hospital of New York
Medical College

The New York Eye and Ear Infirmary
310 East 14th Street
New York, NY 10003-4297
Tel: 212 979 4000
TTY: 212 979 4358

To Whom It May Concern:

Lawrence Hardy has been hospitalized since 3/10/08 due to a severe infection requiring 2 surgery. He will need prolonged treatment + a clean environment in which to recover in after discharge on 3/28/08. Due to the patient's current housing and parole status, he will need to live at his mother's place and significant post operative care. Please take this into consideration. Pt will require 4-6 wks of post operative recovery time.

Dr. Vikas Mehta, M.D.
License # 245287

   



Affiliated Teaching  
Hospital of New York  
Medical College

The New York Eye and Ear Infirmary  
310 East 14th Street  
New York, NY 10003-4297  
Tel: 212 979 4000  
TTY: 212 979 4358

To Whom It May Concern:

    Mr. Lawrence Hardy was emergently admitted to the hospital on 4/16/08 for Acute Mastioditis. Upon his discharge from the New York Eye & Ear Infirmary he will require a total of 42 days of treatment for IV antibiotics which will place Mr. Hardy on bed rest. Upon his discharge he will be released to his mother's care or a Nursing Home Sub-Acute facility.

Sincerely,

*[signature]*

