UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others        08 Civ. 2460 (SHS)
similarly situated,

                               Plaintiffs,

    – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                               Defendants.
------------------------------------------------------------------------x

## DECLARATION OF RAMONE CROSS

RAMONE CROSS, being duly sworn under penalty of perjury, declares that the following is true and correct:

    1.    I make this declaration in support of plaintiffs' motion for preliminary injunction nullifying the detrimental effects of defendants' policy of administratively imposing post-release supervision ("PRS") on individuals who have never been sentenced to PRS ("DOCS Policy").

    2.    I am a thirty-seven year old citizen of the United States.

    3.    On May 24, 2002, after being incarcerated for approximately forty months awaiting trial, I plead guilty to attempted possession of a weapon and, as had been previously agreed upon, I was sentenced to a determinate term of "four years, plus one and a-half years of post-release supervision." *See* Ex. 1 at 6 (sentencing minutes, dated May 24, 2002).

4. In the months immediately preceding my sentencing, I appeared in court on at least two occasions where the judge, Justice Bonnie Wittner, urged me to accept a more onerous sentence than the one I ultimately agreed to.

5. The first sentence the judge offered in exchange for an agreement to plead guilty was for four years, plus a five year term of PRS. I refused.

6. About a month later, the judge offered a less onerous sentence. This time, she offered a sentence of four years, plus a three and one-half year term of PRS. I refused again.

7. About a month later, in May 2002, the judge offered the sentence of four years, plus a one and one-half year term of PRS. I agreed and ultimately was sentenced pursuant to that plea agreement. *See id.*

8. Thereafter, DOCS determined, based on my lengthy period of incarceration awaiting trial, that the maximum expiration date of my determinate sentence was February 20, 2003. I understand that DOCS also determined that I should be subjected to a five year term of PRS instead of the one and one-half year term actually imposed by the sentencing judge. *See id.*

9. Pursuant to the actual sentence imposed by the sentencing judge, my period of PRS should have expired no later than August 20, 2004.

10. Instead, I was subjected to PRS for a full five year period which expired on February 20, 2008.

11. In or about August 2007, I was arrested and charged with promoting prison contraband.

12. In or about August 2007, I plead guilty to disorderly conduct and was sentenced to 15 days in jail.

13. On or about August or September, 2007, after serving the 15 days, I was released.

14. Thereafter, I received a phone call from my parole officer indicating that the Division of Parole had been informed of my arrest which constituted a violation of the terms and conditions of my illegally imposed PRS.

15. I have been informed by mother, who I was living with prior to my arrest in or about August 2007, that parole officers have appeared at her home looking for me on at least two occasions.

16. As a direct result of the unlawful imposition and enforcement of PRS on me pursuant to DOCS Policy, I currently live in fear of being arrested on the parole warrant. If I am arrested, I will be imprisoned for approximately six months.

17. As a direct result of the unlawful imposition and enforcement of PRS on me pursuant to DOCS Policy, I have suffered and continue to suffer loss of wages, psychological pain, suffering, and mental anguish.

18. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: June 23, 2008
     New York, New York

RAMONE CROSS