UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others
similarly situated,

08 Civ. 2460 (SHS)

Plaintiffs,

– against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

Defendants.

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## PURSUANT TO FED. R. CIV. P. 23(b)(2)

**EMERY CELLI BRINCKERHOFF & ABADY LLP**
**75 Rockefeller Plaza, 20th Floor**
**New York, New York 10019**

**LAW OFFICES OF JOSHUA L. DRATEL, P.C.**
**2 Wall Street, 3rd Floor**
**New York, New York 10005**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-v

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Plaintiff Lawrence Hardy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Plaintiff Ramone Cross . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

DOCS Seeks To Certify The Same Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      The Proposed Class Satisfies the Prerequisites of Rule 23(a) . . . . . . . . . . . . . . . 8

           A.      Numerosity – Rule 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

           B.      Common Questions of Law or Fact – Rule 23(a)(2) . . . . . . . . . . . . . . . 9

           C.      Typicality – Rule 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           D.      Adequacy of Representation – Rule 23(a)(4) . . . . . . . . . . . . . . . . . . . . . 12

    II.     This Suit Qualifies as a Class Action Under Rule 23(b)(2) . . . . . . . . . . . . . . . 13

    III.    The Scope of the Proposed Class is Appropriate and Ascertainable . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

<u>**CASES**</u>:                                                                        <u>**PAGE NO(s)**</u>:

*Alexander A. v. Novello,*
      210 F.R.D. 27 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 14

*Amchem Prods, Inc. v. Windsor,*
      521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

*Baby Neal for and by Kanter v. Casey,*
      43 F.3d 48 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,*
      222 F.3d 52 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Boyland v. Wing,*
      92 Civ. 1002, 2001 WL 761180 (E.D.N.Y. Apr. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . 9

*Caridad v. Metro-North Commuter R.R.,*
      191 F.3d 283 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Civic Ass'n of the Deaf of New York City, Inc. v. Giuliani,*
      915 F. Supp. 622 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Comer v. Cisneros,*
      37 F.3d 775 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Consolidated Rail Corp. v. Town of Hyde Park,*
      47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cutler v. Perales,*
      128 F.R.D. 39 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Daniels v. City of New York,*
      198 F.R.D. 409 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Dura-Bilt v. Chase Manhattan Corp.,*
      89 F.R.D., 87 (S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Earley v. Murray*
      451 F.3d 71 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Grubbs v. Safir,*
      No. 92 Civ. 2132, 1999 WL 20855 (S.D.N.Y. Jan. 15, 1999) . . . . . . . . . . . . . . . . . . . 15

*Henry v. Gross*,
    803 F.2d 757 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re "Agent Orange" Prod. Liab. Litig.*,
    818 F.2d 145 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Initial Public Offering Securities Litigation*,
    471 F.3d 24 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Philip Morris, Inc.*,
    214 F.3d 132 (2d Cir. 2000) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Visa Check/Mastermoney Antitrust Litig.*,
    280 F.3d 124, 142 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jane B. v. New York City Dep't of Soc. Services*,
    117 F.R.D. 64 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kuck v. Berkey Photo, Inc.*,
    81 F.R.D. 736 (S.D.N.Y. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lombard v. Marcera*,
    442 U.S. 915 (1979), *on remand*,
    91 F.R.D. 579 (W.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mailloux v. Arrow Financial Servs., LLC*,
    204 F.R.D. 38 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Marcera v. Chinlund*,
    595 F.2d 1231 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997), *aff'g* 929 F. Supp. 662 . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Morel v. Giuliani*,
    927 F. Supp. 622 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Navarro-Ayala v. Hernandez-Colon*,
    951 F.2d 1325 (1st Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nicholson v. Williams*,
    205 F.R.D. 92 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Port Auth. Police Benevolent Assn. v. Port Auth.*,
    698 F.2d 150 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Reynolds v. Giuliani*,
    118 F. Supp. 2d 352 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Robinson v. Metro-North Commuter R.R.*,
    267 F.3d 147 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sharif v. New York State Educ. Dept.*,
    127 F.R.D. 84 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Tonya K. v. Chicago Bd. of Educ.*,
    551 F. Supp. 1107 (N.D. Ill. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ventura v. New York City Health & Hosp. Corp.*,
    125 F.R.D. 595 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hill v. United States ex rel. Wampler*,
    298 U.S. 460 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **STATE CASES**:

