

SENT - 10[illegible]

90 CHURCH STREET NEW YORK, N.Y. 10007 TEL: (212) 577-3300 FAX: (212) 577-7999 www.legal-aid.org

Daniel L. Greenberg
*Executive Director and Attorney-in-Chief*

*Criminal Defense Division*
Michele Maxian
*Attorney-in-Charge*

August 20, 1998

TO: All CDD Legal Staff

FROM: Susan Hendricks
Special Litigation Unit

RE: "Jenna's Law" & Other New Legislation

---

"Jenna's Law," which increases the sentences for violent felony offenders, was the most important piece of criminal legislation enacted during the recent legislative session. (The expanding complexity of New York's sentencing law as a result of this legislation, the 1995 Sentencing Reform Act and a host of sentencing enhancements and limitations is readily apparent by reviewing the enclosed sentencing chart, which together with its 76 footnotes, appeared in today's *New York Law Journal*.) The legislative session also expanded the scope of several existing penal statutes, and create a number of new crimes. The most significant of these Penal Law amendments include designation of criminal possession of a weapon on school grounds as a "J.O." offense for which children aged 14 or 15 can be prosecuted; expansion of the provisions in Penal Law Article 220 which penalize drug sales on school grounds to cover sales near day care centers and nursery schools; and creation of new crimes concerning endangering the welfare of a vulnerable elderly or physically disabled person. The Legislature also amended the Criminal Procedure Law to clarify a court's authority to place a defendant on interim probation between conviction and sentence, and to authorize a court to issue a final order of protection in favor of a prosecution witness. These and other changes are summarized in this memo. The full text of "Jenna's Law" is also provided, and follows this memorandum, along with the afore-mentioned sentencing chart.

## "JENNA'S LAW"

"Jenna's Law" has already been signed into law by Governor Pataki and will apply to sentences imposed on all defendants convicted of violent felonies committed on or after September 1, 1998. It establishes a system of determinate sentencing for first-offenders who receive prison terms for "violent" felonies, although it does preserve the present non-prison

alternatives for first offenders convicted of Class D and E violent felonies.[1] Like repeat offenders who are subjected to determinate sentences under the 1995 "Sentence Reform Act," first offenders sentenced under "Jenna's Law" will have to serve 6/7ths of their prison terms before being conditionally released. Significantly, although "Jenna's Law" has been popularly described as a bill which eliminates parole, in fact it creates a new period of "post-release supervision" that henceforth must be imposed by the court upon all violent offenders -- first offenders as well as predicates -- as part of the sentence. This supervision sentence is virtually indistinguishable from parole in most respects, and in fact is served under the supervision of the Division of Parole.

**Prison Terms for 1st Offenders Convicted of Violent Felonies**

Prison sentences imposed upon first offenders convicted of violent felonies must be determinate, calculated in whole or half years. The maximum ranges have not been reduced for first offenders, and as a result, it is possible for a first offender to receive a prison term that is just as long as that imposed upon a repeat violent felony offender. The minimum terms, however, are lower than those for predicates.

SENTENCES: 1ST VFO[2]

| | Minimum | Maximum |
|---|---|---|
| Class B violent: | 5 years | 25 years |
| Class C violent: | 3½ years | 15 years |
| Class D violent: | 2 years | 7 years |
| Class E violent: | 1½ years | 4 years |

**Post-Release Supervision Sentence**

"Jenna's Law" requires that all violent offenders sentenced to determinate terms of incarceration for crimes committed after September 1, 1998, also receive an additional "post-release supervision sentence." This supervision sentence commences upon discharge from

---

1 See 1998 N.Y. Laws, Chap. 1 (cited hereafter as the "Act"), §§ 3, 4, 6 & 9 [amending, respectively, P.L. §§ 70.00(3)(b) & (6), 70.02(2) & (4)]. "Jenna's Law" also preserves the option of indeterminate sentencing for domestic violence victims who are convicted of violent crimes against their abusers. See page 4, *infra*.

2 Act, §7 [amending P.L.§ 70.02(3)].

prison.[3]

For **predicate offenders** convicted of a violent felony, the period of post-release supervision must be **5 years**.[4] For first offenders convicted of a violent felony, the court has discretion to set the term of supervision, in whole or half years, within a specified range:

POST-RELEASE SUPERVISION SENTENCES: 1ST VFO

| | Minimum | Maximum |
|---|---|---|
| Class B or C violent: | 2½ years | 5 years |
| Class D or E violent: | 1½ years | 3 years |

When discussing this supervision sentence with clients, you should alert them to the fact that the Board of Parole is specifically authorized to require that an inmate who is released from prison on post-release supervision immediately enter a residential drug treatment facility for up to 6 months.[5] For clients receiving relatively short determinate sentences, this additional period of confinement can significantly lengthen the total period of incarceration.[6]

They should also be alerted to the fact that the statute requires that any time assessment imposed for a violation of post-release supervision be a **minimum** of 6 months, commencing upon the finding of guilt at the final hearing.[7] Thus, any time spent in custody prior to the hearing will not be credited towards the time assessment. It will, however, be credited toward the undischarged term of the sentence [*i.e.*, the unserved 1/7th of the sentence], and once that has been satisfied, to the remaining period owed to supervision.[8]

---

3 Id., § 15 (creating new P.L. §70.45).

4 Id., P.L. §70.45(2).

5 Id., P.L. §70.45(3).

6 For example, an inmate who was sentenced to a determinate term of two years (24 months), followed by a 3-year term of post-release supervision, would be entitled to release after serving slightly more than 21 months. If the Board of Parole imposed a 6-month period of residential drug treatment, however, he would not be able to return home until he had spent more than 27 months in confinement.

7 Id., P.L. §70.45(1). The Act authorizes re-incarceration for as long as the unserved balance of the parole supervision sentence.

8 Id., P.L. 70.45(5)(d).

Inmates who are subject to multiple terms of post-release supervision must satisfy the period which has the longest unexpired term to run.[9] Thus, a person who commits a violent felony while on post-release supervision will not have the unexpired term of supervision tacked on to the new supervision sentence that he must serve after he serves the new determinate sentence.

However, when a person is subject to both a post-release supervision sentence and a period of parole on an indeterminate sentence, the terms merge. If the unexpired parole term is longer than the term of post-release supervision, the person must first satisfy the post-release supervision, and then complete the undischarged parole term.[10]

**Domestic Violence Exception to Determinate Sentencing**

REDACTED

---

9 Id., P.L. §70.45(5)(c).

10 Id., P.L. §70.45(5)(b).

REDACTED

REDACTED

## PENAL LAW AMENDMENTS

**Drug Sales Near Day Care Centers**
Chap. 289 (S.2402-a); effective September 1, 1998

REDACTED

REDACTED

**New J.O. Crime — Possession of Gun on School Grounds**
Chap. 435 (S.6243); effective Nov. 1, 1998

REDACTED

**Possession of a Disguised Gun**
Chap. 378 (A.10920); effective Nov. 1, 1998

REDACTED

**Assault on an E.R. Worker**
Chap. 287 (S.1143-a); effective Nov. 1, 1998

REDACTED

**Failure to Control an Animal**
Chap. 269 (A.9252-a); effective Nov. 1, 1998

REDACTED

**Criminal Sale of a Firearm — Upgrades**
A.6246-A; not signed as of 8/20/98; would go into effect Nov. 1, 1998

REDACTED

**Endangering the Welfare of a Vulnerable Elderly Person**
S.337-B; not signed as of 8/20/98; would go into effect Nov. 1, 1998

REDACTED

**Day Care Crimes**
S. 6781-c; not signed as of 8/20/98; would go into effect Nov. 1, 1998

REDACTED

## CRIMINAL PROCEDURE LAW AMENDMENTS

**Interim Probation Supervision**
Chap. 159 (S.3781); effective Oct. 5, 1998

REDACTED

**Faxed Statements Admissible in the Grand Jury**
Chap. 360 (A.1829-a); ; effective Nov. 1, 1998

REDACTED

REDACTED

**Orders of Protection for Witnesses**
S. 6785; not signed as of 8/20/98; would go into effect upon signature

REDACTED

**Out-of-State Orders of Protection: Full Faith & Credit**
S.7589-a; not signed as of 8/20/98; would go into effect 90 days after signature

