UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others
similarly situated,

                              Plaintiffs,                  08 Civ. 2460 (SHS)

     – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                              Defendants.
------------------------------------------------------------------------x


## SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION


EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

LAW OFFICES OF JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**PAGE NO(s)**:

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Abstention Is Not Warranted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    The Recent State Legislation Does Not Require Plaintiffs to be Resentenced and Does Not Preclude Plaintiffs From Obtaining Relief in This Court . . . . . . . . 4

    III.    Any Attempt By Defendants To "Resentence" Plaintiffs Will Fail . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In accordance with this Court's Order dated June 9, 2008, plaintiffs Lawrence Hardy and Ramone Cross submit this supplemental reply memorandum of law in further support of their motion for a preliminary order pursuant to Fed. R. Civ. P. 65, directing defendants Brian Fisher and Anthony J. Annucci to:

> vacate, withdraw and/or nullify (I) all terms and conditions of PRS imposed upon persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s), and (ii) all outstanding arrest warrants predicated upon alleged violations of the terms or conditions of PRS by persons whose judicially imposed determinate sentence(s) did not include a term of PRS, and whose maximum determinate sentence(s) date has expired.

Order to Show Cause, dated March 14, 2008.[1]

## ARGUMENT

In their latest filing,[2] defendants histrionically charge that the relief plaintiffs seek will "nullify," "override," "impede," "replace," and "subvert," defendants' resentencing initiative and the recently enacted state legislation. Defs.' Supp. Br. at 2-3, n.4&7. This is false and defendants know it. If granted, the preliminary relief plaintiffs seek – the suspension of PRS and its adverse impact on the plaintiff class – will have no effect at all on defendants' resentencing initiative, the recent legislation, or defendants' now moribund State Court Action.

The putative plaintiff class in this action is narrow and limited. Its members consist solely of persons who have been subjected to PRS past the maximum expiration date of their

---

[1] Plaintiffs have withdrawn, without prejudice, that portion of their motion for a preliminary injunction which sought an order directing the "(B) release from custody of all persons whose judicially imposed determinate sentence(s) did not include a term of PRS, but who nevertheless are being detained after the maximum expiration date of their determinate sentence(s) for allegedly violating the terms and conditions of PRS." Order to Show Cause, dated March 14, 2008.

[2] *See* Defendants' Memorandum Of Law In Further Support Of Abstention And Defendants' Motion To Dismiss The Complaint ("Defs.' Supp. Br."). Notwithstanding the title, defendants have never moved to dismiss plaintiffs' complaint or amended complaint.

determinate sentence and who were not sentenced to PRS by a judge. Each and every class member, *without exception*, has thus served her/his entire judicially imposed sentence.[3] They have fully satisfied their judgments of conviction and have been released from prison. Moreover, plaintiffs' motion is further limited because it expressly excludes relief for those class members while they are reincarcerated based on alleged PRS violations.

Thus, *every* putative class member who will benefit from the requested injunction has (1) served her/his entire judicially imposed sentence and (2) is not currently incarcerated on an alleged violation of PRS. This group is the *very lowest* priority for defendants' resentencing initiative. Defendants will not manage to stimulate any potential resentencing proceedings concerning this group for many years to come. In the meantime, defendants have made it plain that, absent an order from this Court, they will keep subjecting these individuals to illegal PRS notwithstanding *Wampler*, *Earley*, or *Garner*. Defendants' misconduct must be stopped. The time is now.

Insofar as defendants eventually seek to resentence members of the proposed plaintiff class, an order from this Court preliminarily suspending the adverse effects of PRS will have no impact on any such a proceeding. Plaintiffs are not seeking an order prohibiting or precluding defendants or the state courts from attempting to resentence plaintiffs although any attempt to do so would be seriously misguided. It's one thing to resentence or correct the sentence of a person who is serving the sentence at the time of resentencing proceeding. It is quite another

---

[3] The putative class does not include any of the tens of thousands of inmates who are currently serving their determinate sentences. This group has not yet been harmed by defendants' unconstitutional practice of imposing PRS administratively, and may never be, because defendants' resentencing initiative contemplates bringing these individuals back to sentencing courts so that their sentences can be "corrected." Thus, the vast majority of persons effected by defendants' resentencing initiative are not members of the putative class in this action.

to attempt to retroactively expand upon a fully satisfied judgment of conviction. *See* Point III, below. In any event, if plaintiffs' motion is granted, defendants will remain free to pursue this course.

