

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
State Counsel Division

July 15, 2008

(212) 416-8550

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

**BY HAND and ECF**
Hon. Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** Lawrence Hardy, Ramone Cross and Shawn Smith, individually and on behalf of all others similarly situated, v. Brian Fischer, et al. (08 Civ. 2460 (SHS))

Dear Judge Stein:

      This Office represents defendants Brian Fischer, Commissioner of the Department of Correctional Services ("DOCS"), Anthony J. Annucci, Executive Deputy Commissioner of DOCS, Lucien LeClaire, former Acting Commissioner of DOCS and Glenn S. Goord, former Commissioner of DOCS, in the above-referenced action in which plaintiffs purport to challenge as a class DOCS' calculation of mandatory post-release supervision ("PRS") as a part of their criminal sentences.

      Pending before Your Honor is whether the Court should abstain from entertaining the issues in this action in deference to New York State court proceedings that are either ongoing or to be commenced (actions, inter alia, now mandated by legislation enacted on June 30, 2008). As defendants have consistently argued, the issues raised by plaintiffs should be addressed in the State courts, particularly given that the State Court of Appeals – and now the Legislature – have identified the State sentencing courts as the fora in which the issues should be resolved (see also Memorandum of Understanding signed by the Office of Court Administration, DOCS and the Division of Parole, dated July 11, 2008 (Exhibit A) and the Memorandum from OCA to "All Administrative and Supervising Judges of courts exercising criminal jurisdiction," dated July 10, 2008 (Exhibit B)).

      For that reason – that the State courts are the appropriate venue for resolution of PRS issues – defendants are constrained to reject plaintiffs' request that they be relieved of PRS through an order of this Court. Plaintiffs' request, by letter dated July 1, 2008 (to which, contrary to plaintiffs' assertions, defendants ***did*** respond on July 11, 2008) (see letter to plaintiffs' counsel dated July 11, 2008, (Exhibit C)), can be honored only to the extent that this Office will refer plaintiffs' matters to their sentencing courts as the law contemplates. Defendants believe that plaintiffs should make their applications to their sentencing courts, and respect the clear mandates of the Court of Appeals and

the Legislature.

Accordingly, defendants oppose plaintiffs' application for a Temporary Restraining Order, on grounds that this Court should not exercise jurisdiction over the application for a TRO while defendants' application for abstention is pending.

Should the Court decide that it will exercise jurisdiction and not abstain at this time, defendants respectfully request an opportunity to more fully (and formally) brief the issues raised in the application for the TRO.

Similarly, given that there are pending serious abstention issues, the resolution of which will affect plaintiffs' motion for class certification and defendants' response to the First Amended Complaint, defendants request that the Court extend the time for defendants to address class certification and to answer the First Amended Complaint until after the Court decides the abstention issues. Alternatively, we ask that the Court enter a scheduling order pursuant to which a response to the First Amended Complaint and to class certification may be made.

We have reached out by telephone to plaintiffs' counsel to seek their consent to this application, but they have not yet had the opportunity to respond.

Respectfully submitted,

Michael J. Keane
Andrew H. Meier
Assistant Attorneys General

# EXHIBIT A

# MEMORANDUM OF UNDERSTANDING
# BETWEEN
# THE NYS OFFICE OF COURT ADMINISTRATION,
# THE DEPARTMENT OF CORRECTIONAL SERVICES AND
# THE DIVISION OF PAROLE

This is a Memorandum of Understanding (hereinafter "MOU") by and between the **Office of Court Administration** (hereinafter "OCA") with offices at 25 Beaver Street, New York, New York, the **Department of Correctional Services** (hereinafter "DOCS") with offices at Building 2, State Campus, Albany, New York, and the **Division of Parole** (hereinafter "Parole") with offices at 97 Central Avenue, Albany, New York (collectively referred to as the "Parties") for the orderly resentencing of "designated persons" pursuant to Correction Law §601-d.

