RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KENNISHA A. AUSTIN
DEBRA L. GREENBERGER
ELORA MUKHERJEE

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

July 16, 2008

**By Facsimile No. 212-805-7924**
The Honorable Sidney H. Stein
United States District Judge
500 Pearl Street, Room 1010
New York, NY 10007

      Re:    *Hardy, et al. v. Fischer, et al.*, 08 Civ. 2460 (SHS)

Dear Judge Stein:

      This firm, along with co-counsel, represents plaintiffs in the above-referenced class action. We write in response to defendants' letter dated July 15, 2008, in which defendants: (1) oppose plaintiffs' request for a temporary restraining order made by letter to this Court on July 11, 2008 because "this Court should not exercise jurisdiction over the application for a TRO while defendants' application for abstention is pending"; (2) request "an opportunity to more fully (and formally) brief the issues raised by the application for a TRO"; and (3) ask that their numerous defaults be excused and request an extension of "time for defendants to address class certification and answer the First Amended Complaint."

      1.    **Abstention**. The parties have extensively briefed the abstention issues raised by defendants in opposition to plaintiffs' motion for a preliminary injunction. *See, e.g.*, Docket Entry No. 6 (defendants' brief opposing plaintiffs' motion), No. 13 (plaintiffs' reply brief), No. 24 (plaintiffs' supplemental brief), No. 31 (defendants' supplemental brief addressing abstention), and No. 35 (plaintiffs' supplemental reply brief).

      Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and "[a]bdication of the obligation to decide cases can be justified . . . only in . . . exceptional circumstances." *Williams v. Lambert*, 46 F.3d 1275, 1281 (2d Cir. 1995).[1] Notwithstanding defendants' extensive (and redundant, *compare* Docket Entry Nos. 6 and 31) briefing on abstention, the abstention analysis in this case remains

---

[1] *See also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (district court has "a strict duty to exercise the jurisdiction that is conferred upon [it] by Congress"); *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("Abstention rarely should be invoked, because the federal courts have a virtually unflagging . . . obligation to exercise the jurisdiction given them").

straightforward. First and foremost, abstention is unwarranted because the relief plaintiffs seek will have absolutely no impact on any resentencing proceeding defendants intend to initiate in the state courts sometime in the future. Plaintiffs explained this in their letter to the Court dated July 11, 2008 and in their supplemental reply brief dated July 14, 2008. As is their wont when faced with inconvenient facts or legal rulings, defendants simply ignore this undeniable fact. They thus concede that an order suspending the unconstitutional effects of PRS will have no effect on their plans – none. This alone dooms defendants' abstention argument. There is more though.

This Court should also refuse to abstain in favor of defendants' plans to initiate resentencing proceedings against plaintiffs Hardy and Cross (and other like them) because those proceedings do not yet exist.[2] They were not ongoing when this case was filed in March 2008. They are not ongoing now. They are notional. The *Younger* doctrine only applies when the state court proceedings at issue are *ongoing* at the time the federal action is commenced. *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (*Younger* applies "only when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in federal court'") (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). The same principle applies to defendants' argument for abstention in favor of their now defunct State Court Action which was filed months after proceedings on the merits in this case had taken place.[3]

In the final analysis, defendants' attempt to invoke abstention in opposition to plaintiffs' motion for a preliminary injunction and request for a temporary restraining order is frivolous. Plaintiffs Hardy and Cross are entitled to temporary relief. Indeed, all others similarly situated are entitled to a preliminary injunction. Under no circumstances should this Court grant defendants' request to submit yet another round of briefs concerning abstention under the guise of opposing a request for a temporary restraining order. Defendants have been fully heard over the course of more than four months now. They have argued their cause to the Court on three occasions and have submitted multiple briefs. There is nothing more to be said. Delay will only further prejudice plaintiffs.

Plaintiffs respectfully request that the Court immediately issue an order temporarily restraining defendants as set forth in the proposed order attached to plaintiffs' letter

---

[2] Unlike defendants' plan to resentence individuals who are currently serving their determinate sentences, any attempt to resentence plaintiffs, and others like them, who have fully served their sentences and thus completely satisfied their judgments of conviction will no doubt founder on the Double Jeopardy and Due Process Clauses of the Fifth and Fourteenth Amendments. *See* Supplemental Reply Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, dated July 14, 2008 (Docket Entry No. 35), at 6-10.

