USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/08

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
State Counsel Division

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

**MEMO ENDORSED**   July 15, 2008

(212) 416-8550

[Handwritten endorsement: Def's time to oppose class certification is extended til Aug 1 & def's time to answer or move to first amended complaint is adjourned until 10 days following the determination of the pending motion for a preliminary injunction. So ordered. SHS USDJ 7/18/08]

**BY HAND and ECF**
Hon. Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** Lawrence Hardy, Ramone Cross and Shawn Smith, individually and on behalf of all others similarly situated, v. Brian Fischer, et al. (08 Civ. 2460 (SHS))

Dear Judge Stein:

This Office represents defendants Brian Fischer, Commissioner of the Department of Correctional Services ("DOCS"), Anthony J. Annucci, Executive Deputy Commissioner of DOCS, Lucien LeClaire, former Acting Commissioner of DOCS and Glenn S. Goord, former Commissioner of DOCS, in the above-referenced action in which plaintiffs purport to challenge as a class DOCS' calculation of mandatory post-release supervision ("PRS") as a part of their criminal sentences.

Pending before Your Honor is whether the Court should abstain from entertaining the issues in this action in deference to New York State court proceedings that are either ongoing or to be commenced (actions, inter alia, now mandated by legislation enacted on June 30, 2008). As defendants have consistently argued, the issues raised by plaintiffs should be addressed in the State courts, particularly given that the State Court of Appeals – and now the Legislature – have identified the State sentencing courts as the fora in which the issues should be resolved (see also Memorandum of Understanding signed by the Office of Court Administration, DOCS and the Division of Parole, dated July 11, 2008 (Exhibit A) and the Memorandum from OCA to "All Administrative and Supervising Judges of courts exercising criminal jurisdiction," dated July 10, 2008 (Exhibit B)).

For that reason – that the State courts are the appropriate venue for resolution of PRS issues – defendants are constrained to reject plaintiffs' request that they be relieved of PRS through an order of this Court. Plaintiffs' request, by letter dated July 1, 2008 (to which, contrary to plaintiffs' assertions, defendants ***did*** respond on July 11, 2008) (see letter to plaintiffs' counsel dated July 11, 2008, (Exhibit C)), can be honored only to the extent that this Office will refer plaintiffs' matters to their sentencing courts as the law contemplates. Defendants believe that plaintiffs should make their applications to their sentencing courts, and respect the clear mandates of the Court of Appeals and

the Legislature.

    Accordingly, defendants oppose plaintiffs' application for a Temporary Restraining Order, on grounds that this Court should not exercise jurisdiction over the application for a TRO while defendants' application for abstention is pending.

    Should the Court decide that it will exercise jurisdiction and not abstain at this time, defendants respectfully request an opportunity to more fully (and formally) brief the issues raised in the application for the TRO.

    Similarly, given that there are pending serious abstention issues, the resolution of which will affect plaintiffs' motion for class certification and defendants' response to the First Amended Complaint, defendants request that the Court extend the time for defendants to address class certification and to answer the First Amended Complaint until after the Court decides the abstention issues. Alternatively, we ask that the Court enter a scheduling order pursuant to which a response to the First Amended Complaint and to class certification may be made.

    We have reached out by telephone to plaintiffs' counsel to seek their consent to this application, but they have not yet had the opportunity to respond.

                                                                        Respectfully submitted,

                                                                        Michael J. Keane
                                                                        Andrew H. Meier
                                                                        Assistant Attorneys General