*Garner v. New York State Dep't of Correctional Svcs.*
    10 N.Y.3d 358 (April 29, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**EDERAL STATUTES:**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**FEDERAL RULES**:

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**STATE RULES:**

CPLR 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**OTHER AUTHORITIES**:

7 Wright & Miller, Federal Practice & Procedure § 1768 (1972) . . . . . . . . . . . . . . . . . . . . . . . . 12

Newberg on Class Actions § 7.12 (3d ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Newberg § 3.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Newberg § 4:11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Plaintiffs Lawrence Hardy and Ramone Cross respectfully submit this memorandum of law in support of their motion to certify, pursuant to Fed. R. Civ. P. 23(b)(2), a class consisting of all persons sentenced to a determinate term of incarceration in the State of New York, whose judicially imposed sentence(s) did not include a term of post-release supervision ("PRS"), but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s).

## PRELIMINARY STATEMENT

In this case, plaintiffs challenge defendants' long standing, unabated, policy and practice of imposing PRS on persons by administrative fiat. On behalf of themselves and all others similarly situated, plaintiffs seek injunctive relief prohibiting defendants from continuing their unlawful practice and damages to compensate for the injuries cause by defendants' misconduct. In furtherance of plaintiffs' motion for a preliminary injunction, plaintiffs seek an order certifying this case as a class action under Fed. R. Civ. P. 23(b)(2) and designating plaintiffs Hardy and Cross as class representatives.[1]

The New York State Department of Correctional Services ("DOCS"), and the Division of Parole within DOCS, agree that class action treatment is appropriate in this case. Three weeks ago, DOCS filed a declaratory judgment action in state court against a putative defendant class. The putative defendant class in the state case is materially indistinguishable from the class whose rights plaintiffs have sought to vindicate in this action since March 11, 2008. In its state court complaint, DOCS concedes (by affirmatively alleging) numerosity,

---

[1] Plaintiffs Hardy and Cross, *and* Shawn Smith still seek class certification for damages purposes under Rule 23(b)(3), but have chosen to limit this motion to certification of an injunctive class under Rule 23(b)(2) to aid in securing immediate injunctive relief for themselves and others so that the irreparable harm caused by defendants' unconstitutional conduct can be addressed forthwith.

commonality, typicality – three of the four Rule 23(a) prerequisites.  The fourth Rule 23(a)

prerequisite – the adequacy of plaintiffs and their counsel – cannot be meaningfully disputed.  In

its pleading, DOCS also concedes that its actions in subjecting plaintiffs Hardy and Cross to PRS

and refusing to comply with the mandates of *Hill v. United States ex rel. Wampler*, 298 U.S. 460

(1936), and *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), are applicable to all members of the

putative class, thus making certification under Rule 23(b)(2) appropriate.

An injunctive class under Rule 23(b)(2) should be certified.  Plaintiffs Hardy and

Cross, and others like them, should be immediately freed from the unconstitutional constraints on

their liberty imposed by defendants.

## FACTS

### Plaintiff Lawrence Hardy

Plaintiff Lawrence Hardy is twenty-six years old.  On October 2, 2002, he was

sentenced to a determinate term of four years in prison.  The court did not impose a period of

PRS as part of the sentence.  Consistent with the sentence actually imposed by the sentencing

judge, the sentencing commitment sheet contains no mention of PRS.  (Declaration of Lawrence

Hardy, dated June 4, 2008 ("Hardy Decl.") ¶¶ 2-5).