REDACTED

REDACTED

S7820 VOLKER Chapter 1 Approval Message 25

# STATE OF NEW YORK

7820

# IN SENATE

June 18, 1998

Introduced by Sens. VOLKER, DeFRANCISCO, BRUN..., ALESI, BALBONI, COOK, FARLEY, FUSCHILLO, GOODMAN, HANNON, HOLLAND, JOHNSON, KUHL, LACK, LARKIN, LAVALLE, LEIBELL, LIBOUS, MALTESE, MARCELLINO, MARCHI, MAZIARZ, MEIER, NOZZOLIO, PADAVAN, PRESENT, RATH, SALAND, SEWARD, SKELOS, SPANO, STAFFORD, TRUNZO, VELELLA, WRIGHT -- (at request of the Governor) -- read twice and ordered printed, and when printed to be committed to the Committee on Rules

AN ACT to amend the penal law, the executive law and the criminal procedure law, in relation to eliminating parole for first-time violent felony offenders; establishing periods of post-release supervision for violent felony offenders; and providing for victim notification of certain inmate releases, and to repeal subdivision 4 of section 70.02 of the penal law and section 149-a of the correcti... relating thereto

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

Section 1. The penal law is amended by adding a new section 60.12 to read as follows:

§ 60.12 Authorized disposition; alternative indeterminate sentence of imprisonment; domestic violence cases.

1. Notwithstanding any other provision of law, where a court is imposing sentence pursuant to section 70.02 upon a conviction for an offense enumerated in subdivision one of such section, other than an offense defined in article one hundred thirty of this chapter, and is authorized or required pursuant to such section to impose a determinate sentence of imprisonment for such offense, the court, upon a determination following a hearing that (a) the defendant was the victim of physical, sexual or psychological abuse by the victim or intended victim of such offense, (b) such abuse was a factor in causing the defendant to commit such offense and (c) the victim or intended victim of such offense was a member of the same family or household as the defendant as such term is defined in subdivision one of section 530.11 of the criminal procedure law, may, in lieu of imposing such determinate sentence of imprisonment, impose an indeterminate sentence of imprisonment in accordance with subdivisions two and three of this section.

EXPLANATION--Matter in italics (underscored) is new; matter in brackets

[-] is old law to be omitted.

2. The maximum term of an indeterminate sentence imposed pursuant to subdivision one of this section must be fixed by the court as follows:

(a) For a class B felony, the term must be at least six years and must not exceed twenty-five years;

(b) For a class C felony, the term must be at least four and one-half years and must not exceed fifteen years;

(c) For a class D felony, the term must be at least three years and must not exceed seven years; and

(d) For a class E felony, the term must be at least three years and must not exceed four years.

3. The minimum period of imprisonment under an indeterminate sentence imposed pursuant to subdivision one of this section must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence.

§ 2. Paragraph (b) of subdivision 3 of section 70.00 of the penal law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

(b) [Where the sentence is for a violent felony offense as defined in subdivision one of section 70.02, the minimum period shall be fixed by the court pursuant to subdivision four of section 70.02.] Where the sentence is for a class B felony offense specified in subdivision two of section 220.[illegible], the minimum period must be fixed by the court at one-third of the maximum term imposed and must be specified in the sentence. Where the sentence is for any other felony, the minimum period shall be fixed by the court and specified in the sentence and shall be not less than one year nor more than one-third of the maximum term imposed.

§ 3. Subdivision 4 of section 70.00 of the penal law, as amended by chapter 238 of the laws of 1983, is amended to read as follows:

4. Alternative definite sentence for class D, E, and certain class C felonies. When a person, other than a second or persistent felony offender, is sentenced for a class D or class E felony, or to a class C felony specified in article two hundred twenty or article two hundred twenty-one, and the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose an indeterminate or determinate sentence, the court may impose a definite sentence of imprisonment and fix a term of one year or less.

§ 4. Subdivision 6 of section 70.00 of the penal law, as added by chapter 3 of the laws of 1995, is amended to read as follows:

6. Determinate sentence. [When] Except as provided in subdivision four of this section and subdivisions two and four of section 70.02, when a person is sentenced as a violent felony offender pursuant to section 70.02 or as a second violent felony offender pursuant to section 70.04 or as a second felony offender on a conviction for a violent felony offense pursuant to section 70.06, the court must impose a determinate sentence of imprisonment in accordance with the provisions of such sections and such sentence shall include, as a part thereof, a period of post-release supervision in accordance with section 70.45.

§ 5. Paragraph (a) of subdivision 2 of section 70.02 of the penal law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

(a) Except as provided in subdivision six of section [70.00] 60.05, the sentence imposed upon a person who stands convicted of a class B or class C violent felony offense must be [an indeterminate] a determinate sentence of imprisonment which shall be in whole or half years. [Except

~~as provided in subdivision six of section 60.05, the maximum~~] The term of such sentence must be in accordance with the provisions of subdivision three of this section [~~and the minimum period of imprisonment under such sentence must be in accordance with subdivision four of this section~~].

§ 6. Paragraphs (b) and (c) of subdivision 2 of section 70.02 of the penal law, as amended by chapter 291 of the laws of 1993, are amended to read as follows:

(b) Except as provided in subdivision [~~five~~] six of section 60.05 and subdivision four of this section, the sentence imposed upon a person who stands convicted of a class D violent felony offense, other than the offenses of criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02 and criminal sale of a firearm in the second degree as defined in section 265.12, must be in accordance with the applicable provisions of this chapter relating to sentencing for class D felonies provided, however, that where a sentence of imprisonment is imposed which requires a commitment to the state department of correctional services, such sentence shall be a determinate sentence in accordance with paragraph (c) of subdivision three of this section.

(c) Except as provided in subdivision six of section 60.05, the sentence imposed upon a person who stands convicted of the class D violent felony offenses of criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02, or criminal sale of a firearm in the second degree as defined in section 265.12 or the class E violent felonies of attempted criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02 must be a sentence to [~~an indeterminate~~] a determinate period of imprisonment, or, in the alternative, a definite sentence of imprisonment for a period of no less than one year, except that:

(i) the court may impose any other sentence authorized by law upon a person who has not been previously convicted in the five years immediately preceding the commission of the offense for a class A misdemeanor defined in this chapter, if the court having regard to the nature and circumstances of the crime and to the history and character of the defendant, finds on the record that such sentence would be unduly harsh and that the alternative sentence would be consistent with public safety and does not deprecate the seriousness of the crime; and

(ii) the court may apply the provisions of paragraphs (b) and (c) of subdivision [~~five~~] four of this section when imposing a sentence upon a person who has previously been convicted of a class A misdemeanor defined in this chapter in the five years immediately preceding the commission of the offense.

§ 7. Subdivision 3 of section 70.02 of the penal law, as amended by chapter 233 of the laws of 1980, is amended to read as follows:

3. [~~Maximum term~~] Term of sentence. The [~~maximum~~] term of [~~an indeterminate~~] a determinate sentence for a violent felony offense must be fixed by the court as follows:

(a) For a class B felony, the term must be at least [~~six~~] five years and must not exceed twenty-five years; [~~and~~]

(b) For a class C felony, the term must be at least [~~four~~] three and one-half years and must not exceed fifteen years[.];

(c) For a class D felony, the term must be at least two years and must not exceed seven years; and

(d) For a class E felony, the term must be at least one and one-half years and must not exceed four years.

§ 8. Subdivision 4 of section 70.02 of the penal law is REPEALED.

§ 9. Subdivision 5 of section 70.02 of the penal law, as amended by chapter 233 of the laws of 1980, paragraph (b) as amended by chapter 291 of the laws of 1993, is amended to read as follows:

[5.] 4. (a) Except as provided in paragraph (b) of this [section] subdivision, where a plea of guilty to a class D violent felony offense is entered pursuant to section 220.10 or 220.30 of the criminal procedure law in satisfaction of an indictment charging the defendant with an armed felony, as defined in subdivision forty-one of section 1.20 of the criminal procedure law, the court must impose [an indeterminate] a determinate sentence of imprisonment [pursuant to section 70.00].