## I.     Abstention Is Not Warranted

Defendants' abstention argument retreads old legal ground. The three "proceedings" they identify as ongoing for abstention purposes under *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) are: (1) proceedings defendants' *intend* to stimulate in the years to come seeking to resentence plaintiff class members; (2) "numerous"[4] pending individual challenges to PRS brought by putative class members in state courts; and (3) the borderline defunct state court declaratory judgment action that DOCS brought to preempt this case. Defs.' Supp. Br. at 1-3.

First, at this moment – and for months if not years to come – the proceedings envisioned by defendants' resentencing initiative for members of the plaintiff class do not exist. They are certainly not ongoing. They do not qualify for *Younger* or *Colorado River* purposes.

Second, insofar as there may be a handful (or even a few dozen) individual actions in state court brought by putative class members who are not presently incarcerated, they are not enforcement proceedings for *Younger* purposes and are not parallel proceedings for *Colorado River* purposes.

Third, DOCS is no longer pursuing its state court declaratory judgment action. After the recent legislation was enacted, DOCS withdrew its motion for a preliminary injunction.

---

[4] Defendants studiously avoid ever quantifying the actual number of "numerous" pending proceedings, Defs.' Supp. Br. at 2, even though they obviously know approximately how many there are. It is safe to assume, based on this refusal to disclose, that the actual numbers are *de minimus* when compared to the thousands of persons who will benefit from the requested injunction.

*See* copy of Letter from Michael J. Keane, Esq., dated June 27, 2008, attached as Ex. 1 to Supplemental Declaration of Matthew D. Brinckerhoff ("Brinck. Supp. Decl."). The preliminary injunction DOCS sought in the State Court Action was exactly the same as the final relief it sought in its complaint. DOCS has taken no further steps to pursue the State Court Action. Of course, even if it did revive its moribund State Court Action, abstention would still be improper for all of the reasons set forth in plaintiffs' supplemental brief, dated June 23, 2008.

II.   **The Recent State Legislation Does Not Require Plaintiffs to be Resentenced and Does Not Preclude Plaintiffs From Obtaining Relief in This Court**

Defendants explain New York State's recent legislation regarding PRS statutes (the "PRS Legislation") in a manner that suggests that plaintiffs must be resentenced and that courts other than plaintiffs' original sentencing court have no authority to effect PRS issues. *See* Defs. Supp. Br. at 8, 23. In fact, the PRS Legislation neither requires that plaintiffs' original sentencing courts engage in resentencing them nor does it preclude plaintiffs from obtaining meaningful relief in this Court.

Defendants claim that S8714, passed by the New York State legislature June 24th and signed into law by Governor Paterson June 30th, requires that "[p]laintiffs and the putative plaintiff class, ***all*** – without exception – must be referred to their sentencing courts to have PRS errors corrected where those errors were committed." *Id.* at 8. (emphasis supplied) (citing Senate Bill Number 8714). Defendants further state:

> [t]he sentencing courts are the ***only*** courts where the errors can be corrected. Neither this federal Court, nor any New York State Article 78 or Article 70 court is capable of resolving PRS issues with any finality.

*Id.* (emphasis supplied). Defendants imply that as a result of this language, any Order from this Court regarding PRS issues is fruitless because it would not resolve such issues "with any finality." *Id.*

-4-

This is misleading. The PRS Legislation does not require resentencing of persons where DOCS illegally imposed PRS upon them. Instead, it expressly authorizes courts to impose determinate sentences without PRS when the district attorney consents to such a disposition. *See* Penal Law § 70.85 ("the court may, notwithstanding any other provision of law but only on consent of the district attorney, re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision, which then shall be deemed a lawful sentence"), attached as Ex. A to the Declaration of Michael J. Keane, dated July 7, 2008 ("Keane Decl."). And, the PRS Legislation further contemplates that sentencing courts might choose not to impose post-release supervision or not to resentence a defendant who never legally had PRS imposed upon them. *See* Correction Law § 601-d(5) ("The court shall promptly notify the agency that referred a designated person whenever it (a) resentences the defendant to a sentence that includes a term of post-release supervision; or (b) determines that it will not resentence the defendant under this section ***or otherwise***"), attached as Ex. A to Keane Decl. (emphasis supplied). Therefore, the PRS Legislation does not require that plaintiffs be resentenced by their original sentencing courts. Indeed, these courts may choose not to resentence plaintiffs at all.