**WHEREAS**, in 1998, the New York State Legislature enacted Jenna's Law, which amended the Penal Law to end "indeterminate sentences" (i.e., sentences running between certain minimum and maximum periods set by the court at the time of sentencing) for criminal defendants convicted of violent felonies; and

**WHEREAS**, Jenna's Law required "determinate" sentences and created a schedule of mandatory terms of post-release supervision (hereinafter "PRS") to be included as a part of the determinate sentences of violent felony offenders; and

**WHEREAS**, in many cases, defendants were not informed at the time of sentencing that they would be subject to a term of PRS following completion of their determinate sentence, and DOCS therefore factored in terms of PRS as required by the Penal Law when performing time computations for those defendants;

**WHEREAS**, over time, offenders challenged DOCS' practice of adding PRS to their determinate sentences and courts throughout the State were split on this legal issue, with some finding that PRS automatically was a part of the sentence by operation of law, and others finding PRS had to be expressly imposed by the sentencing court; and

**WHEREAS**, on April 29, 2008, the New York State Court of Appeals issued two decisions (*Matter of Garner v. DOCS*, 10 N.Y.3d 358 [2008] and *People v. Sparber*, 10 N.Y.3d 457 [2008]) holding that only the sentencing judge has the authority to impose the PRS component of an offender's determinate sentence, but also ruling that its holding was "without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum"; and

**WHEREAS**, DOCS and Parole, in the months of May and June, identified hundreds of cases of technical violators of post release supervision in state or local custody and, consistent with the holding in *Matter of Garner v DOCS*, sent letters to the sentencing courts requesting resentencing or other appropriate determinations; and

**WHEREAS**, the Legislature passed and Governor Paterson signed Chapter 141 of the Laws of 2008 (effective June 30, 2008; [hereinafter "the legislation"]), adding, among other provisions, a new §601-d to the Correction Law creating a statutory framework that mandates a comprehensive review by sentencing courts of determinate sentences of every "designated person" (i.e., an inmate in the custody of DOCS and a releasee under the supervision of Parole upon whom a determinate sentence was imposed between September 1, 1998 and July 1, 2008, where the commitment order that accompanied such person does not indicate imposition of a term of PRS, and where the agency does not have sentencing minutes showing that a term of PRS was actually pronounced); and

**WHEREAS**, §601-d requires: i) that DOCS and Parole notify the sentencing court of every designated person in its custody or under its supervision so that the court may conduct a review; and ii) that the sentencing court, upon such notification, promptly seek to obtain sentencing minutes, plea minutes, and other relevant records which may show that a term of PRS was actually pronounced at sentence, or reconstruct sentencing proceedings if necessary; and

**WHEREAS**, the Legislature provided as to determinate sentences imposed prior to the effective date of the legislation that every determinate sentence "includes, as a part thereof," a term of PRS, and provided as to determinate sentences imposed on or after the effective date of the legislation, that the sentencing court "shall in each case" state, in addition to the term of imprisonment, a term of PRS; and

**WHEREAS**, the legislation will result in thousands of cases being referred to sentencing courts across the State, and it will be impractical for the courts to provide a fair and expeditious review of these thousands of cases without an orderly program of coordination, prioritization, and planning;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, the Parties do agree as follows:

1. OCA has advised DOCS and Parole that a simultaneous or unstructured referral of all designated persons to the sentencing courts would substantially compromise the ability of the State court system to conduct a fair review of all of the cases under the procedures and timeframes set forth in Correction Law §601-d. Accordingly, to allow for fair and expeditious review, it is necessary for the parties to prioritize cases and establish a schedule for referral of the cases to sentencing courts.

2. In order to ensure the most effective and fair process possible, all designated person letters to the sentencing courts from DOCS or Parole should be routed through the Administrative Judges administering the Judicial District in which the sentencing court is located. The Administrative Judge in each Judicial District, DOCS and Parole shall keep each other informed on the progress of implementation of the legislation, including notifications and resentencing proceedings.