[3] The State Court Action was nothing more than a transparent attempt to circumvent this Court's properly invoked jurisdiction. The state court did not cooperate. It twice denied a request for a temporary restraining order, and now DOCS' motion for a preliminary injunction has been withdrawn as moot.

dated July 11, 2008 and/or granting the preliminary relief sought by Order to Show cause dated March 13, 2008 (as modified by plaintiffs' subsequent submissions).

**2.   Answer And Motion For Class Certification.** Defendants were served with the initial complaint in this action on April 16 and 17, 2008. Thus, their time to respond to the complaint expired no later than May 7, 2008. Defendants never responded to the complaint and never sought an extension of their time to do so. Plaintiffs served an amended complaint on June 27, 2008. Defendants' time to respond expired on July 14, 2008. *See* Fed. R. Civ. P. 15(a).

In furtherance of their motion for a class-wide preliminary injunction, plaintiffs moved for certification of an injunctive class pursuant to Fed. R. Civ. P. 23(b)(2),[4] on June 27, 2008. Defendants' time to oppose the motion expired no later than July 14, 2008. *See* Local Civil Rule 6.1(b).

Yesterday morning before 9:00 a.m., I sent defendants' counsel an email inquiring as to whether they intended to oppose plaintiffs' motion to certify an injunctive class since their deadline for serving opposition papers had passed. At 5:35 p.m., defendants' counsel, Michael Keane, called my office and left a voice-mail message seeking plaintiffs' consent to hold the motion for class certification in abeyance pending a ruling on plaintiffs' motion for a preliminary injunction, or alternatively, for more time to file opposition papers. Less than an hour later, before I could return Mr. Keane's phone call, I received a fax copy of his July 15 letter to the Court seeking essentially the same thing.

While plaintiffs have not sought, and do not now seek, to default defendants – their cavalier attitude toward this case and the Court is emblematic of their general disregard for the plaintiffs' rights.[5] Insofar as defendants believe they have a substantive basis for opposing plaintiffs' motion for certification of an injunctive class, they should do so without delay. Given their past practices, *e.g.*, surreptitiously filing a state court action seeking to certify a defendant class of the same persons they are now threatening to oppose, defendants should be given no

---

[4] Mindful of their obligation to move for class certification "at an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), plaintiffs intend to move for certification of a damages class, pursuant to Fed. R. Civ. P. 23(b)(3), as soon as practicable after the Court issues a ruling on their motions for a preliminary injunction and for certification of an injunctive class under Fed. R. Civ. P. 23(b)(2).

[5] Defendants' claim that they "***did*** respond" to plaintiffs' July 1 letter is also indicative of their overall attitude. Plaintiffs sought to resolve the TRO issue informally by letter dated July 1. Ten days later, when plaintiffs wrote the Court, defendants had not responded and plaintiffs accurately said as much in their letter. *After* plaintiff's letter to the Court was sent, and ten days after plaintiffs initial request, defendants responded by disingenuously suggesting that plaintiffs should seek their own resentencing.

more than one additional week, or until July 21, 2008. Plaintiffs will then file their reply in accordance with Local Civil Rule 6.1(b).

Plaintiffs do not oppose defendants' request for additional time to file an answer to the amended complaint, provided that the extension is reasonable.

Defendants' utter disregard for plaintiffs' constitutional rights is manifest. Their delaying tactics should not be countenanced. Plaintiffs respectfully request that the Court: (1) immediately issue a temporary restraining order lifting the effects of defendants' persistent unconstitutional conduct; (2) grant plaintiffs' motion for a class wide preliminary injunction; and (3) direct defendants to respond to plaintiffs' motion for class certification by no later than July 21, 2008.

Respectfully submitted,

Matthew D. Brinckerhoff (3552)

c.   Michael Keane, Esq. (by fax (212.416.8550))