Mr. Hardy was released from prison on February 10, 2006.  Notwithstanding the

fact that Mr. Hardy was never sentenced to PRS, DOCS administratively imposed a five-year

sentence of PRS when Mr. Hardy was released.  The maximum expiration date of Mr. Hardy's

determinate sentence was September 9, 2006.  (*Id.* ¶¶ 6-9).

On or before October 2007, DOCS issued a warrant for Mr. Hardy's arrest based

on allegations that he had violated the terms and conditions of his PRS.  On or about October 15,

2007, Mr. Hardy was arrested pursuant to the warrant.  Mr. Hardy was incarcerated until on or

about March 11, 2008.  DOCS' unlawful imposition of PRS after the September 9, 2006

expiration of Mr. Hardy's maximum determinate sentence, thus resulted in Mr. Hardy's unlawful arrest and incarceration for approximately five months. (*Id.* ¶¶ 11-13).

To this day, DOCS continues to unlawfully subject Mr. Hardy to PRS. The terms and conditions of PRS mandate that Mr. Hardy report to a parole officer once every week, and remain within the five boroughs of New York City. As a result of his confinement within the bounds of New York City, Mr. Hardy has suffered and continues to suffer. (*Id.* ¶¶ 15-16).

While incarcerated illegally from October 2007 to March 2008, Mr. Hardy developed an infection that became life threatening due to abysmal medical care. As a result of his infections, Mr. Hardy has required, and will require, multiple surgeries. Because Mr. Hardy requires near constant medical attention, he currently resides at a nursing home in Queens where he receives eight hours of intravenous antibiotic treatment each day. (*Id.* ¶¶ 17-19).

Forced to live in New York City, Mr. Hardy is physically and emotionally isolated from his family in Pennsylvania. Were it not for the restrictions imposed by PRS, he would have long ago relocated to his mother's home in Stroudsburg, Pennsylvania, where he could recover under her care. (*Id.* ¶¶ 20-23).

### *Plaintiff Ramone Cross*

Plaintiff Ramone Cross is thirty-seven years old. On May 24, 2002, after being incarcerated for approximately forty months awaiting trial, Mr. Cross pleaded guilty to attempted possession of a weapon and, consistent with his plea agreement, was sentenced to a determinate term of "four years, plus one and a-half years of post-release supervision." (Declaration of Ramone Cross, dated June 23, 2008 ("Cross Decl.") ¶¶ 2-3).

In the months before Mr. Cross's sentencing, he appeared in court on at least two occasions where the judge urged him to accept a more onerous term of PRS than the one he ultimately agreed to. First, the judge offered to sentence Mr. Cross to four years, plus a five year

term of PRS in exchange for a plea of guilty. He refused. About a month later, the judge offered a sentence of four years, plus a three and one-half year term of PRS. Mr. Cross refused again. About a month later, in May 2002, the judge offered a sentence of four years, plus a one and one-half year term of PRS. Mr. Cross agreed and was sentenced accordingly. (*Id.* ¶¶ 4-7).

Thereafter, DOCS determined, based on the lengthy period of pre-trial incarceration served by Mr. Cross, that the maximum expiration date of his four year determinate sentence was February 20, 2003. Pursuant to the actual sentence imposed by the sentencing judge, Mr. Cross's period of PRS expired on August 20, 2004. In derogation of the actual sentence, DOCS administratively added an additional three and one-half years of PRS to Mr. Cross's sentence. The illegal, five year period of PRS expired on February 20, 2008. (*Id.* ¶¶ 8-10).

Unfortunately for Mr. Cross, however, on or about August 2007, while he was illegally subjected to PRS, he was arrested and charged with promoting prison contraband while attempting to visit an inmate at Riker's Island. Mr. Cross pleaded guilty to the charge and was sentenced to 15 days, which he then served. (*Id.* ¶¶ 11-13).

After Mr. Cross was released, he received a phone call from his parole officer who told him that he knew about the arrest which was a violation of the terms and conditions of Mr. Cross's PRS. Since then, parole officers have appeared at the home where Mr. Cross lived with his mother prior to his arrest in August 2007 seeking to arrest Mr. Cross. As a direct result of defendants' unlawful imposition of PRS, and the unlawful arrest warrant issued for violating PRS, Mr. Cross is currently subject to immediate arrest and incarceration. (*Id.* ¶¶ 14-16).