(b) In any case in which the provisions of paragraph (a) [hereof] of this subdivision or the provisions of subparagraph (ii) of paragraph (c) of subdivision two of this section apply, the court may impose a sentence other than [an indeterminate] a determinate sentence of imprisonment, or a definite sentence of imprisonment for a period of no less than one year, if it finds that the alternate sentence is consistent with public safety and does not deprecate the seriousness of the crime and that one or more of the following factors exist:

(i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or

(ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution; or

(iii) possible deficiencies in proof of the defendant's commission of an armed felony.

(c) The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making a determination pursuant to paragraph (b) [hereof] of this subdivision, and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that [an indeterminate] a determinate sentence of imprisonment should not be imposed pursuant to the provisions of such paragraph (b), it shall make a statement on the record of the facts and circumstances upon which such determination is based. A transcript of the court's statement, which shall set forth the recommendation of the district attorney, shall be forwarded to the state division of criminal justice services along with a copy of the accusatory instrument.

§ 10. The opening paragraph of subdivision 3 of section 70.30 of the penal law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

The term of a definite sentence, a determinate sentence, or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court or by the board of parole, the credit shall also be applied against the minimum period. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:

§ 11. Subdivision 5 of section 70.30 of the penal law is amended to read as follows:

5. Time served under vacated sentence. When a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such person for the same offense, or for an offense based upon the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence. In any case where a vacated sentence also includes a period of post-release supervision, all time credited against the period of post-release supervision shall be credited against the period of post-release supervision included with the new sentence; In the event a period of post-release supervision is not included with the new sentence, such period shall be credited against the new sentence.

§ 12. Paragraph (b) of subdivision 1 of section 70.40 of the penal law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

(b) A person who is serving one or more than one indeterminate or determinate sentence of imprisonment shall, if he so requests, be conditionally released from the institution in which he is confined when the total good behavior time allowed to him, pursuant to the provisions of the correction law, is equal to the unserved portion of his term, maximum term or aggregate maximum term; provided, however, that (i) in no event shall a person serving one or more indeterminate sentence of imprisonment and one or more determinate sentence of imprisonment which run concurrently be conditionally released until serving at least six-sevenths of the determinate term of imprisonment which has the longest unexpired time to run and (ii) in no event shall a person be conditionally released prior to the date on which such person is first eligible for discretionary parole release. The conditions of release, including those governing post-release supervision, shall be such as may be imposed by the state board of parole in accordance with the provisions of the executive law.

Every person so released shall be under the supervision of the state board of parole for a period equal to the unserved portion of the term, maximum term, [or] aggregate maximum term, or period of post-release supervision.

§ 13. Paragraph (a) of subdivision 3 of section 70.40 of the penal law is amended to read as follows:

(a) When a person [has] is alleged to have violated the terms of [his] parole and the state board of parole has declared such person to be delinquent, the declaration of delinquency shall interrupt the person's sentence as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under the jurisdiction of the state department of [correction] correctional services.

§ 14. Paragraph (b) of subdivision 3 of section 70.40 of the penal law, as amended by chapter 79 of the laws of 1989, is amended to read as follows:

(b) When a person [has] is alleged to have violated the terms of his conditional release or post-release supervision and has been declared delinquent by the board having supervision over such person or the local conditional release commission, the declaration of delinquency shall interrupt the period of supervision or post-release supervision as of the date of the delinquency [and]. For a conditional releasee, such interruption shall continue until the return of the person to the local

correctional facility located in the jurisdiction of the commission having custody of such person or, if he was released from an institution under the jurisdiction of the state department of correctional services, to an institution under the jurisdiction of that department. Upon such return, the person shall resume service of his sentence. For a person released to post-release supervision, the provisions of section 70.45 shall apply.

§ 15. The penal law is amended by adding a new section 70.45 to read as follows:

§ 70.45 Determinate sentence; post-release supervision.

1. In general. Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision. Such period shall commence as provided in subdivision five of this section and a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment of at least six months and up to the balance of the remaining period of post-release supervision, not to exceed five years. Such maximum limits shall not preclude a longer period of further imprisonment for a violation where the defendant is subject to indeterminate and determinate sentences.

2. Period of post-release supervision. The period of post-release supervision for a determinate sentence shall be five years, except that such period shall be three years whenever a determinate sentence of imprisonment is imposed pursuant to section 70.02 of this article upon a conviction for a class D or class E violent felony offense; provided, however, that when a determinate sentence is imposed pursuant to section 70.02 of this article, the court, at the time of sentence, may specify a shorter period of post-release supervision of not less than two and one-half years upon a conviction for a class B or class C violent felony offense and a shorter period of post-release supervision of not less than one and one-half years upon a conviction for a class D or class E violent felony offense.

3. Conditions of post-release supervision. The board of parole shall establish and impose conditions of post-release supervision in the same manner and to the same extent as it may establish and impose conditions in accordance with the executive law upon persons who are granted parole or conditional release; provided that, notwithstanding any other provision of law, the board of parole may impose as a condition of post-release supervision that for a period not exceeding six months immediately following release from the underlying term of imprisonment the person be transferred to and participate in the programs of a residential treatment facility as that term is defined in subdivision six of section two of the correction law. Upon release from the underlying term of imprisonment, the person shall be furnished with a written statement setting forth the conditions of post-release supervision in sufficient detail to provide for the person's conduct and supervision.

4. Revocation of post-release supervision. An alleged violation of any condition of post-release supervision shall be initiated, heard and determined in accordance with the provisions of subdivisions three and four of section two hundred fifty-nine-i of the executive law.

5. Calculation of service of period of post-release supervision. A period or periods of post-release supervision shall be calculated and served as follows:

(a) A period of post-release supervision shall commence upon the person's release from imprisonment to supervision by the division of parole and shall interrupt the running of the determinate sentence or

sentences of imprisonment and the indeterminate sentence or sentences of imprisonment, if any. The remaining portion of any maximum or aggregate maximum term shall then be held in abeyance until the successful completion of the period of post-release supervision or the person's return to the custody of the department of correctional services, whichever occurs first.

(b) Upon the completion of the period of post-release supervision, the running of such sentence or sentences of imprisonment shall resume and only then shall the remaining portion of any maximum or aggregate maximum term previously held in abeyance be credited with and diminished by such period of post-release supervision. The person shall then be under the jurisdiction of the division of parole for the remaining portion of such maximum or aggregate maximum term.

(c) When a person is subject to two or more periods of post-release supervision, such periods shall merge with and be satisfied by discharge of the period of post-release supervision having the longest unexpired time to run; provided, however, any time served upon one period of post-release supervision shall not be credited to any other period of post-release supervision except as provided in subdivision five of section 70.30 of this article.

(d) When a person is alleged to have violated a condition of post-release supervision and the division of parole has declared such person to be delinquent: (i) the declaration of delinquency shall interrupt the period of post-release supervision; (ii) such interruption shall continue until the person is restored to post-release supervision; (iii) if the person is restored to post-release supervision without being returned to the department of correctional services, any time spent in custody from the date of delinquency until restoration to post-release supervision shall first be credited to the maximum or aggregate maximum term of the sentence or sentences of imprisonment, but only to the extent authorized by subdivision three of section 70.40 of this article. Any time spent in custody solely pursuant to such delinquency after completion of the maximum or aggregate maximum term of the sentence or sentences of imprisonment shall be credited to the period of post-release supervision, if any; and (iv) if the person is ordered returned to the department of correctional services, the person shall be required to serve a time assessment of at least six months before being re-released to post-release supervision. In the event the balance of the remaining period of post-release supervision is six months or less, such time assessment shall be six months unless a longer period is authorized pursuant to subdivision one of this section. The time assessment shall commence upon the issuance of a determination after a final hearing that the person has violated one or more conditions of supervision. While serving such assessment, the person shall not receive any good behavior allowance pursuant to section eight hundred three of the correction law. Any time spent in custody from the date of delinquency until return to the department of correctional services shall first be credited to the maximum or aggregate maximum term of the sentence or sentences of imprisonment, but only to the extent authorized by subdivision three of section 70.40 of this article. The maximum or aggregate maximum term of the sentence or sentences of imprisonment shall run while the person is serving such time assessment in the custody of the department of correctional services. Any time spent in custody solely pursuant to such delinquency after completion of the maximum or aggregate maximum term of the sentence or sentences of imprisonment shall be credited to the period of post-release supervision, if any.