The PRS Legislation also explicitly provides that the sentencing court is not the only court that may consider plaintiffs' PRS issues. The legislation expressly provides that "[n]othing in this section shall affect the power of *any court* to hear, consider and decide any petition, motion or proceeding pursuant to . . . *any authorized proceeding*." N.Y. Correction Law § 601-d(8) (emphasis supplied), attached as Ex. A to Keane Decl. This provision *makes clear* that the PRS Legislation does not preclude plaintiffs from seeking relief from this Court. Nor could it, of course. *See* U.S. const. art. VI, sec. 2 (Supremacy Clause).

Plaintiffs are not asking this Court to resolve the PRS issues with finality. They have not requested that this Court nullify PRS and prohibit state courts from engaging in resentencing proceedings. Instead, plaintiffs ask this Court to stop DOCS from continuing to break the law by illegally imposing PRS pending plaintiffs' possible, but not mandatory, resentencings.

### III. Any Attempt By Defendants To "Resentence" Plaintiffs Will Fail

For present purposes, it does not matter whether defendants' threatened resentencing initiative will succeed or fail when it comes to members of the plaintiff class because plaintiffs do not seek an order that curtails or inhibits defendants' "imitative." That said, it is important for the Court to understand that any attempt by defendants to "resentence" plaintiffs is borderline frivolous.

Each and every member of the putative plaintiff class, by definition, has already served his maximum determinate sentence. There is no basis for these individuals to be sentenced *again* by any sentencing court on the exact same charges for which they have already served time. This precise practice is forbidden by the Double Jeopardy Clause of Fifth Amendment of the U.S. Constitution, and every court to address this scenario.

The Double Jeopardy Clause protects an individual from multiple punishments or successive prosecutions for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717-18 (1969), *abrogated on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). It prohibits courts from enhancing a defendant's sentence once the defendant has developed a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980); *see also United States v. Gelb*, 944 F.2d 52, 58 (2d Cir. 1991). "Although an expectation of finality does not legitimately accrue by the mere commencement of the sentence, once a defendant fully

-6-

serves a sentence for a particular crime, the Double Jeopardy Clause's bar on multiple punishments prevents any attempt to increase thereafter a sentence for that crime." *United States v. Silvers*, 90 F. 3d 95, 101 (4th Cir. 1996). Here, each member of the putative class has a clear and legitimate expectation of finality in his original sentence because he served the entire maximum determinate sentence. No member of the class expects that, after the completion of his sentence, he will be forced to return to any court on the same exact charges to be resentenced and to risk additional punishment.

It is important to dispel any notion that the New York Court of Appeals has mandated resentencing in the instant situation, which is like *Garner*, as opposed to *Sparber*. The petitioner in *Garner* was situated differently from the defendants in *Sparber*, not just on procedural grounds, but substantively as well. All of the defendants in *Sparber* were still serving their original determinate sentences, which did not include any PRS terms. The Court of Appeals concluded that, under those circumstances, there was no impediment to resentencing to PRS because the sentencing judge's inherent power to correct an illegal sentence could extend beyond the one-year period the State has to move for resentencing pursuant to CPL 440.40. For this reason, the remedy in *Sparber* was to remand for resentencing.

In *Garner*, in contrast, the petitioner had fully served his maximum determinate sentence which did not include any PRS term. The *Garner* Court did not call for resentencing. Instead, it simply dropped a footnote indicating in conditional terms that the decision was "without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum." The Court of Appeals in no way authorized resentencing in this scenario – nor could it, in light of the Double Jeopardy Clause. Courts in Ohio and Florida have reached this same conclusion when faced with strikingly similar facts.