3. DOCS and Parole shall refer cases to the sentencing courts through the Administrative Judge in each Judicial District pursuant to the following priority and schedule:

2

A. Designated persons in DOCS custody solely on the basis of a technical violation of PRS for whom letters were previously sent to the courts, prior to the enactment of the Legislation, requesting resentencing or other appropriate action, who were not resentenced and who are still in DOCS custody as of the date of this MOU, which are estimated to number approximately 400, shall be referred to the sentencing courts as soon as possible but, in any event, not later than July 31, 2008.

B. Designated persons incarcerated in local correctional facilities solely on the basis of a PRS violation warrant for whom letters were previously sent to the courts, prior to the enactment of the Legislation, requesting resentencing or other appropriate action, and who were not resentenced and who are still incarcerated in local correctional facilities as of the date of this MOU, which are estimated to number approximately 100, shall be referred to the sentencing courts as soon as possible but, in any event, not later than by July 31, 2008.

C. Designated persons incarcerated in DOCS or local correctional facilities due to a technical violation of PRS or a PRS violation warrant for whom letters were not sent to the courts prior to the enactment of the Legislation, shall be referred to the sentencing courts by July 31, 2008.

D. Designated persons currently under supervision in the community who were first released to PRS between July 15, 2004 and July 15, 2007, shall be referred to the sentencing courts by October 1, 2008, with no more than 500 cases under this paragraph being referred to sentencing courts prior to September 1, 2008.

E. Designated persons currently under supervision in the community who were first released to PRS between July 16, 2007 and July 15, 2008, shall be referred to the sentencing courts by November 1, 2008.

F. Designated persons released for the first time to PRS between July 15, 2008 and September 1, 2008, shall be referred by Parole to the sentencing courts by November 1, 2008.

G. Designated persons first released to PRS before July 15, 2004, shall be referred to the sentencing courts by December 1, 2008.

H. Notwithstanding the provisions of subparagraphs A through G of this paragraph, designated persons on PRS in the community who have not completed their sentence of imprisonment (i.e., conditional releasees) or who otherwise owe time on their sentence shall be referred to the sentencing courts by December 1, 2008.

I. Designated persons who are going to be released by DOCS for the first time onto post release supervision after September 1, 2008 but before October 1, 2008, shall be referred

3

to the sentencing courts at least 45 days prior to their release date.

J. Designated persons who are going to be released by DOCS for the first time onto post release supervision after October 1, 2008, which are estimated to number approximately 70 to 80 per month, shall be referred to the sentencing courts at least 60 days prior to their release date.

K. Any designated person who has not been referred to the sentencing court prior to his or her subsequent incarceration in a local correctional facility on a PRS violation warrant shall be referred to the sentencing court within 30 days of such re-incarceration.

L. Any designated person who was released and then subsequently returned to DOCS' custody as a result of revocation of PRS, who has not been previously referred to the sentencing court, shall be referred to the sentencing court within 30 days of such return.

4. If at any time an Administrative Judge notifies in writing DOCS or Parole that the present flow of cases into that particular Judicial District is creating or is predicted to create workloads beyond the capacity of such District to provide fair and expeditious review, and, consequently, that the schedule for the flow of designated persons into that Judicial District should be modified, then the schedule provided herein may be modified as to that Judicial District by agreement between that Administrative Judge and those agencies, subject to the approval of OCA.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Memorandum of Understanding to be executed as of the date indicated below.

**DEPARTMENT OF CORRECTIONAL SERVICES**

By: Anthony J. Annucci
Title: Exec. Dep. Comm. & Counsel
Date: July 11, 2008

**DIVISION OF PAROLE**

By: Terrence Tracy
Title: Counsel
Date: July 11, 2008

**OFFICE OF COURT ADMINISTRATION**

By: Michael Colodner
Title: Counsel
Date: July 10, 2008

4

# EXHIBIT B



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
25 BEAVER STREET
NEW YORK, NEW YORK 10004
TEL: (212) 428-2160
FAX: (212) 428-2155