### *DOCS' Seeks To Certify The Same Class*

Among other things, plaintiffs Hardy and Cross seek injunctive relief against defendants Brian Fischer, and Anthony J. Annucci, acting respectively in their official capacities

as Commissioner and Executive Deputy Commissioner of DOCS.  On June 4, 2008, in a bad-faith attempt to circumvent this Court, DOCS filed a declaratory judgment action in state court against four members of the putative plaintiff class in this action.  (*See* Complaint for Declaratory Judgment ("DOCS State Complaint") (attached as Ex. 1 to the Declaration of Matthew D. Brinckerhoff dated June 25, 2008 ("Brinck. Decl."))).

In its complaint, DOCS seeks declaratory relief against a "proposed defendant class" that involves "every potentially illegally sentenced defendant . . . where it appears that mandatory PRS may not have been pronounced."  (Brinck. Decl. Ex. 1, ¶ 2).  According to DOCS, the "defendant class includes thousands of inmates and parolees who are subject to terms of PRS that were not correctly imposed by the sentencing courts."  (*Id.* ¶ 26).  DOCS contends that a declaratory judgment allowing it to continue to impose PRS, notwithstanding *Wampler*, *Earley*, or even *Garner v. New York State Dep't of Correctional Svcs.*, 10 N.Y.3d 358 (2008), offers the thousands of putative defendant class members "an effective remedy that is a streamlined, more efficient and more expeditious resolution than piecemeal civil litigation."[2]  (*Id.* ¶ 43).  DOCS asserts that its proposed defendant class meets the requirements of CPLR 901, (*id.* ¶ 50), which sets forth the same prerequisites as Fed. R. Civ. P. 23(a) *and more*.  *Compare* CPLR 901 (requiring numerosity, commonality, typicality, adequacy *and* predominance *and* superiority), *with* Fed. R. Civ. P. 23(a) (limited to numerosity, commonality, typicality and adequacy), *and* Fed. R. Civ. P. 23(b)(3) (predominance and superiority requirements apply *only* to class actions seeking damages).

As pertinent to this motion and plaintiffs' corresponding motion for a preliminary injunction, DOCS seeks to certify a class of persons who are not incarcerated, but under parole

---

[2]  DOCS conveniently omits any mention of the pendency of this class action.

supervision and subject to PRS past the "maximum expiration date of the class member's determinate sentence." (Brinck. Decl. Ex. 1, ¶ 58). DOCS' proposed class is indistinguishable from the class plaintiffs Hardy and Cross seek to certify in this action. DOCS correctly contends that the number of individuals in its proposed defendant class are "so numerous that joinder of all members is impracticable," (*id.* ¶ 59), that "questions of law and fact . . . predominate over any questions affecting" individuals, (*id.* ¶ 61), and that "a class action is superior to other available methods for the fair and efficient adjudication of this action," (*id.* ¶ 62).

Although defendants could not have seriously resisted the propriety of class certification under Rule 23(b)(2) in any event, DOCS State Complaint resoundingly slams the door on any opposition they may mount to plaintiffs' motion here.

## ARGUMENT

Class certification is appropriate where plaintiffs establish that the prerequisites of Rule 23(a) are satisfied and that a class action may be maintained under one of the subsections of Rule 23(b). Rule 23(a) permits class certification if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Plaintiffs may seek class relief where defendants have "acted or refused to act on grounds that apply generally to the class" so that injunctive or declaratory relief is appropriate "respecting the class as a whole." Rule 23(b)(2).

Rule 23(c)(1) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Most class determinations are made early in the proceedings. *See* 2 Herbert

Newberg & Alba Conte, *Newberg on Class Actions* § 7.12 (3d ed. 1992) ("*Newberg*").