(e) Notwithstanding paragraph (d) of this subdivision, in the event a person is sentenced to one or more additional indeterminate or determinate term or terms of imprisonment prior to the completion of the period of post-release supervision, such period of post-release supervision shall be held in abeyance and the person shall be committed to the custody of the department of correctional services in accordance with the requirements of the prior and additional terms of imprisonment.

(f) When a person serving a period of post-release supervision is returned to the department of correctional services pursuant to an additional consecutive sentence of imprisonment and without a declaration of delinquency, such period of post-release supervision shall be held in abeyance while the person is in the custody of the department of correctional services. Such period of post-release supervision shall resume running upon the person's re-release.

§ 16. Subdivision 2 of section 259-a of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

2. The division shall cause complete records to be kept of every person on parole [or], conditional release or post-release supervision. Such records shall contain the aliases and photograph of each such person, and the other information referred to in subdivision one of this section, as well as all reports of parole officers in relation to such persons. Such records shall be maintained by the division and may be made available as deemed appropriate by the chairman for use by the department of correctional services, the division, and the board of parole. Such records shall be organized in accordance with methods of filing and indexing designed to insure the immediate availability of complete information about such persons.

§ 17. Subdivision 4 of section 259-a of the executive law, as amended by chapter 79 of the laws of 1989, is amended to read as follows:

4. In accordance with the provisions of this chapter, the division shall supervise inmates released on parole or conditional release, or to post-release supervision, except that the division may consent to the supervision of a released inmate by the United States parole commission pursuant to the witness security act of nineteen hundred eighty-four.

§ 18. Subdivision 5 of section 259-a of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

5. The division shall conduct such investigations as may be necessary in connection with alleged violations of parole [or], conditional release or post-release supervision.

§ 19. Subdivision 6 of section 259-a of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

6. The division shall assist inmates eligible for parole or conditional release and inmates who are on parole [or], conditional release or post-release supervision to secure employment, educational or vocational training.

§ 20. Subdivision 8 of section 259-a of the executive law, as amended by chapter 451 of the laws of 1984, is amended to read as follows:

8. The division may establish a parole transition program which is hereby defined as community-based residential facilities designed to aid parole [and], conditional release or post-release supervision violators develop an increased capacity for adjustment to community living. Parolees [and], conditional releasees and those under post-release supervision who have either (i) been found pursuant to section two hundred fifty-nine-i of this article to have violated one or more conditions of release in an important respect, or (ii) who have allegedly violated one or more of such conditions upon a finding of probable cause at a prelim-

inary hearing or upon the waiver thereof may be placed in a parole transition facility. Placement in a parole transition facility upon a finding of probable cause or the waiver thereof shall not preclude the conduct of a revocation hearing, nor, absent a waiver, operate to deny the releasee's right to such revocation hearing.

§ 21. Paragraph (a) of subdivision 9 of section 259-a of the executive law, as added by chapter 55 of the laws of 1992, is amended to read as follows:

(a) The division shall collect a fee of thirty dollars per month, from all persons over the age of eighteen who after the effective date of this subdivision are supervised on parole [or], conditional release or post-release supervision by the division. The division shall waive all or part of such fee where, because of the indigence of the offender, the payment of said fee would work an unreasonable hardship on the person convicted, his or her immediate family, or any other person who is dependent on such person for financial support.

§ 22. Subdivision 2 of section 259-c of the executive law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

2. have the power and duty of determining the conditions of release of the person who may be conditionally released or subject to a period of post-release supervision under an indeterminate or determinate sentence of imprisonment;

§ 23. Subdivision 6 of section 259-c of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

6. have the power to revoke the parole [or], conditional release or post-release supervision status of any person and to authorize the issuance of a warrant for the re-taking of such persons;

§ 24. Section 259-e of the executive law, as amended by chapter 34 of the laws of 1985, is amended to read as follows:

§ 259-e. Institutional parole services. The division shall provide institutional parole services. Subject to the authority of the chairman, these shall include preparation of reports and other data required by the state board of parole in the exercise of its functions with respect to release on parole [and], conditional release or post-release supervision of inmates. Employees of the division who collect data, interview inmates and prepare reports for the state board of parole in institutions under the jurisdiction of the department of correctional services shall not work under the direct or indirect supervision of the head of the institution.

§ 25. Subdivision 1 of section 259-f of the executive law, as amended by chapter 34 of the laws of 1985, is amended to read as follows:

1. Employees in the division who perform the duties of supervising inmates released on parole [or], conditional release or post-release supervision, and employees who perform professional duties in institutions and who are assigned to provide institutional parole services pursuant to section two hundred fifty-nine-e of this article, shall be parole officers.

§ 26. Paragraph (b) of subdivision 2 of section 259-i of the executive law, as amended by chapter 230 of the laws of 1986, is amended to read as follows:

(b) Persons paroled [and], conditionally released or released to post-release supervision from an institution under the jurisdiction of the department of correctional services or the department of mental hygiene shall, while on parole [or], conditional release or post-release supervision, be in the legal custody of the division of parole until expiration of the maximum term or period of sentence, or expiration of

the period of supervision, including any period of post-release supervision, or return to the custody of the department of correctional services, as the case may be.

§ 27. The subdivision heading of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

Revocation of parole [and], conditional release and post-release supervision.

§ 28. Subparagraphs (i), (ii) and (iii) of paragraph (a) of subdivision 3 of section 259-i of the executive law, subparagraph (i) as amended by chapter 3 of the laws of 1995, subparagraph (ii) as amended by chapter 262 of the laws of 1987 and subparagraph (iii) as amended by chapter 843 of the laws of 1980, are amended to read as follows:

(i) If the parole officer having charge of a paroled or conditionally released person or a person released to post-release supervision or a person received under the uniform act for out-of-state parolee supervision shall have reasonable cause to believe that such person has lapsed into criminal ways or company, or has violated one or more conditions of his parole, conditional release or post-release supervision, such parole officer shall report such fact to a member of the board of parole, or to any officer of the division designated by the board, and thereupon a warrant may be issued for the retaking of such person and for his temporary detention in accordance with the rules of the board. The retaking and detention of any such person may be further regulated by rules and regulations of the division not inconsistent with this article. A warrant issued pursuant to this section shall constitute sufficient authority to the superintendent or other person in charge of any jail, penitentiary, lockup or detention pen to whom it is delivered to hold in temporary detention the person named therein; except that a warrant issued with respect to a person who has been released on medical parole pursuant to section two hundred fifty-nine-r of this article and whose parole is being revoked pursuant to paragraph (h) of subdivision four of such section shall constitute authority for the immediate placement of the parolee only into the custody of the department of correctional services to hold in temporary detention. A warrant issued pursuant to this section shall also constitute sufficient authority to the person in charge of a drug treatment campus, as defined in subdivision twenty of section two of the correction law, to hold the person named therein, in accordance with the procedural requirements of this section, for a period of at least ninety days to complete an intensive drug treatment program mandated by the board of parole as an alternative to parole or conditional release revocation, or the revocation of post-release supervision, and shall also constitute sufficient authority for return of the person named therein to local custody to hold in temporary detention for further revocation proceedings in the event said person does not successfully complete the intensive drug treatment program. The board's rules shall provide for cancellation of delinquency and restoration to supervision upon the successful completion of the program.