In *Hernandez v. Kelly*, 844 N.E.2d 301 (Sup. Ct. Ohio 2006), the Supreme Court of Ohio examined whether an individual who had already served his court-imposed seven year sentence could be subject to an additional five year term of postrelease control, which had been administratively imposed by the Adult Parole Authority. There, as here, "[t]he trial court . . . did not notify [the individual] at his sentencing hearing that he would be subject to mandatory postrelease control and did not incorporate postrelease control into its sentencing entry." *Id.* at ¶ 16. There, as here, the government sought to resentence the individual to postrelease control *after* he had served his complete court-imposed sentence, claiming that "its authority and duty to do so emanate from [state law]." *Id.* The Supreme Court of Ohio squarely rejected that claim, concluding that an administrative body of the executive branch "was not authorized to put [an individual] on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry." *Id.* at ¶ 32. The Court ordered the postrelease term to be vacated because the sentence imposed by the court had been fully served. *Compare State ex rel. Cruzado v. Zaleski*, 856 N.E. 2d 263, 264 (Sup. Ct. of Ohio 2006) (permitting resentencing to postrelease control where "defendants' original sentence had *not* expired") (emphasis supplied); *see also State v. Leonard*, No. 2006 A 0064 (Ct. Appeals Ohio, Mar. 20, 2007) (discussing subsequent legislation that amended the postrelease control statute to authorize a sentencing court to add postrelease control to a sentencing order only in the time period *before* a defendant finished serving his original court-imposed sentence).[5]

---

[5] The appellate courts of Florida have addressed similar issues. In *Sneed v. State*, 749 So.2d 545 (Fla. App. 4 Dist. 2000), the District Court of Appeal of Florida held that where a defendant has served the full length of his sentence, he cannot be sentenced to a longer period of incarceration, even if the original sentence was calculated based on an error. "[W]here a

(continued...)

This case is no different than *Hernandez v. Kelly*. Each member of the putative class in this case has fully served his court-imposed sentence which did not include PRS. Nevertheless, an executive branch agency is claiming that each of these individual must be resentenced. This simply cannot be done after an individual has served his complete judicially imposed sentence.

As all of the foregoing makes clear, if defendants here actually intend to carry out their resentencing initiative with regard to this putative plaintiff class – *i.e.*, if defendants try to continue illegally imposing PRS on individuals who have completely served their judicially imposed sentences – the Double Jeopardy Clause would pose an insurmountable obstacle to their efforts.

Indeed, defendants' unconstitutional efforts have already been rejected in New York. In *Jackson v. Cuomo*, No. 2008-0462, 2008 WL 2677252 (N.Y. Sup. June 30, 2008), for example, the Court rejected the State's attempt to resentence to PRS an individual who had already served his complete judicially imposed sentence. The Court explained that any PRS term imposed was "void" because "[i]t is clear that the [State] ha[s] no authority to impose a term of post release supervision upon the petitioner . . . that is solely within the province of the sentencing judge." *Id.* at *2. Likewise, in *People ex rel Benton v. Warden*, 2008 WL 2132803 (N.Y. Sup. May 21, 2008), the Court rejected defendants' plan to use retroactive *nunc pro tunc* resentencing as a way to retroactively justify parole violations. The Court concluded that a resentence to PRS in 2008 did

---

[5](...continued)
sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence." *Id.* at 546. This principle has been affirmed by multiple courts. *See, e.g.*, *Willingham v. State of Florida*, 833 So.2d 237 (Fla. App. 4 Dist. 2002) (resentencing after defendant had served full sentence violated Double Jeopardy Clause); *Maybin v. State of Florida*, 884 So.2d 1174 (Fla. App. 2 Dist. 2004) (same).

not retroactively justify a 2006 parole violation based on PRS which DOCS had administratively imposed because "a defendant cannot be violated for PRS where none existed." *Id.* at *3.

Defendants' "initiative" to resentence members of the plaintiff class will fail.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for a preliminary injunction should be granted.

Dated: July 14, 2008
      New York, New York

                           EMERY CELLI BRINCKERHOFF
                                    & ABADY LLP

By: _____/s/_____
    Matthew D. Brinckerhoff (MB-3552)
    Elora Mukherjee (EM-0921)

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

LAW OFFICES OF JOSHUA L. DRATEL, P.C.

By: Aaron Mysliwiec (AM-6258)

2 Wall Street, 3rd Floor
New York, NY 10005
(212) 792-5132

*Attorneys for Plaintiffs*