**ANN PFAU**
Chief Administrative Judge

**MICHAEL COLODNER**
Counsel

July 10, 2008

**TO:** All Administrative and Supervising Judges
of courts exercising criminal jurisdiction

**FROM:** Michael Colodner

**SUBJECT:** Form orders implementing recent legislation regarding Post-Release Supervision [PRS]

Last week, we distributed to all Supreme Court Justices and County Court Judges memoranda describing the requirements of chapter 141 of the Laws of 2008, effective June 30, 2008, creating a procedure for the resentencing of criminal defendants where a defendant received a determinate sentence but no term of PRS was included in the commitment order. Over the past week, we have had continuing discussions with the Department of Correctional Services and the Division of Parole on the procedures for implementing the new law, which requires a notice from either of those two agencies to begin the time-limited process of resentencing. We have worked out with DOCS and Parole a structured presentation of these notices so that they will not overwhelm the courts, and DOCS and Parole will immediately begin giving official notice to the courts of the defendants who they believe qualify for review under the statute. Once a court receives official notice, it sets into motion a series of procedures that the court is directed to follow in determining whether to resentence the defendant to a term that includes a period of PRS.

As more fully noted in my earlier memorandum of July 2, 2008, the first task will be for the reviewing court to secure a copy of the sentencing minutes or other relevant material and determine whether a period of PRS was pronounced at the time of sentence. If the court determines that a period of PRS was pronounced at the time of sentence, then the court need not produce the defendant and should issue an order reflecting the basis for that determination together with a superseding commitment order noting the imposition of a term of PRS. Where a court determines that no PRS was pronounced at sentence, however, the court must appoint counsel, produce the defendant and hold a resentencing hearing. Following the hearing, the statute requires the court to issue a written determination and order.

In order to assist judges who hear these matters, two attached model court orders have been drafted for judges to use if they so desire. The first is an order calendaring the case and assigning counsel for the defendant. The second is a multi-purpose order, applicable for determinations whether or not a hearing has been held, that a court can use by simply checking off the provisions that apply. This form order is provided to comply with the statute and does not replace the Uniform Sentence and Commitment Form. Please advise your judges that if the court resentences the defendant, it must issue a new Sentence and Commitment Form to DOCS. Finally, copies of the order must be provided to the District Attorney, the defendant, counsel and DOCS or Parole, along with a copy of the sentencing minutes.

Please distribute this memorandum and the attached model orders to your appropriate judges. Any legal questions regarding this matter may be referred to Paul McDonnell of Counsel's Office at (212) 428-2150.

cc: Hon. Ann Pfau
    Hon. Joan B. Carey
    Hon. Jan H. Plumadore
    Hon. Juanita Bing Newton
    Hon. Judy Harris Kluger
    Lawrence K. Marks
    Ronald Younkins
    Paul McDonnell

NEW YORK STATE : COUNTY OF _____
_____ COURT

------------------------------------------------------x

People of the State of New York

    against

_____, Defendant

------------------------------------------------------x

CALENDARING ORDER
(Correction Law § 601-d)

Inmate: _____

Ind./SCI _____

DIN # _____

NYSID # _____

    Whereas the New York State Department of Correctional Services or Division of Parole (the "Agency") has provided the Court with written notice (the "Notice") that the above-named inmate or releasee (the "defendant") appears to be a "designated person" within the meaning of Correction Law § 601-d, as added by chapter 141 of the Laws of 2008; and

    Whereas Correction Law § 601-d imposes certain requirements for consideration of resentencing of such designated person; and

    Whereas the Court is not aware that a term of post-release supervision was in fact pronounced at the time of the defendant's sentence;

    It is hereby ORDERED that:

    1. Counsel shall be appointed for the defendant pursuant to section 722 of the County Law and provided with a copy of the Notice;

    2. This matter shall be placed on the Court's calendar for _____, 20\_\_.

    3. The clerk shall notify the parties to appear in court on that date and, if the defendant is confined, shall cause an order to produce the defendant to be served on the Department of Correctional Services or other custodian as appropriate.