Certifying a class at an early practicable time under Rule 23 is not a "minor formality" but is

necessary to identify the plaintiffs, define the boundaries of the legal claims, and make provisions

to protect absent class members. *See Henry* v. *Gross*, 803 F.2d 757, 769 (2d Cir. 1986) (failure

to identify the issues and certify the class early creates confusion.); *In re Philip Morris, Inc.*, 214

F.3d 132 (2d Cir. 2000) (*per curiam*) (district court does not have "unfettered discretion" to delay

decision on class certification; usually decision will be made somewhere between end of

pleadings and end of discovery (depending on facts of individual cases), but only rarely should

decision be delayed until after hearing on merits); *see also Navarro-Ayala v. Hernandez-Colon*,

951 F.2d 1325, 1334 (1st Cir. 1991) (citations omitted) (district court's failure to determine

explicitly and as soon as practicable whether the action could be maintained as a class action was

an "egregious omission").

   Rule 23 is traditionally given liberal construction. *See Marisol A.* v. *Giuliani*,

126 F.3d 372, 377 (2d Cir. 1997). In considering whether to certify a class, the district court

should not assess any aspect of the merits unrelated to a Rule 23 requirement. *In re Initial Public*

*Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006). Errors concerning class

certification are to be made "in favor and not against the maintenance of a class action." *Sharif*

v. *New York State Educ. Dept.*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989) (citations omitted). The

decision whether to certify a class is committed to the discretion of the district court, but the

Second Circuit is "noticeably less deferential to the district court when that court has denied class

status than when it has certified a class." *Caridad* v. *Metro-North Commuter R.R.*, 191 F.3d 283,

291 (2d Cir. 1999) (quotation omitted).

This 23(b)(2) class action should be certified because there are thousands of individuals who are suffering from DOCS' decision to violate clearly established federal constitutional law. The class satisfies every prerequisite of Rule 23(a). Indeed, DOCS has conceded as much in the state complaint that it filed in an attempt to circumvent plaintiffs' claims in this case. DOCS continues to violate the rights of putative class members, such that injunctive relief is required to address their illegal conduct.

The events of the past weeks and months have clarified any perceived ambiguity in defendants' intentions. Defendants will not stop violating plaintiffs' constitutional rights unless ordered to do so by this Court. Injunctive relief is thus appropriate for class of persons adversely effected by defendants' misconduct. A class should be certified.

## I.    The Proposed Class Satisfies the Prerequisites of Rule 23(a)

### A.    Numerosity – Rule 23(a)(1)

The essential requirement for any class action is that the proposed class be so large that joinder of all individual class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). Numerosity can be presumed at a level of 40 members. *Consolidated Rail Corp.* v. *Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (citing *Newberg* § 3.05) (1985 ed.).

The proposed plaintiff class in this case consists of all persons sentenced to a determinate term of incarceration in the State of New York, whose judicially imposed sentence(s) did not include a term of post-release supervision ("PRS"), but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s). As Defendants' counsel, stated May 9, 2008, there are "hundreds if not thousands of inmates and defendants who were incorrectly sentenced in the last ten years." (May 9, 2008 Tr. ("Tr.") at 18, lines 6-8). Numerosity is thus readily satisfied.

**B.      Common Questions of Law or Fact – Rule 23(a)(2)**

Plaintiffs Hardy and Cross seek to end defendants' willful disregard for the law and outright contempt for the thousands of class members whose constitutional rights they persist in violating.   Plaintiffs' action arises under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.   There is an assumption of commonality where plaintiffs seek certification of an injunctive class under Rule 23(b)(2) to redress violations of federal law.   *See, e.g., Nicholson* v. *Williams*, 205 F.R.D. 92, 98 (E.D.N.Y. 2001) (citing *Marisol A.*, 126 F.3d at 377 *aff'g* 929 F. Supp. 662, 690-91).   When plaintiffs are challenging a practice of defendants and not merely defendants' conduct with respect to the individual plaintiff, the commonality requirement of Rule 23(a) is readily met.   *See Port Auth. Police Benevolent Assn.* v. *Port Auth.*, 698 F.2d 150, 153 (2d Cir. 1983).