(ii) Whenever a paroled or conditionally released person or a person under post-release supervision or a prisoner received under the uniform act for out-of-state parolee supervision has, pursuant to this paragraph, been placed in any county jail or penitentiary, or a city prison operated by a city having a population of one million or more inhabitants, the state shall pay to the city or county operating such facility the actual per day per capita cost as certified to the state commission-

er of correctional services by the appropriate local official for the care of such person and as approved by the director of the budget. The reimbursement rate shall not, however, exceed thirty dollars per day per capita and forty dollars per day per capita on and after the first day of April, nineteen hundred eighty-eight.

(iii) A warrant issued for a parole [~~or~~], a conditional release or a post-release supervision violator may be executed by any parole officer or any officer authorized to serve criminal process or any peace officer, who is acting pursuant to his special duties, or police officer. Any such officer to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such person and having him detained as provided in this paragraph.

§ 29. Paragraph (b) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(b) A person who shall have been taken into custody pursuant to this subdivision for violation of one or more conditions of parole [~~or~~], conditional release or post-release supervision shall, insofar as practicable, be incarcerated in the county or city in which the arrest occurred.

§ 30. Subparagraphs (i), (ii), (iii) and (iv) of paragraph (c) of subdivision 3 of section 259-i of the executive law, subparagraph (i) as amended by chapter 413 of the laws of 1984, subparagraphs (ii) and (iv) as added by chapter 904 of the laws of 1977 and subparagraph (iii) as amended by chapter 432 of the laws of 1989, are amended to read as follows:

(i) Within fifteen days after the warrant for retaking and temporary detention has been executed, unless the releasee has been convicted of a new crime committed while under [~~his present~~] parole [~~or~~], conditional release or post-release supervision, the board of parole shall afford the alleged parole [~~or~~], conditional release or post-release supervision violator a preliminary revocation hearing before a hearing officer designated by the board of parole. Such hearing officer shall not have had any prior supervisory involvement over the alleged violator.

(ii) The preliminary parole [~~or~~], conditional release or post-release supervision revocation hearing shall be conducted at an appropriate correctional facility, or such other place reasonably close to the area in which the alleged violation occurred as the board may designate.

(iii) The alleged violator shall, within three days of the execution of the warrant, be given written notice of the time, place and purpose of the hearing unless he is detained pursuant to the provisions of subparagraph (iv) of paragraph (a) of this subdivision. In those instances, the alleged violator will be given written notice of the time, place and purpose of the hearing within five days of the execution of the warrant. The notice shall state what conditions of parole [~~or~~], conditional release or post-release supervision are alleged to have been violated, and in what manner; that such person shall have the right to appear and speak in his own behalf; that he shall have the right to introduce letters and documents; that he may present witnesses who can give relevant information to the hearing officer; that he has the right to confront the witnesses against him. Adverse witnesses may be compelled to attend the preliminary hearing unless the prisoner has been convicted of a new crime while on supervision or unless the hearing officer finds good cause for their non-attendance.

(iv) The preliminary hearing shall be scheduled to take place no later than fifteen days from the date of execution of the warrant. The

standard of proof at the preliminary hearing shall be probable cause to believe that the parolee [or], conditional releasee or person under post-release supervision has violated one or more conditions of his parole [or], conditional release or post-release supervision in an important respect. Proof of conviction of a crime committed [subsequent to release on parole or conditional release] while under supervision shall constitute probable cause for the purposes of this section.

§ 31. Subparagraph (vi) of paragraph (c) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(vi) At the conclusion of the preliminary hearing, the hearing officer shall inform the alleged violator of his decision as to whether there is probable cause to believe that the parolee [or], conditional releasee or person on post-release supervision has violated one or more conditions of his release in an important respect. Based solely on the evidence adduced at the hearing, the hearing officer shall determine whether there is probable cause to believe that such person has violated his parole [or], conditional release or post-release supervision in an important respect. The hearing officer shall in writing state the reasons for his determination and the evidence relied on. A copy of the written findings shall be sent to both the alleged violator and his counsel.

§ 32. Paragraph (d) of subdivision 3 of section 259-i of the executive law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

(d) If a finding of probable cause is made pursuant to this subdivision either by a determination at a preliminary hearing or by the waiver thereof, or if the releasee has been convicted of a new crime while under [his present] parole [or], conditional release or post-release supervision, the board's rules shall provide for (i) declaring such person to be delinquent as soon as practicable and shall require reasonable and appropriate action to make a final determination with respect to the alleged violation or (ii) ordering such person to be restored to parole, conditional release or post-release supervision under such circumstances as it may deem appropriate or (iii) when a parolee [or], conditional releasee or person on post-release supervision has been convicted of a new felony committed while under [his present parole or conditional release] such supervision and a new indeterminate or determinate sentence has been imposed, the board's rules shall provide for a final declaration of delinquency. The inmate shall then be notified in writing that his release has been revoked on the basis of the new conviction and a copy of the commitment shall accompany said notification. The inmate's next appearance before the board shall be governed by the legal requirements of said new indeterminate or determinate sentence, or shall occur as soon after a final reversal of the conviction as is practicable.

§ 33. Subparagraph (iv) of paragraph (f) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(iv) The alleged violator shall be given written notice of the rights enumerated in subparagraph (iii) of paragraph (c) of this subdivision as well as of his right to present mitigating evidence relevant to restoration to parole, conditional release or post-release supervision and his right to counsel.

§ 34. Subparagraph (vi) of paragraph (f) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(vi) At the revocation hearing, the charges shall be read and the alleged violator shall be permitted to plead not guilty, guilty, guilty with explanation or to stand mute. As to each charge, evidence shall be introduced through witnesses and documents, if any, in support of that charge. At the conclusion of each witness's direct testimony, he shall be made available for cross-examination. If the alleged violator intends to present a defense to the charges or to present evidence of mitigating circumstances, the alleged violator shall do so after presentation of all the evidence in support of a violation of parole, conditional release or post-release supervision.

§ 35. Subparagraph (ix) of paragraph (f) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(ix) If the presiding officer is not satisfied that there is a preponderance of evidence in support of the violation, he shall dismiss the violation, cancel the delinquency and restore the [~~parolee or conditional releasee~~] person to parole, conditional release or post-release to supervision.

§ 36. Subparagraphs (x) and (xi) of paragraph (f) of subdivision 3 of section 259-i of the executive law, as amended by chapter 166 of the laws of 1991, are amended to read as follows:

(x) If the presiding officer is sa[illegible]fied that there is a preponderance of evidence that the alleged violator violated one or more conditions of release in an important respect, he or she shall so find. [~~The~~] For each violation so found, the presiding officer may (A) direct [~~the violator's reincarceration and fix a date for consideration by the board for re-release on parole or conditional release, as the case may be; (B) as an alternative to reincarceration, direct the violator's placement in a parole transition facility for a period not to exceed one hundred eighty days and subsequent restoration to supervision; or (C) direct that the parolee or conditional releasee be restored to supervision~~] that the parolee, conditional releasee or person serving a period of post-release supervision be restored to sup[illegible]ion; (B) as an alternative to reincarceration, direct the parolee, con[illegible]onal releasee or p[illegible]son serving a period of post-release supervision be placed in a parole transition facility for a period not to exceed one hundred eighty days and subsequent restoration to supervision; (C) in the case of parolees or conditional releasees, direct the violator's reincarceration and fix a date for consideration by the board for re-release on parole or conditional release, as the case may be; or (D) in the case of persons released to a period of post-release supervision, direct the violator's reincarceration for a period of at least six months and up to the balance of the remaining period of post-release supervision, not to exceed five years. Where a date has been fixed for the violator's re-release on parole or conditional release, as the case may be, the board or board member may waive the personal interview between a member or members of the board and the violator to determine the suitability for re-release; provided, however, that the board shall retain the authority to suspend the date fixed for re-release and to require a personal interview based on the violator's institutional record or on such other basis as is authorized by the rules and regulations of the board. If an interview is required, the board shall notify the violator of the time of such interview in accordance with the rules and regu-

lations of the board. If the violator is placed in a parole transition facility or restored to supervision, the presiding officer may impose such other conditions of parole [or], conditional release, or post-release supervision as he may deem appropriate, as authorized by rules of the board.