    4. The clerk shall promptly undertake to obtain sentencing minutes [and plea

minutes] [and _____] and shall provide the parties with any such records as may be obtained.

    SO ORDERED.

                                              _____

                                                         J.S.C./J.C.C.

Dated:

NEW YORK STATE : COUNTY OF _____
_____ COURT

-----------------------------------------------------X

People of the State of New York

    against

_____, Defendant

-----------------------------------------------------X

ORDER (Correction Law § 601-d)

Inmate: _____

Ind./SCI _____

DIN # _____

NYSID # _____

Whereas the New York State Department of Correctional Services or Division of Parole (the "Agency") has provided the Court with written notice (the "Notice") that the above-named inmate or releasee (the "defendant") appears to be a "designated person" within the meaning of Correction Law §601-d, as added by chapter 141 of the Laws of 2008; and

Whereas Correction Law § 601-d imposes certain requirements for consideration of resentencing of such designated person; and

Whereas the Court has considered any documents and other evidence presented to the Court;

It is hereby ORDERED that:

[EITHER]

❏ A. Because a term of post-release supervision was in fact pronounced at the time of the defendant's sentence, as determined by:

    ❏ review of the sentencing minutes;

    ❏ reconstruction of the sentencing proceedings;

    ❏ _____,

a superseding commitment order shall issue reflecting the imposition of such term of post-release supervision. The Clerk shall send this ORDER and the superseding commitment

order to the Agency, the District Attorney, the defendant and defense counsel as provided by Correction Law §601-d(3).

[OR]

❏ B. Because the Court is not aware that a term of post-release supervision was in fact pronounced at the time of the defendant's sentence and because, except as set forth in Penal Law, §70.85, a determinate sentence requires a term of post-release supervision:

> ❏ 1. The defendant is resentenced to a sentence that includes a period of post-release supervision, with terms as stated by the Court in defendant's presence pursuant to Penal Law, §70.45(1), and as reflected in the superseding commitment order;
>
> [OR]
>
> ❏ 2. Pursuant to Penal Law, §70.85, and with the consent of the District Attorney, the defendant is resentenced to the originally imposed determinate sentence without any term of post-release supervision.

The clerk shall immediately provide a copy of this ORDER to the Agency, and also forward a copy to the District Attorney and the defendant and his or her counsel. An original or certified copy of any superseding commitment order shall also be immediately forwarded to the Agency.

    SO ORDERED.

                                                      J.S.C./J.C.C.

Dated:

# EXHIBIT C



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General

State Counsel Division

July 11, 2008

(212) 416-8550

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

**BY FAX**
Elora Mukherjee
Matthew D. Brinckerhoff
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza
New York, New York 10019

Re: LAWRENCE HARDY, RAMONE CROSS and SHAWN SMITH, individually and on behalf of all others similarly situated, v. BRIAN FISCHER, et al. (08 Civ. 2460 (SHS))

Dear Ms. Mukherjee:

This Office responds to your letter of July 1, 2008 in which you ask for defendants' consent to an Order in which a federal court would take jurisdiction over matters properly within the jurisdiction of the New York State courts – you ask essentially that named plaintiffs be relieved of mandatory post-release supervision. Numerous legal impediments preclude such relief.

Defendants cannot consent to such an Order. As you know, defendants herein, the State of New York, and the Office of the Attorney General, among others, have consistently pointed out that for multiple reasons, the federal courts do not have jurisdiction at this point to grant the specific relief you seek for the named plaintiffs. Relief is readily available through the State courts.

Indeed, were plaintiffs genuinely interested in working together, they would voluntarily return to their State sentencing courts immediately to resolve the issues with finality. In light of the enactment of the Governor's legislation on June 30, 2008, your July 1 letter cannot be understood as a "reasonable request." We ask that plaintiffs cooperate in good faith in the resentencing initiatives, now made into law.

Sincerely,

Michael J. Keane
Andrew H. Meier
Assistant Attorneys General