Rule 23(a)(2) does not require that all questions of law or fact be common to the class, but only that the named plaintiffs share at least one question of law or fact with the rest of the putative class.   *See Marisol A.*, 126 F.3d at 377; *Daniels v. City of New York*, 198 F.R.D. 409, 417 (S.D.N.Y. 2001) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166-67 (2d Cir. 1987)); *Sharif* v. *N.Y.S. Educ. Dep't*, 127 F.R.D. at 87; *Boyland v. Wing*, 92 Civ. 1002, 2001 WL 761180 (E.D.N.Y. Apr. 6, 2001), at *8 ("Even 'a single common question has been sufficient to satisfy the commonality requirement.'") (citation omitted).   Factual differences among the claims of class members do not preclude a finding of commonality.   *See, e.g., Daniels*, 198 F.R.D. at 417; *Civic Ass'n of the Deaf of New York City, Inc.* v. *Giuliani*, 915 F. Supp. 622, 633 (S.D.N.Y. 1996); *Tonya K. v. Chicago Bd. of Educ.*, 551 F. Supp. 1107, 1111 (N.D. Ill. 1982).   This is particularly true where plaintiffs challenge a common policy or practice. *See e.g., Daniels*, 198 F.R.D. at 417-18 (recognizing that while "individual circumstances of

class members may differ," the commonality requirement is satisfied where injuries "allegedly resulted from the same unconstitutional practice or policy").

The questions of law and fact presented by plaintiffs Hardy and Cross are common to the absent class members they seek to represent. Among others, the questions of law and fact common to the Class are: (1) whether Defendants enforced or failed to prevent the enforcement of the PRS Policy; (2) whether DOCS' PRS Policy violates due process; and (3) the nature of injunctive relief necessary to ameliorate the effects of the PRS Policy and protect the class from future harm. The questions of law presented by this case "do not depend on the plaintiff-variable but on the defendants, who are a constant." *Comer v. Cisneros*, 37 F.3d 775, 797 (2d Cir. 1994).

Finally, DOCS asserts in its state complaint that "questions of law and fact common to [the subclass] predominate over any questions affecting only individual subclass [] members." (Brinck. Decl. Ex. 1, ¶ 61. Ex. 1). DOCS is right.

## C.    Typicality – Rule 23(a)(3)

The claims of the class representatives must be "typical" of those of the class. *See Amchem Prods, Inc.* v. *Windsor*, 521 U.S. 591, 607 n.11 (1997) (quoting Rule 23(a)). A proposed class representative's claims are typical when they arise from the same general "course of events" as those of the class and rely on "similar legal arguments." *Robinson* v. *Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). When the same course of conduct affects both the named plaintiffs and the putative class, the typicality requirement is met even though the fact patterns underlying the individual claims may vary. *See, e.g., Marisol A.*, 126 F.3d at 377; *Robidoux* v. *Celani*, 987 F.2d 931, 936 (2d Cir. 1993); *Alexander*, 210 F.R.D. at 33. For instance, the Second Circuit has found claims to be typical where the different types of

workplace discrimination experienced by the proposed class members and the putative class allegedly arose from the employer's discriminating "in the same general fashion" against all class members. *Robidoux*, 987 F.2d at 937.  Typicality is determined by the nature of the claims of the class representative and not by the specific facts from which they arose. *See generally Newberg* § 3.15.

The proposed class representatives allege that they have been and continue to be subject to the same violations as those suffered by the class.  Plaintiff Hardy has been released from prison after serving many months on a violation of illegally imposed PRS.  He continues to suffer from illegally imposed PRS to this day, however, because he is required to continue living under its restrictions.  He is representative of those class members who continue to have PRS imposed upon them after the maximum expiration date of their determinate sentence(s) even though they were not sentenced to PRS by a court.   Plaintiff Cross has completed his maximum determinate sentence, yet DOCS has issued an arrest warrant for him because he allegedly violated PRS that was illegally imposed.  He is representative of those class members who are wanted on arrest warrants based on alleged violations of PRS where these members were not sentenced to PRS by a court.