(xi) If the presiding officer sustains any violations, he must prepare a written statement, to be made available to the alleged violator and his counsel, indicating the evidence relied upon and the reasons for revoking parole, conditional release or post-release supervision, and for the disposition made.

§ 37. Paragraph (g) of subdivision 3 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(g) Revocation of parole [or], conditional release or post-release supervision shall not prevent re-parole or re-release provided such re-parole or re-release is not inconsistent with any other provisions of law.

§ 38. Paragraph (i) of subdivision 3 of section 259-i of the executive law, as added by chapter 412 of the laws of 1980, is amended to read as follows:

(i) Where there is reasonable cause to believe that a parolee [or], conditional releasee or person under post-release supervision has absconded from supervision the board may declare such person to be delinquent. This paragraph shall not be construed to deny such person a preliminary revocation hearing upon his retaking, nor to relieve the division of parole of any obligation it may have to exercise due diligence to retake the alleged absconder, nor to relieve the parolee or releasee of any obligation he may have to comply with the conditions of his release.

§ 39. Paragraph (a) of subdivision 4 of section 259-i of the executive law, as added by chapter 904 of the laws of 1977, is amended to read as follows:

(a) Except for determinations made upon preliminary hearings upon allegations of violation of parole [or], conditional release or post-release supervision, all determinations made pursuant to this section may be appealed in accordance with rules promulgated by the board. Any board member who participated in the decision from which the appeal is taken may not participate in the resolution of that appeal. The rules of the board may specify a time within which any appeal shall be taken and resolved.

§ 40. Section 259-j of the executive law, as amended by chapter 3 of the laws of 1995, is amended to read as follows:

§ 259-j. Discharge from parole and conditional release. [If] Except where a determinate sentence or a sentence with a maximum term of life imprisonment was imposed for a felony other than a felony defined in article two hundred twenty of the penal law, if the board of parole is satisfied that an absolute discharge from parole or from conditional release is in the best interests of society, the board may grant such a discharge prior to the expiration of the full term or maximum term to any person who has been on unrevoked parole or conditional release for at least three consecutive years. A discharge granted under this section shall constitute a termination of the sentence with respect to which it was granted. No such discharge shall be granted unless the board of parole is satisfied that the parolee, otherwise financially able to comply with an order of restitution and the payment of any

mandatory surcharge previously imposed by a court of competent jurisdiction, has made a good faith effort to comply therewith.

§ 41. Section 380.50 of the criminal procedure law is amended by adding two new subdivisions 4 and 5 to read as follows:

4. Regardless of whether the victim requests to make a statement with regard to the defendant's sentence, where the defendant is committed to the custody of the department of correctional services upon a sentence of imprisonment for conviction of a violent felony offense as defined in section 70.02 of the penal law or a felony defined in article one hundred twenty-five of such law, within sixty days of the imposition of sentence the prosecutor shall provide the victim with a form, prepared and distributed by the commissioner of the department of correctional services, on which the victim may indicate a demand to be informed of the escape, absconding, discharge, parole, conditional release or release to post-release supervision of the person so imprisoned. If the victim submits a completed form to the prosecutor, it shall be the duty of the prosecutor to mail promptly such form to the department of correctional services.

5. Following the receipt of such form from the prosecutor, it shall be the duty of the department of correctional services, at the time such person is discharged, paroled, conditionally released or released to post-release supervision, to notify the victim of such occurrence by certified mail directed to the address provided by the victim. In the event such person escapes or absconds from a facility under the jurisdiction of the department of correctional services, it shall be the duty of such department to notify immediately the victim of such occurrence at the most current address or telephone number provided by the victim in the most reasonable and expedient possible manner. In the event such escapee or absconder is subsequently taken into custody by the department of correctional services, it shall be the duty of such department to notify the victim of such occurrence by certified mail directed to the address provided by the victim within forty-eight hours of regaining such custody. In no case shall the state be held liable for failure to provide any notice required by this subdivision.

§ 42. Notwithstanding any other provision of law, by January 1, 1999, the department of correctional services shall establish an automated telephone system that a victim, family member of a victim, a witness or any member of the general public may call to obtain information relating to the crime and sentence of an inmate who is serving a determinate or indeterminate sentence of imprisonment. The department of correctional services, in consultation with the department of motor vehicles, shall also develop a public awareness campaign and disseminate information regarding the availability of the automated telephone system in conjunction with licensing and motor vehicle registration application and renewal procedures of the department of motor vehicles. In addition, by April 1, 1999, the division of parole, in cooperation with the department of correctional services, shall implement a program to provide a victim, family member of a victim, a witness, or any member of the general public with access to information concerning the community of residence of a person who has been paroled, conditionally released or released to post-release supervision and the address and telephone number of the regional parole office to which such person has been assigned.

§ 43. Section 149-a of the correction law is REPEALED.

§ 44. This act shall take effect immediately; provided, however that sections one through thirty-nine of this act shall apply to offenses

committed on or after September 1, 1998, offenses committed prior to such date shall be governed by the provisions of law in effect at the time the offense was committed; provided, however, that nothing contained herein shall be deemed to affect the application, qualification, expiration, reversion or repeal of any provision of law amended by any section of this act and the provisions of this act shall be applied or qualified or shall expire or revert or be deemed repealed in the same manner, to the same extent and on the same date as the case may be as otherwise provided by law.

REPEAL NOTE.--Section eight of this act repeals subdivision 4 of section 70.02 of the penal law, relating to indeterminate sentencing of violent felony offenders. Section forty-three of this act repeals section 149-a of the correction law, relating to victim notification of certain inmate releases.

1998 FELONY SENTENCING (POST JENNA'S LAW)

| FELONY SENTENCING STATUS | Death Penalty | Life No Parole | INDETERMINATE SENTENCES | DETERMINATE TERM | Straight Probation | 'Split' Sent., Definite Sent (up to 1 yr), Cond Disch. or Intermittent | PLEA LIMITATIONS See CPL §220.10 |
|---|---|---|---|---|---|---|---|
| Murder 1 | Yes[3] | Yes[4] | Min 20-life; Max: 25-life[5] | NO | NO | NO | C VFO |
| All other A-1 Felonies & all Persistent non-violent felons | | | Min: 15-life Max. 25-life[6] | NO | NO | NO | Art. 220-With YO:B Art 220-No YO:A-II Non-drug:C VFO |
| A-II Felonies | | | Min 3-life Max 8⅓-life[7] | NO | LIFETIME if Art. 220 & def. provides Material Ass.[8] | NO | Art.220: B Felony |
| A-II Predicate Felonies | | | Min. sent. 6-life Max. sent. 12½-life[9] | NO | | NO | |
| B Felony Non-Predicate, Non-VFO | | | Min 1-3; Max 8⅓-25[10] except PL 220.44(2) min. is 2-6 yrs. | NO | NO | NO | If the top count is a B AFO, the minimum plea must be to a class C VFO. |
| B VFO[11], Non-predicate | | | Crime before 10/1/95 Min: 2-6. Max: 8⅓-25 yrs.[12] If AFO 6[13] On or after 10/1/95 Min 3-6; Max 12½-25[14] | Crime on or after 9/1/98 (Determinate not mandatory for certain domestic abuse situations)[15] Min. Term: 5 yrs. Max. Term: 25 yrs.[16] Whole or ½ yrs only[17] plus from 2½ to 5 yrs post-release supervision[18] C.U.Firearm 1° add a 5 yr consec. sentence.[19] | NO<br>NO | NO<br>NO | If the top count is a B VFO, the minimum plea must be to a class D VFO. |
| B Predicate felon; current conviction is not a VFO | | | Min: 4½-9 years; Max: 12½-25 yrs[20] | NO | LIFETIME if Art 220[21] | NO | Art. 220 cases, the minimum plea is to a D Felony. |
| B Predicate; First conviction is not a VFO, current is a VFO | | | Crime before 10/1/95: Min: 4½-9 yrs. Max: 12½-25 yrs[22] | On or after 10/1/95 Min. Term: 8 yrs. Max Term: 25 yrs;[23] If crime on or after 9/1/98 add from 2½ to 5 yrs post-release supervision[18] | NO | NO | |
| B Predicate Violent | | | Crime before 10/1/95: Min: 6-12 years, Max: 12½ to 25.[24] | On or after 10/1/95 Min Term 10 yrs; Max Term: 25 yrs. Whole or ½ yrs only.[25] If crime on or after 9/1/98 add from 2½ to 5 yrs post-release supervision[18] | NO | NO | All other B Felonies, the minimum plea is to an E Felony |
| B Persistent Violent Felony Offender, (Mandatory) | | | Crime before 10/1/95: Min 10-life; Max 25-life[26] On or after 10/1/95: Min 20-life; Max 25-life[27] | No | NO | NO | |
| B Non-Violent Persistent | | | (Discretionary): See sentencing range for all other A-1 felonies above PL §70.10(2) | | | | |