"[V]iewed in the most practical way, typicality is present when all members of the putative class would benefit by the success of the named plaintiff." *Cutler* v. *Perales*, 128 F.R.D. 39, 45 (S.D.N.Y. 1989) (citation omitted).  Where the claims of the proposed class representatives arise from the same course of conduct and are based on the same legal theory as those of the putative class, "by advancing their own interests, [named] plaintiffs will advance the interests of the class." *Ventura* v. *New York City Health & Hosp. Corp.*, 125 F.R.D. 595, 600 (S.D.N.Y. 1989) (quoting *Dura-Bilt* v. *Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y.

1981)). The injunctive relief requested by the plaintiffs Hardy and Cross in this case will benefit

all absent class members by freeing them from the unconstitutional restraint on their liberty

caused by DOCS' illegal PRS sentence.

### ·D.    Adequacy of Representation – Rule 23(a)(4)

A class representative must "fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement serves to prevent

conflicts of interest between named parties and the class they seek to represent. *See Amchem*

*Products*, 521 U.S. at 625-26. "[A]dequacy of representation entails inquiry as to whether: 1)

plaintiff[s'] interests are antagonistic to the interest of other members of the class and 2)

plaintiff[s'] attorneys are qualified, experienced and able to conduct the litigation." *Baffa* v.

*Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000); *see also Ortiz* v.

*Fibreboard Corp.*, 527 U.S. 815, 856 n.31 (1999); *In re Visa Check/Mastermoney Antitrust*

*Litig.,* 280 F.3d 124, 142 (2d Cir. 2001); *Mailloux v. Arrow Financial Servs., LLC*, 204 F.R.D.

38, 42 (E.D.N.Y. 2001). Both requirements are met in this case.

There is no conflict of interest between the proposed class representatives and the

putative class members. "[O]nly a conflict that goes to the very subject matter of the litigation

will defeat a party's claim of representative status." *Kuck* v. *Berkey Photo, Inc.*, 81 F.R.D. 736,

740 (S.D.N.Y. 1979) (quoting 7 Wright & Miller, Federal Practice & Procedure § 1768, at 639

(1972)). There is no such conflict here, since plaintiffs seek injunctive and declaratory relief that

will benefit the entire class. *See, e.g., Marisol A.*, 126 F.3d at 378 ("broad based relief" seeking

to improve "all" services is in interests of all class members); *Reynolds* v. *Giuliani*, 118

F. Supp. 2d 352, 390 (S.D.N.Y. 2000). Turning to the second prong of Rule 23(a)(4), the

plaintiffs are represented by Emery Celli Brinckerhoff & Abady, LLP and the Law Offices of

Joshua L. Dratel, P.C., which are well qualified to litigate this case. *See* Brinckerhoff Decl. at ¶¶ 2-5. Plaintiffs' attorneys have decades of experience in class actions, civil rights and criminal law.

## II.      This Suit Qualifies as a Class Action Under Rule 23(b)(2)

Rule 23(b)(2) provides that class actions are appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Plaintiffs meet this requirement. A class should be certified under Rule 23(b)(2).

Rule 23(b)(2) was designed especially for civil rights cases such as this one, seeking declaratory or injunctive relief for a large class of persons. *See* Fed. R. Civ. P 23(b)(2), Advisory Committee Notes to 1966 Amendment; *Amchem Prods*, 521 U.S. at 614; *Newberg* § 4:11; *Alexander A. v. Novello*, 210 F.R.D. 27, 34 (E.D.N.Y. 2002) ("There is a long line of cases in the Second Circuit allowing class actions that seek to enjoin governmental actions") (collecting cases). This section is typically relied on where, as here, a plaintiff class is seeking systematic reform through injunctive relief. *See Marisol A.*, 126 F.3d at 378; *Nicholson v. Williams*, 205 F.R.D. 92, 99 (E.D.N.Y. 2001). Rule 23(b)(2) provides a basis for certifying a class in actions challenging a pattern and practice of constitutional violations by law enforcement officers. *See e.g.*, *Daniels*, 198 F.R.D. at 415 (racially-motivated police stop-and-frisk). Indeed, "(b)(2) classes have been certified in a legion of civil rights cases where commonality findings were based primarily on the fact that defendant's conduct is central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 57 (3rd Cir. 1994).