(1) PL §70.02(3) eff. 9/1/98.
(2) PL §60.12(1) eff. 9/1/98.
(3) PL §60.06. Can be imposed only by unanimous jury verdict after trial, CPL §400.27. If imposed, must be set aside if defendant suffers from Mental Retardation unless convicted under PL §125.27(1) (a) (iii) and defendant was in the custody of a correctional institution when the killing occurred, CPL §400.27(12)(d). Cannot be carried out if the inmate is incompetent Corr. Law §656 or pregnant, Corr. Law §657. See CPL §400.27 for Mental Retardation proceedings.
(4) PL §70.00(5). Available to the court if defendant pleads guilty, CPL §220.10(5)(e). After trial, unless the District Attorney withdraws intent to seek the Death Penalty, life imprisonment can only be imposed by unanimous consent of the sentencing jury, CPL §400.27(11)(e).
(5) PL §70.00(3)(a)(i).
(6) PL §70.00(2)(a)&(3)(a)(i).
(7) PL §70.00(2)(a)&(3)(a)(ii).
(8) PL §65.00(1)(b).
(9) PL §70.06(3)(a)&(4)(a).
(10) PL §70.00(2)(b)&(3)(b). Except for PL §220.44(2), the minimum must be at least one year but can be less than one-third the maximum.
(11) See PL §70.02(1)(a) for all current class B Violent Felony Offenses (VFOs).
(12) PL §70.02(3)(a)&(4) before 10/1/95.
(13) See CPL §1.20(41) for the definition of an AFO. The minimum must be at least one-third but can be up to half the maximum, PL §70.02(4) before 10/1/95.
(14) The minimum must be half the maximum, PL §70.02(3)&(4) eff. 10/1/95.
(15) PL §60.12(1) eff. 9/1/98.
(16) PL §70.02(3)(a) eff. 9/1/98.
(17) PL §70.02(2)(a) eff. 9/1/98.
(18) PL §70.45(2) eff. 9/1/98.
(19) Effective 1996, a five-year consecutive sentence must be imposed unless "unduly harsh," P.L. §265.09(2).
(20) PL §70.06(3)(b)&(4)(b).
(21) If material assistance is given, see PL §65.00(1)(b).
(22) PL §70.06(3)(b)&(4)(b).
(23) PL §70.06(6)(a) eff. 10/1/95.
(24) PL §70.04(3)(a)&(4) before 10/1/95.
(25) PL §70.04(2)&(3)(a) eff. 10/1/95.
(26) PL §70.08(2)&(3) before 10/1/95.
(27) PL §70.08(2)&(3) eff. 10/1/95.
(28) PL §70.00(2)&(3). The minimum shall not be less than one year nor more than one-third the maximum, PL §70.00(3)b.
(29) See PL §60.05(4) for a list of all class C specified felonies. Except for Article 220 offenses, first-time felony offenders convicted of any class C "specified" felony must receive an indeterminate sentence.
(30) See PL §70.02(1)(b) for all current C VFOs.
(31) PL §70.02(3)(b)&(4) before 10/1/95.
(32) PL §70.02(4) eff. 10/1/95. The minimum must be half the maximum.
(33) PL §70.02(3)(b) eff. 9/1/98.
(34) PL §70.06(3)(c) and (4)(b).
(35) PL §70.06(3)(c) and (4)(b).
(36) PL §70.06(6)(b) eff. 10/1/95.
(37) PL §70.04(3)(b) and (4) before 10/1/95.
(38) PL §70.04(4) & (3)(b) eff. 10/1/[illegible]
(39) PL §70.08(2) and (3)(b) before [illegible]
(40) PL §70.08(2) and (3)(b) eff. [illegible]
(41) PL §70.00(2)(d)&(3)(b). The [illegible] must be at least 1 year, but can be less [illegible] third of the maximum, PL §70.00(3)[illegible]
(42) PL §60.05(5).
(43) PL §60.05(5), 70.00(4) & 60.01 [illegible]
(44) See PL §70.02(1)(c) for all [illegible] VFOs.
(45) PL §70.00(2)(d) and (3)(b).
(46) PL §70.02(4) eff. 10/1/95. The [illegible] must be half the maximum.
(47) PL §70.02(3)(c) eff. 9/1/98.
(48) PL §60.05(5). If the indictment [illegible] AFO, only an indeterminate sentence [illegible] sentence of one year is allowed unless [illegible] finds mitigating circumstances, defen[illegible] ticipation was minor or there are [illegible] the proof, see PL §70.02(5).
(49) PL §60.05(5), 70.00(4) and [illegible]
(50) PL §70.02(4) eff. 10/1/95.
(51) PL §70.02(3)(c) eff. 9/1/98.
(52) If defendant is not a predicate [illegible] not have any A misdemeanor convictio[illegible] the past five years, defendant can be [illegible] than one year if one year in jail would [illegible] harsh, PL §70.02(2)(c)(i). If defendan[illegible] predicate, but does have an A misdemea[illegible] viction within the past five years the c[illegible] find either mitigating circumstances, [illegible] fendant's participation was minor or [illegible] cause of deficiencies in the prosecuti[illegible] see §70.02(5)(b)&(c).
(53) PL §70.06(3)(d) and (4)(b).
(54) PL §70.06(7) and & CPL §410 [illegible]
(55) PL §70.06(3)(d) and (4)(b).
(56) PL §70.06(6)(c) eff. 10/1/95.
(57) PL §70.04(3)(c) and (4) befor[illegible]
(58) PL §70.04(2) and (3)(c), eff. [illegible]
(59) PL §70.08(2) and (3)(c) befor[illegible]
(60) PL §70.08(2) and (3)(c) eff. [illegible]
(61) See PL §70.02(1)(d) for class [illegible]
(62) PL §60.02 and CPL Article 72[illegible]
(63) PL §70.00(2)(e) and (3). The [illegible] must be at least one year, but can be [illegible] one-third of the maximum, PL §70.0[illegible]
(64) PL §70.00(2)(e) and (3)(b). The [illegible] must be at least one year but no more [illegible] third of the maximum.
(65) PL §70.02(4) eff. 10/1/95.
(66) PL §70.02(3)(d) eff. 9/1/98.
(67) If the defendant does not ha[illegible] misdemeanor convictions within the p[illegible] and the Court finds one year in jai[illegible] unduly harsh, PL §70.02(2)(d)(i). I[illegible] does have an A misdemeanor convic[illegible] the past five years the court must [illegible] mitigating circumstances, or that [illegible] participation was minor or the existe[illegible] ciencies in the prosecution's [illegible] §70.02(5)(b)&(c).
(68) PL §70.06(3)(e) and (4)(b).
(69) PL §70.06(7) and CPL §410.[illegible]
(70) PL §70.06 (3)(e).
(71) PL §70.06(3)(e) and (4)(b).
(72) PL §70.06(6)(d) eff. 10/1/95.
(73) PL §70.04(3)(d) and (4).
(74) PL §70.04(2)&(3)(d) eff. 10/1[illegible]
(75) PL §70.08(3). The statute is si[illegible] ing the minimum but People v. Gree[illegible] 181, (1986) mandates a two year o[illegible]
(76) See PL §70.05.