Here, Defendants have acted or failed to act in the same way as to all members of the proposed class. Defendants persist in illegally imposing PRS on individuals who were not sentenced to PRS by a judge. This policy violates clearly established federal constitutional law. Class treatment under Rule 23(b)(2) was intended precisely to reach cases where, as here, a "party opposing the class has acted or refused to act on grounds that apply generally to the class."

## III.    The Scope of the Proposed Class is Appropriate and Ascertainable

Plaintiffs seek certification of a class of all persons sentenced to a determinate term of incarceration in the State of New York, whose judicially imposed sentence(s) did not include a term of post-release supervision ("PRS"), but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s). The scope of the proposed class is discrete and appropriate. The pattern and practice of DOCS illegally imposing PRS upon such persons is persistent, widespread and longstanding. A class-wide remedy is necessary to make DOCS stop breaking the law.

Classes of similar (indeed, much greater) breadth, alleging violations of class members' rights, have repeatedly been certified in this circuit. *See, e.g.*, *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979) (directing certification of statewide class of county jail inmates), *vacated on other grounds sub nom. Lombard v. Marcera*, 442 U.S. 915 (1979), *on remand*, 91 F.R.D. 579 (W.D.N.Y. 1981) (certifying class); *Alexander*, 210 F.R.D. at 38 (certifying class of "[a]ll New York State children with psychiatric disabilities who have been or will be found by defendants to be appropriate for placement in a Residential Treatment Facility and who have not been or will not be provided with such placement with reasonable promptness."); *Reynolds v. Giuliani*, 118 F. Supp. 2d 352, 387 (S.D.N.Y. 2000) (certifying class of "[a]ll New York City residents who have sought, are seeking, or will seek to apply for food

stamps, Medicaid, and/or cash assistance"); *Grubbs v. Safir*, No. 92 Civ. 2132, 1999 WL 20855, at *1 (S.D.N.Y. Jan. 15, 1999) (discussing a certified class of all "who are, or will in the future be, detained by defendants in New York City . . . police precincts, central booking facilities, and criminal court buildings while awaiting their arraignments or appearances"); *Marisol A.*, 929 F. Supp. at 689 (certifying class of "[a]ll children who are or will be in the custody of the New York City Child Welfare Administration (CWA), and those children who, while not in the custody of CWA, are or will be at risk of neglect or abuse and whose status is known or should be known to CWA," to challenge city-wide practices); *Morel* v. *Giuliani,* 927 F. Supp. 622 (S.D.N.Y. 1995) (certifying class of all New York City residents who have had or will have their food stamp or other aid discontinued and who would be entitled to continuing aid); *Jane B.* v. *New York City Dep't of Soc. Services*, 117 F.R.D. 64 (S.D.N.Y. 1987) (certifying class of all current and future residents of two separate facilities for troubled adolescent girls challenging living conditions and use of force). Given these prior cases certifying even broader classes, the proposed class here is appropriate.

## CONCLUSION

The proposed class meets the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy of representation, and qualifies for certification under Rule 23(b)(2).  Plaintiffs respectfully request that the Court certify the proposed class as defined with plaintiffs Hardy and Cross as class representatives.

Dated: June 26, 2008
      New York, New York

EMERY CELLI BRINCKERHOFF
 & ABADY LLP

By: _____/s/_____
      Matthew D. Brinckerhoff (MB 3552)
      Elora Mukherjee (EM 0921)

75 Rockefeller Plaza, 20th Floor
New York, New York 10019

LAW OFFICES OF JOSHUA L. DRATEL, P.C.

By: _____/s/_____
      Aaron Mysliwiec (AM 6258)

2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*