P 1 of 2

?-1998 FELONY SENTENCING (POST JENNA'S LAW) P.2 of:

| FELONY & SENTENCING STATUS | INDETERMINATE SENTENCES | DETERMINATE TERM | Straight Probation | "Split" Sent, Definite Sent (up to 1 yr), Cond Disch. or Intermittent | PLEA LIMITATIONS See CPL §220.10 |
|---|---|---|---|---|---|
| C Felony Non-Predicate Non-VFO | If imposed, Min: 1-3 yrs; Max. is 5-15;[28] Certain non-VFO C 'Specified' felonies[29] have a mandatory indeterminate sent. | NO | YES: except Specified C Fels 60.05(4) | No intermittent for any C Fel. CF & CSCS4 can get a 'split' or definite sent. All other C 'Specified' Fels must get an indeterminate sent. For all other non-VFOs all sentences herein allowed | C AFO or VFO: the minimum plea must be to at least a D VFO. All other C Felonies no downward limit |
| C VFO,[30] Non-Predicate | Crime before 10/1/95 Min 1½-4½, Max 5-15[31] On or after 10/1/95 Min: 2½-4½ yrs Max: 7½-15 yrs[32] | If crime on or after 9/1/98 (Determinate not mandatory for certain domestic abuse situations)[15] Min Term: 3½ yrs. Max Term: 15 yrs.[33] Whole or half yrs only.[17] Plus from 2½ to 5 yrs post-release supervis. [18] | NO | NO | except predicate felons who must plead guilty to at least an E felony |
| C Pred. current conv. not a VFO | Min 3-6; Max 7½-15 yrs[34] | NO | NO | NO | |
| C Predicate; Prior conviction not a VFO, current conviction is a VFO | Crime before 10/1/95 Min: 3-6 yrs Max: 7½-15 yrs[35] | On or after 10/1/95 Min. Term: 5 yrs; Max Term: 15 yrs[36] If crime on or after 9/1/98 add from 2½ to 5 yrs. post-release supervision.[18] | NO | NO | All Predicate Felons must plead guilty to a felony |
| C Predicate Violent; | Crime before 10/1/95 Min: 4-8 yrs Max: 7½-15 yrs[37] | On or after 10/1/95 Min Term: 7 yrs; Max Term: 15 yrs. Whole or half yrs only.[38] If crime on or after 9/1/98, add from 2½ to 5 yrs post-release supervision[18] | NO | NO | |
| C Persistent Violent Felony Offender, (Mandatory) | Crime before 10/1/95 Min: 8-life Max: 25-life[39] On or after 10/1/95 Min 16-life Max 25-life[40] | NO | NO | NO | |
| C Non-VFO Persistent | (Discretionary): See all other A-1 felonies above, PL §70.10(2). | | | | |
| D Felony, Non-Predicate, Non-VFO | Min: 1-3 yrs. Max: 2⅓-7 yrs[41] | NO | YES except Att/Prom Pros. 2[42] | YES however no Cond. Disch. is permitted for Att/Prom Pros. 2[43] | If top count is 265.02(4): If def. has A misd conv. within 5 yrs, def. must plead guilty to |
| D VFO,[44] Non-Predicate, (except Handgun VFOs) | Crime before 10/1/95 Min 1-3; Max 2⅓-7[45] On or after 10/1/95 Min 1½-3 Max 3½-7[46] | If crime on or after 9/1/98 (Determinate not mandatory for certain domestic abuse situations)[15] Min Term 2 [illegible] 7 yrs.[47] Plus from 1½ to 3 yrs post-release supervision.[18] | YES except Att/Ass 1 & Ass 2[48] | YES except no Cond. Disch. for Att/Ass 1 & Ass 2.[49] If originally an AFO, see fn#48 | a D or E VFO. If def. doesn't have A misd conv. within 5 yrs, def. can plead to an E VFO or PL 265.01(1). If top |
| D VFO HANDGUNS: Non-predicate: PL § 265.02(4)&(5) and C.S.Firearm 2° | Crime before 10/1/95 Min: 1-3; Max: 2⅓-7 On or after 10/1/95 Min 1½-3 Max 3½-7[50] | If crime on or after 9/1/98 (Determinate not mandatory for certain domestic abuse situations).[15] Min. Term: 2 yrs. Max. Term: 7 yrs.[51] Plus from 1½ to 3 yrs post-release supervision. | YES[52] | YES: However, if the sentence is less than 1 yr, see fn #52 | count is 265.02(5) or 265.1 def must plea to D or E VFO 220.10(5)(d)(iv). |
| D Predicate Felon; current conviction is not a VFO | Min: 2-4 yrs. Max: 3½-7 yrs[53] or Parole Supervision[54] | NO | NO | NO | All Predicate Felons must plead guilty to a Felony |
| D Predicate: Prior conviction not a VFO, current conviction is a VFO | Crime before 10/1/95 Min. is 2-4 yrs. Max. is 3½-7 yrs.[55] | On or after 10/1/95 Min. Term: 3 yrs. Max. Term: 7 yrs.[56] If crime on or after 9/1/98, add 1½ to 3 yrs post-release supervision.[18] | NO | NO | |
| D Predicate Violent; | Crime before 10/1/95 Min. is 2½-5 yrs. Max. is 3½-7 yrs.[57] | On or after 10/1/95 Min Term: 5 yrs, Max Term: 7 yrs. Whole or half yrs only[58] If crime on or after 9/1/98, add 1½ to 3 yrs post-release supervision.[18] | NO | NO | |
| D Persistent Violent-(Mandatory) | Crime before 10/1/95: Min 6-life;Max 25-life[59] On or after 10/1/95: Min 12-life; Max 25-life[60] | NO | NO | NO | |
| D Non-VFO Persistent | (Discretionary): See all other A-1 Felonies above, PL §70.10(2) | | | | |
| E Non-Predicate Non-VFO[61] AND ALL Y.O. SENTENCES[62] | Min sent: 1-3 yrs. Max. sent: 1⅓-4 yrs.[63] | NO | YES | YES | PL 240.3? - E fel plea only. |
| E VFOs Non-Predicate: The only E VFOs are 110/265.02 (4) and 110/265.02 (5) | Crime before 10/1/95 Min:1-3; Max 1⅓-4[64] On or after 10/1/95 Min: 1⅓-3; Max: 2-4 yrs.[65] | Effective 9/1/98 (Mandatory except for certain domestic abuse situations)[15] Min. Term: 1½ yrs. Max. Term: 4 yrs.[66] Plus from 1½ to 3 yrs. post-release supervision.[18] | YES[67] | YES: However, if the sentence is less than 1 yr, see fn #67 | If def. has A misd. conv. within 5 yrs, def. must plea to an E VFO. If not, def. can plea to the A misd. 265.01(1) |
| E Predicate: Current Conviction is not a VFO. | Min 1½-3; Max 2-4[68] or Parole Sprvsn[69] but the max. for Agg. Harr. by an Inmate is 2½-5[70] | NO | NO | NO | All predicate and persistent felons must plead guilty to a felony. |
| E Predicate: Prior conviction not a VFO, current conviction is a VFO | Crime before 10/1/95 Min. is 1½-3 yrs. Max. is 2-4 yrs.[71] | On or after 10/1/95 Min. Term: 2 yrs. Max. Term: 4 yrs[72] If crime on or after 9/1/98, add 1½ to 3 yrs post-release supervision.[18] | NO | NO | |
| E Predicate Violent Felony Offender | Crime before 10/1/95: The only possible sentence is 2-4 years[73] | On or after 10/1/95 Min Term: 3 yrs. Max Term: 4 yrs. Whole or half yrs only[74] If crime on or after 9/1/98, add 1½ to 3 yrs post-release supervision.[18] | NO | NO | |
| E Violent Persistent Felony Offender; Mandatory | The minimum sentence is 2 to life.[75] | NO | NO | NO | |
| E non-VFO Persistent Offender | (Discretionary): See all other A-1 felonies above, PL §70.10(2). | | | | |
| J.O. If J.O. does not receive Y.O. (no Y.O. for A felon[illegible] | The felonies for which 13,14 & 15 year olds can be prosecuted and sentenced in Supreme Ct is in PL §10.00(18) [illegible] | | | | |