UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others
similarly situated,
       Plaintiffs,
  -against-              08 Civ. 2460 (SHS)

BRIAN FISCHER, in his capacity as Commissioner of the
New York State Department of Correctional Services
(DOCS), and in his individual capacity; ANTHONY J.
ANNUCCI, in his capacity as Deputy Commissioner and
Counsel for DOCS, and in his individual capacity;
LUCIEN J. LECLAIRE, JR., former Acting Commissioner
of DOCS in his individual capacity; GLENN S. GOORD,
former Commissioner of DOCS, in his individual capacity,
and JOHN/JANE DOES 1-50 (DOCS Supervisory, Training,
and Policy Personnel),
       Defendants.
------------------------------------------------------------------------X

## DECLARATION OF ANDREW H. MEIER

  ANDREW H. MEIER declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an Assistant Attorney General in the Office of ANDREW CUOMO, Attorney General of the State of New York. I submit this declaration in support of defendants' motion to dismiss and opposition to class certification.

2. Attached hereto as Exhibit A is a copy of the Sentence and Commitment document of plaintiff Ramone Cross.

3. Attached hereto as Exhibit B are two decisions issued by the Supreme Court, Bronx County, regarding plaintiff Shawn Smith.

4. Attached hereto as Exhibit C are the Sentence and Commitment document and the transcript of the sentencing proceeding of William Rivera.

5. I swear under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

    August 1, 2008                                Respectfully submitted,

                                                  By: *[signature]*

                                                      Andrew Meier (AM 0831)
                                                      Assistant Attorney General
                                                      120 Broadway - 24th Floor
                                                      New York, New York 10271
                                                      (212) 416-8305

# EXHIBIT A

**AMENDED**

## SENTENCE AND COMMITMENT

SUPREME COURT OF THE
STATE OF NEW YORK: COUNTY OF __NY__   PART __61__

The People of The State of New York
vs
__Ramone Cross__   ~~Jr~~ 360
DEFENDANT

INDICTMENT NO. __7543-99__
SENTENCE DATE __Pt. 61  5/24/02__
PRESENT HON. __ON. BONNIE WITTNER__
COURT REPORTER __V. Connorly__

| SEX | AGE | NYSID NUMBER | |
|---|---|---|---|
| Male | 9/5/70 | 6433320 | R |

☒ THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF THE FOLLOWING CRIME(S) IS HEREBY SENTENCED TO:

☐ THE ABOVE NAMED DEFENDANT HAVING BEEN ADJUDICATED A YOUTHFUL OFFENDER FOR THE FOLLOWING CRIME(S) IS HEREBY SENTENCED TO:

| CRIME | SECTION & LAW | DETERMINATE TERM (YRS) | MINIMUM TERM (YRS) | MAXIMUM TERM (YRS) |
|---|---|---|---|---|
| 1. Att. CPW 3° (ct 29) | PL 110/265.02(4) | Four (4) | | |
| 2. | (ct ) | | | |
| 3. | (ct ) | | | |
| 4. | (ct ) | | | |
| 5. | (ct ) | | | |

☐ A DEFINITE TERM OF IMPRISONMENT OF: _____

☐ THE SENTENCE(S) IMPOSED HEREIN SHALL RUN:
   CONCURRENTLY WITH _____
   CONSECUTIVELY TO _____ ULSTER C.F.

RECEIVED JUL 17 2002

☐ ALSO COVERS _____

☐ A SENTENCE OF PAROLE SUPERVISION IS DIRECTED BY THE COURT

☒ AS A ☒ (SECOND) ☐ (PERSISTENT) ☒ (VIOLENT) FELONY OFFENDER

☒ AS AN ARMED FELONY

☒ A MANDATORY SURCHARGE AND CRIME VICTIM ASSISTANCE FEE IN THE AMOUNT OF $ __155__ WAS IMPOSED AND ☐ HAS ☒ HAS NOT BEEN PAID

☐ A FINE OF $ _____ AND THAT DEFENDANT BE IMPRISONED FOR A PERIOD OF _____ DAYS OR UNTIL THE FINE IS SATISFIED

ORDERED THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF:

☒ THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK UNTIL RELEASED IN ACCORDANCE WITH THE LAW, AND BEING A ☒ (MALE) ☐ (FEMALE) PERSON SIXTEEN OR OLDER THE COMMISSIONER OF CORRECTIONS OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER ☒ (HIM) ☐ (HER) TO THE CUSTODY OF THE NYS DEPARTMENT OF CORRECTIONAL SERVICES AS PROVIDED IN 7 NYCRR PART 103

☐ THE DEPARTMENT OF CORRECTIONS OF THE CITY OF NEW YORK BEING A ☐ (MALE) ☐ (FEMALE) PERSON, THE COMMISSIONER OF CORRECTION OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER THE PERSON TO THE NEW YORK CITY CORRECTIONAL INSTITUTION FOR ☐ (MEN) ☐ (WOMEN) UNTIL RELEASED IN ACCORDANCE WITH THE LAW

REMARKS. __Five (5) Years Post Release Supervision. "Pistol"__

PT-61  JUN 21 2002
DATE _____ CLERK OF COURT _____ BY _____ SIGNATURE _____ TITLE _____

SC-CR-S REV 1/96

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: DAMON JOYNER

         Petitioner,
  -against-           Index No. 75045/07

NEW YORK STATE DIVISION OF PAROLE,

         Respondents.
-----------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: SHAWN SMITH

         Petitioner,
  -against-          Index No. 75043/07

NEW YORK STATE DIVISION OF PAROLE,

         Respondents.
-----------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY, CRIMINAL DIVISION: RIKERS ISLAND PART
-----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
EX:REL: WILLIAM RAMOS,

         Petitioner,
  -against-          Index No. 75055/07

NEW YORK STATE DIVISION OF PAROLE,

         Respondents.
-----------------------------------------------------------x

RALPH FABRIZIO, J.

  By decision rendered on May 8, 2007, this Court dismissed each of the defendants'

petitions for habeas corpus release. The defendants now move for renewal of their application seeking release from custody pursuant to writs of habeas corpus. The motion to renew is granted.

The petitioners in the instant cases are seeking to be released from custody after having been incarcerated due to alleged violations relating to post-release supervision. In each of these cases, neither the plea minutes, sentencing minutes nor the order of commitment mentioned a period of post-release supervision. The Department of Correctional Services, however, added a period of post-release supervision to each of the petitioners' sentences. The petitioners argue that this action by the Department of Correctional Services is illegal, because the sentences actually imposed by the courts never included a period of post-release supervision.

This Court relied upon People ex. rel. Garner v. Warden, Riker's Island Correctional Facility, 40 A.D.3d 243 (1st Dept. 2007) in rendering its decision on May 8, 2007. Garner, however, was decided on grounds of res judicata, and therefore, the claims of the petitioners were never heard on the merits.

The recent case of People v. Figueroa, 2007 WL 3287505 (1st Dept.), decided on November 8, 2007, does address, on the merits, the same arguments raised by the petitioners, and the case is binding on this Court. Accordingly, based on the holding in Figueroa, the Court is constrained to grant the petitioners' applications for writs of habeas corpus. The petition is granted and the writ is sustained.

This opinion shall constitute the decision and order of the Court.

Dated: Bronx, New York
December 21, 2007

Ralph Fabrizio, A.J.S.C.

2

FOCUS - 1 of 1 DOCUMENT

[*1] THE PEOPLE OF THE STATE OF NEW YORK EX REL DAMON JOYNER, Petitioner, against NEW YORK STATE DIVISION OF PAROLE, Respondents. THE PEOPLE OF THE STATE OF NEW YORK EX REL SHAWN SMITH, Petitioner, against NEW YORK STATE DIVISION OF PAROLE, Respondents. THE PEOPLE OF THE STATE OF NEW YORK EX REL WILLIAM RAMOS, Petitioner, against NEW YORK STATE DIVISION OF PAROLE, Respondents. THE PEOPLE OF THE STATE OF NEW YORK EX REL SHAWN SMITH, Petitioner, against NEW YORK STATE DIVISION OF PAROLE, Respondents. THE PEOPLE OF THE STATE OF NEW YORK EX REL WILLIAM RAMOS, Petitioner, against NEW YORK STATE DIVISION OF PAROLE, Respondents.

75045/07

SUPREME COURT OF NEW YORK, BRONX COUNTY

*2007 NY Slip Op 50961U; 15 Misc. 3d 1133A; 2007 N.Y. Misc. LEXIS 3335*

May 8, 2007, Decided

**NOTICE:** THIS OPINION IS UNCORRECTED AND WILL NOT BE PUBLISHED IN THE PRINTED OFFICIAL REPORTS.

**HEADNOTES**

Crimes--Sentence--Postrelease Supervision.

**JUDGES:** [**1] Ralph Fabrizio, Acting Justice of the Supreme Court.

**OPINION BY:** Ralph Fabrizio

**OPINION**

Ralph Fabrizio, J.

In the past several months, there have been a great number of decisions, both published and unpublished, dealing with the question of whether a defendant is entitled to habeas corpus release when being held in custody after a finding that the particular defendant is in violation of [*2]the conditions of post-release supervision The argument has been that, since the sentencing judges involved in each of the criminal cases never said on the record that the defendants would be subject to post-release supervision after incarceration, the current detention is illegal because the judges involved had not officially included that term as a part of the sentence. The question has been answered in a myriad of different ways, and there is currently no consensus, even among the intermediate state appellate courts, of whether the defendants who make such an argument are entitled to be released from such confinement, and, if they are, under what circumstances. These are three of only seven cases before this single judge, and they were all submitted for decision in the last four weeks. [1] Many more are calendared already [**2] for future weeks on the "writ" calendar, which is a part of Bronx County Supreme Court convened each Wednesday at Rikers Island, and they will be decided by several other judges. And there are petitions filed all over the state under consideration by judges in those jurisdictions which raise the same issues. Final, binding resolution of the question is very important, not only to the defendants involved in each case, but also to the public.

1  The other four cases involve defendants who were sentenced as first time felony offenders, and were subject to mandatory post-release supervision, the length of which was to be determined by the sentencing court in an exercise of its discretion. Those cases, at present, appear to require application of a different First Department

Case 1:08-cv-02460-SHS    Document 41    Filed 08/02/2008    Page 9 of 19

Page 2

2007 NY Slip Op 50961U, *1; 15 Misc. 3d 1133A;
2007 N.Y. Misc. LEXIS 3335, **2

case, *People v. Hill*, 39 AD3d 1, 830 N.Y.S.2d 33 (1st Dept. 2007), whose outcome was different from *Garner*. See also *People ex rel. White v. Warden*, 2007 N.Y. Misc. LEXIS 228, 2007 WL 329019 (Sup. Ct. Bronx Co, January 26, 2007). Those cases are the subject of a separate decision. *Matter of Feminella v. Warden*, Index No. 76067-07 (Sup. Ct. Bronx County, May 9, 2007).

Post-release supervision was established by the legislature in 1998 as a mandatory [**3] follow-up period to a determinate sentence for violent felony offenders. This legislation is commonly known as "Jenna's Law." Violent felony offenders are now required to serve at least six-sevenths of a determinate prison sentence, followed by mandatory five year periods of post-release supervision for second violent felony offenders, and mandatory periods of between one and a half to five years post-release supervision for first time felony offenders. There are many thousands of defendants serving determinate sentences after being convicted of committing violent felony offenses following the enactment of Jenna's Law. And, by law, they are all subject to mandatory periods of post-release supervision.

The Court of Appeals ruling in *People v. Catu*, 4 NY3d 242, 825 N.E.2d 1081, 792 N.Y.S.2d 887 (2005), was issued nearly seven years after the legislature mandated that violent felony offenders be subject to mandatory post-release supervision. That case clarified that, at least in terms of bargained-for sentences, the defendant had to be actually advised that a mandatory period of post-release supervision would be part of the sentence; if a defendant is not so advised, then that defendant is entitled to petition to have the [**4] plea vacated. If the defendant does not seek this remedy, then that defendant would be subject to mandatory post-release supervision. Presumably, in light of *Catu*, all state trial judges have been careful to mention the mandatory post-release supervision period in such cases both at the time of the plea negotiations, and at the time of sentence.

But there are obviously many defendants who were sentenced to determinate sentences prior to *Catu*, and who could presumably be in the same positions as the defendants in these [*3]cases. These defendants were each sentenced to state prison as second violent felony offenders years before *Catu* was decided; Joyner was sentenced to five years in state prison following his conviction for attempted robbery in the second degree in New York County in 2000; Smith was sentenced to seven years in state prison following his conviction for burglary in the second degree in Kings County in 2000; and Ramos was sentenced to five years in state prison following his conviction for assault in the second degree in New York County in 2002. In each of these cases, brought before the court on habeas corpus applications, the defendants involved seek a remedy different [**5] than the one recognized as valid in *Catu*. They are not asking to have their pleas vacated because they were not informed they would be subject to mandatory periods of post-release supervision. Rather, they are seeking to be released from prison after having been returned to custody based on allegations that they each violated conditions related to their post-release supervision. The case law in this area has centered around the question of whether the department of corrections or department of parole had the authority to enforce the legislature's mandate that the definite sentences for defendants convicted of violent felony offenses committed after September 1, 1998 must include a period of post-release supervision where the court failed to specify that period on the record at the time of sentence. For this court, at this time, in these cases, the answer to that question is now "Yes."

The First Department, whose decisions bind this court, recently recognized the validity of a lower court determination holding that the imposition of a "mandatory period of post-release supervision [is] not [un]authorized simply because it was to be enforced by corrections or parole authorities." *People ex. rel. Garner v. Warden, Riker's Island Correctional Facility*, 2007 N.Y. App. Div. LEXIS 5408, 2007 NY Slip Op 3789 (1st Dept. May 1, 2007). [**6] In that case, the defendant had been convicted of attempted burglary in the second degree following a plea of guilty in Supreme Court, Kings County on January 21, 2000. The trial judge did not state on the record that the defendant would be subject to a mandatory five year period of post-release supervision at the time sentence was pronounced, nor did the paperwork prepared by the court clerk on the sentencing date note that mandatory five year period of post-release supervision. The Department of Corrections, in their own paperwork, noted that the sentence would include a five year period of post-release supervision. Upon the defendant's release from prison on April 9, 2004, he filed a motion with the trial judge, pursuant to

Page 3

2007 NY Slip Op 50961U, *1; 15 Misc. 3d 1133A;
2007 N.Y. Misc. LEXIS 3335, **6

CPL § 440.20(1), to vacate the post-release-supervision-part of his sentence, on the ground that he had not been informed at the time he pled guilty that his sentence would include that mandatory period. That court denied the motion. Notably, the defendant never sought to have his plea vacated.

The defendant then commenced an Article 78 proceeding in Albany County to prohibit the New York State Department of Correctional Services from imposing the requisite period [**7] of post-release supervision. In affirming the Supreme Court's decision to dismiss the defendant's Article 78 application, the Third Department held that the New York State Department of Correctional Services was "only enforcing, not imposing, a part of [defendant's] sentence [and therefore] they have not performed a judicial function." *Matter of Garner v. New York State Department of Correctional Services, 39 AD3d 1019, 831 N.Y.S.2d 923 (3rd Dept. 2007).*

The defendant subsequently commenced a proceeding in the "writ part" of the Supreme Court, Bronx County, to vacate a warrant issued after the defendant violated a condition of his post-release supervision, and was sent to the custody of the New York City Department of [*4]Corrections, arguing that the period of post-release supervision had been illegally imposed by the New York State Department of Correctional Services. It was the denial of that application that was affirmed by the First Department. [2] And, as of now, that is the precedent that this court must follow in cases which are factually similar to *Garner.*

    2   Garner has recently filed another writ in this court. That case is currently calendared for May 9, 2007.

The relevant facts [**8] for each of these cases is, for all intents and purposes, the same. In each of these cases, the defendants were convicted of violent felony offenses following negotiated guilty pleas, and were sentenced as second violent felony offenders. They each received determinate sentences, as required by law. The trial judges involved did not, in any case, tell the defendants on the record that their sentences would include mandatory five year periods of post-release supervision. None of the paperwork prepared by the court clerks at the time of sentencing noted the five year post-release supervision periods. Either the New York State Department of Correctional Services or the New York State Division of Parole noted the applicable post-release supervision periods on their own paperwork prior to releasing the defendants from prison, and the defendants were each given copies of that paperwork. Each of the defendants involved in these cases was subsequently taken into custody as a result of warrants issued for their arrests following allegations that they violated various conditions imposed in connection with post-release supervision, and they each challenge the legality of their detentions, and [**9] they ask for release pursuant to writs of habeas corpus. Given that these cases are factually indistinguishable from *Garner*, the court must conclude that these defendants are not being held in custody because of any illegal action on the part of the division of parole services or the department of corrections, but instead are being held in custody pursuant to alleged violations of the terms of their mandatory post-release supervision. Accordingly, their petitions requesting habeas corpus release from custody on the ground that their current detentions are illegal are dismissed. *Matter of Garner, 2007 N.Y. App. Div. LEXIS 5408, 2007 NY Slip. Op. 3789 (1st Dept., May 1, 2007).*

This court is not unmindful of the many decisions of Supreme Court judges in Bronx County which have reached the opposite results. *See e.g. People ex. Rel White v. Warden, Rikers Island, 15 Misc 3d 360, 833 N.Y.S.2d 363 (Sup. Ct. Bronx Co 2007)* (containing a list and discussion of recently decided cases). None of those decisions were issued after *Garner*, and appear to be at odds with that decision. The court is also mindful of the seemingly opposite results reached by the Second Department in *People v. Noble, 37 AD3d 622, 831 N.Y.S.2d 198 (2nd Dept. 2007)* and *People v. Wilson, 37 A.D.3d 855, 829 N.Y.S.2d 917 (2nd Dept. 2007),* [**10] but this court, of course, is not bound by those decisions in light of the First Department's binding ruling.

And, the court is also extremely mindful of the decision in *Earley v. Murray, 451 F.3d 71, rehearing denied, 462 F.3d 147 (2nd Cir 2006), on remand, 2007 U.S. Dist. LEXIS 31942, 2007 WL 1288031 (May 1, 2007, E.D.NY, Korman, J).* in which the Second Circuit held that defendant Earley's federal constitutional rights had been violated when the sentencing judge failed to state on the record that the defendant's sentence included a period of post-release supervision, and the Department of Corrections had noted the period on its own paperwork. Of course, a New York State court is not bound in this instance by this ruling by the federal appellate court. *People v. Kin Kan. 78 N.Y.2d 54, 60, 574*

Case 1:08-cv-02460-SHS   Document 41   Filed 08/02/2008   Page 11 of 19

Page 4

2007 NY Slip Op 50961U, *1; 15 Misc. 3d 1133A;
2007 N.Y. Misc. LEXIS 3335, **10

N.E.2d 1042, 571 N.Y.S.2d 436 (1991). And, in light of *Garner*, it is questionable whether any trial judge in the First [*5]Department should be looking to *Earley* at all, even if that judge were to find the ruling persuasive. To the extent that this court should be considering that case, this court respectfully disagrees with *Earley* for several reasons.

First of all, it relies on *Matter of Hill, Warden v. United States ex rel. Wampler, 298 U.S. 460, 56 S. Ct. 760, 80 L. Ed. 1283 (1936)*, for [**11] its conclusion that the legislatively-mandated period of post-release supervision is somehow not part of the sentence if the judge does not specifically say so at the time of sentencing. In *Wampler*, the Court was faced with a very specific question; namely, whether "the provision in the commitment for imprisonment for non-payment of fines and costs which was inserted by the Clerk but not included in the sentence orally pronounced by the judge is (a) void or (b) merely irregular?" *Id. at 463*. In that case, the Court recognized that, at the time, a federal district court judge, as a matter of "discretion . . . [could] direct . . . that [a] defendant shall be imprisoned until [a] fine was paid." *Id.* In the District of Maryland, where the case originated, there was a "practice" for a clerk to include such a provision in the written judgment papers even though the judge in the case had not made an oral pronouncement of that term at the time of sentencing. Because the decision to imprison in this situation was a discretionary one, and because there was no indication that the judge in that case had exercised discretion and ordered Mr. Wampler imprisoned pending payment of the fine, the Court [**12] held that the clerk's notation did not legally reflect the actual sentence. Indeed, the Court specifically held that "[the choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment." *Id. at 464*. The Court distinguished this situation from those in which the terms of sentencing are specifically spelled out by "law" or a "written rule." *Id. at 465-66*. Since there were no written rules or laws in Maryland mandating a period of incarceration pending payment of a fine in all cases, the defendant in that case was entitled to habeas corpus release.

In *Earley*, the Second Circuit acknowledged all of this. But, it found that the actual holding in *Wampler* was in fact much broader: "The judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment." *Earley, 451 F.3d at 75*. This court disagrees with that broader interpretation of the holding as applied to New York cases involving mandatory post-release supervision for several reasons. First of all, as Justice Cardozo stated in *Wampler*, [**13] the holding itself has to be limited to the facts of the case, and those facts indicated that the period of incarceration noted by the court clerk was really a matter of judicial discretion, and not mandatory. *Wampler, 298 U.S. at 464 -65* ("The questions [certified to the Court] are to be read . . . in light of the preliminary statements certifying the facts out of which the questions have arisen."). Second, the cases cited within *Wampler* for the proposition that mandatory conditions of sentences written in either the law or memorialized in rules had to be imposed regardless of whether there was an oral pronouncement by the court are still good law. *See, e.g. Rio Grande Irrigation Co. v. Gildersleeve, 174 U.S. 603, 19 S. Ct. 761, 43 L. Ed. 1103 (1899); Detroit Heating & Lighting Co. v. Kemp, 182 F. 847 (D. Maryland 1910)*(each cited in *Wampler*). And, *Wampler* also recognized that the remedy available in cases in which there was a legal error in a sentencing proceeding that resulted in the pronouncing of an illegal sentence is for the sentencing court to "correct [the sentence] so it may speak the truth." *Wampler, 298 U.S. at 464* (*citing People ex. rel. Trainor v. Baker, 89 NY 460 (1882)*). Simply put, *Wampler* did not [**14] deal with a situation in which a state statute mandated a definite, non-discretionary sentencing [*6]result.

Moreover, in *Earley*, the court acknowledged that New York has recognized procedures for courts to correct defects when an illegal sentence is imposed. The court, however, incorrectly found that this power is limited to situations in which the prosecutor seeks to correct an invalid sentence by moving to do so within one year of the sentencing, pursuant to *CPL § 440.40*. *Earley, at 77 n.2*. The court's inherent power is in fact much broader. Indeed, a New York State trial court has the authority to make corrections involving illegally imposed sentences at any time, as part of its inherent powers. *See e.g. People v. Wright, 56 N.Y.2d 613, 435 N.E.2d 1088, 450 N.Y.S.2d 473 (1982); People v. Hill, 39 AD3d 1, 830 N.Y.S.2d 33, 41 (1st Dept. 2007); People v. Andre Rodriguez, 15 Misc. 3d 1114A, 2007 NY Slip Op 50640U (Sup. Ct. Bronx County 2007)*. [3] And, where such a correction is possible, a defendant will not be entitled to release pursuant to habeas corpus. *See Trainor, 89 NY at 464-65* (cited in *Wampler, 298 U.S. at 464*).

Case 1:08-cv-02460-SHS   Document 41   Filed 08/02/2008   Page 12 of 19

Page 5

2007 NY Slip Op 50961U, *1; 15 Misc. 3d 1133A;
2007 N.Y. Misc. LEXIS 3335, **14

3   The Second Circuit remanded the *Earley* case to the district court judge, to resolve a procedural issue, with instructions [**15] to release the defendant if the procedural issue were resolved in his favor. In a decision issued just the other day, the District Court judge resolved the procedural issue in the defendant's favor, and ordered the defendant released. However, the judge stayed execution of that order for 28 days and sent the case to the state court judge who sentenced the defendant, in order for that judge to exercise his discretionary power to correct the sentencing record to reflect the mandatory five year period of post release supervision. *Earley v. Murray*, 2007 WL 1288031(E.D.NY, May 1, 2007, Korman, J.).

Here, there has been a law on the books in New York State for nearly 9 years that mandates that a period of post-release supervision is a "definite, mandatory and largely automatic effect on defendant's punishment." *Catu, 4 N.Y.2d at 244*. In other words, each sentence must include such a period. No judge has discretion to eliminate post-release supervision from a sentence for a person convicted of committing a violent felony offense. And no one - no court clerk, no corrections officer, no one working with the State Division of Parole - can add post-release supervision to a judge's sentence for [**16] a violent felony offender since, by law, each sentence must already include such a period. In fact, it appears that the Division of Parole would itself be in violation of the law if it did not enforce the statute mandating post-release supervision and supervise all violent felony offenders following their release from state prison, as "Jenna's Law" requires.

Every judgment of conviction for a second violent felony offense includes a discretionary period of determinate incarceration, within a minimum and maximum range set by the legislature, and a mandatory five year period of post-release supervision. In these cases, the judgments of conviction included both the incarceratory periods actually pronounced, and the five year period of post-release supervision period mandated by law. Since that is the law, habeas corpus release is entirely inappropriate. Therefore, each of these defendant's petitions for habeas corpus release are dismissed.

Dated: Bronx, New York

May 8, 2007

Hon. Ralph Fabrizio [*7]

Acting Justice of the Supreme Court

# EXHIBIT C

STATE OF NEW YORK: COUNTY OF _____ PART ___

The People of The State of New York
vs.
**William Rivera**
DEFENDANT

| SEX | AGE | NYSID NUMBER |
|---|---|---|
| M | 9-29-76 | 7294663Q |

DOB

INDICTMENT NO. _7341-2001_
SENTENCE DATE _4-8-03_
PRESENT HON. _Edwin Torres_
COURT REPORTER _L. Richburg_

☒ THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF THE FOLLOWING CRIME(S) IS HEREBY SENTENCED TO:

☐ THE ABOVE NAMED DEFENDANT HAVING BEEN ADJUDICATED A YOUTHFUL OFFENDER FOR THE FOLLOWING CRIME(S) IS HEREBY SENTENCED TO:

| CRIME | SECTION & LAW | DETERMINATE TERM (YRS) | MINIMUM TERM (YRS) | MAXIMUM TERM (YRS) |
|---|---|---|---|---|
| 1. Assault 2 (ct 1) | 120.05 | 5 | | |
| 2. (ct ) | | | | |
| 3. (ct ) | | | | |
| 4. (ct ) | | | | |
| 5. (ct ) | | | | |

☐ A DEFINITE TERM OF IMPRISONMENT OF: _____

☐ THE SENTENCE(S) IMPOSED HEREIN SHALL RUN:
CONCURRENTLY WITH _____
CONSECUTIVELY TO _____

☐ ALSO COVERS _____

☐ A SENTENCE OF PAROLE SUPERVISION IS DIRECTED BY THE COURT

☒ AS A ☒ (SECOND) ☐ (PERSISTENT) ☒ (VIOLENT) FELONY OFFENDER

☐ AS AN ARMED FELONY

☒ A MANDATORY SURCHARGE AND CRIME VICTIM ASSISTANCE FEE IN THE AMOUNT OF $ _210_ WAS IMPOSED AND ☐ HAS ☒ HAS NOT BEEN PAID

☐ A FINE OF $_____ AND THAT DEFENDANT BE IMPRISONED FOR A PERIOD OF _____ DAYS OR UNTIL THE FINE IS SATISFIED

ORDERED THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF:

☒ THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK UNTIL RELEASED IN ACCORDANCE WITH THE LAW, AND BEING A ☒ (MALE) ☐ (FEMALE) PERSON SIXTEEN OR OLDER THE COMMISSIONER OF CORRECTIONS OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER ☒ (HIM) ☐ (HER) TO THE CUSTODY OF THE NYS DEPARTMENT OF CORRECTIONAL SERVICES AS PROVIDED IN 7 NYCRR PART 103

☐ THE DEPARTMENT OF CORRECTIONS OF THE CITY OF NEW YORK BEING A ☐ (MALE) ☐ (FEMALE) PERSON, THE COMMISSIONER OF CORRECTION OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER THE PERSON TO THE NEW YORK CITY CORRECTIONAL INSTITUTION FOR ☐ (MEN) ☐ (WOMEN) UNTIL RELEASED IN ACCORDANCE WITH THE LAW

REMARKS: _Regarding Post Release Supervision the Court is Silent_
_Medical attention - Substance abuse and Psychiatric Problem_

| DATE | CLERK OF COURT | BY | SIGNATURE | TITLE |
|---|---|---|---|---|
| 4-8-03 | Norman Goodman | | | ACC |

☐ THIRD COPY FORWARDED TO BOARD OF ELECTIONS

SC.-CR-5 REV. 1/96

```
 1      SUPREME COURT OF THE STATE OF NEW YORK

 2      COUNTY OF NEW YORK : CRIMINAL TERM : PART 67

 3      ------------------------------------------X

 4      THE PEOPLE OF THE STATE OF NEW YORK         :Ind.
                                                     No. 7341-01
 5                  - against -                     :

 6      WILLIAM RIVERA,                             :
                                                     SENTENCE
 7                  Defendant.                      :

 8      ------------------------------------------x

 9                      111 Centre Street
                     New York, New York, 10013
10                      April 8, 2001

11      B E F O R E:

12              HONORABLE EDWIN TORRES,
                Justice Supreme Court.
13
        A P P E A R A N C E S:
14
           For the People:
15              ROBERT M.MORGENTHAU,ESQ.
                District Attorney - New York County
16              BY: SHANNON GOURLAY, ESQ.
                    Assistant District Attorney
17
           For the Defendant:
18              PAUL FINEMAN, ESQ.
                551 Fifth Avenue
19

20

21

22

23

24         LANCE RICHBURG
           SENIOR COURT REPORTER
25

                    Lance Richburg - SCR
```

- Colloquy -

1    COURT CLERK: 7341-01, William Rivera.
2    Defendant is present.
3    MR. FINEMAN: Paul Fineman, 551 Fifth
4    Avenue.
5    MS. GOURLAY: Shannon Gourlay, for the
6    People.
7    COURT CLERK: Counsel, have you been
8    provided with a copy of the presentence
9    report?
10   MR. FINEMAN: I have. I would just ask
11   the Court for one moment.
12   THE COURT: Yes.
13   (Whereupon there was a pause)
14   MR. FINEMAN: Thank you for your
15   patience.
16   THE COURT: Please allocute him.
17   COURT CLERK: Mr. William Rivera, in the
18   presence of your attorney, the office of the
19   district attorney has filed an information
20   charging you with being a predicate violent
21   felon.
22   Specifically, on August 3rd, 1994, in
23   the Supreme Court of Kings County in the
24   State of New York you were convicted of the
25   violent felony of attempted burglary in the

Lance Richburg - SCR

- Colloquy -

1  second degree.
2         Mr. Rivera, has a copy been placed
3  before you and have you had an opportunity to
4  view it together with your attorney?
5         THE DEFENDANT: Yes.
6         COURT CLERK: Mr. William Rivera, in the
7  presence of your attorney, if you wish to
8  controvert any allegation herein contained,
9  you must specify the allegation you wish to
10 controvert.
11        Uncontroverted allegations shall be
12 deemed as having been admitted by you.  If
13 you controvert, you must do so on the grounds
14 that it was obtained in violation of your
15 constitutional rights.  If you do not wish to
16 admit, you will have a hearing without a
17 jury.
18        Mr. Rivera, having been so informed, do
19 you admit the allegation?  Please confer with
20 your attorney before responding for the
21 record.
22        (Whereupon there was a pause)
23        COURT CLERK: Mr. Rivera, having
24 conferred with your attorney, do you admit
25 the allegation?

           Lance Richburg - SCR

- Colloquy -

1   THE DEFENDANT: Yes.
2   COURT CLERK: Mr. Rivera admits, Your
3   Honor.
4   THE COURT: The defendant is adjudicated
5   a predicate felon for purposes of sentence.
6   The promise made at the time of the plea
7   was a flat five years. I propose to fulfill
8   my promise. So let us proceed. DA, you rely
9   on the promise; is that correct?
10   MS. GOURLAY: Yes.
11   THE COURT: Mr. Fineman.
12   MR. FINEMAN: I'm sure Your Honor would
13   mention that post-release supervision is part
14   of the plea.
15   THE COURT: All right. He will be
16   subjected to post-release supervision, and he
17   was so apprized at the time the plea was
18   interposed.
19   MR. FINEMAN: Yes, sir.
20   THE COURT: So that's the sentence.
21   Five years. Advise the defendant of his
22   right to appeal.
23   MR. FINEMAN: Let the record reflect
24   that I am handing written notice of your
25   right to appeal.

Lance Richburg - SCR

- Colloquy -

```
 1         I know you can't read the document, but
 2    I'm telling you you have thirty days from
 3    today to file papers saying you want to
 4    appeal the sentence.
 5         You can call me and I'll explain it to
 6    you.  So you have thirty days from today if
 7    you want to file an application saying you
 8    have an objection to the sentence.
 9         THE COURT:  Does he need medical
10    attention?
11         MR. FINEMAN:  He sure does.  Methadone,
12    substance abuse, psychiatric and others.
13         THE COURT:  Make sure that Mr. Rivera is
14    accorded whatever medical attention is
15    necessary given his state.  Execute sentence.
16              *  *  *  *  *  *  *  *  *  *
17         I, Lance Richburg, Senior Court
18    Reporter, hereby certify the foregoing to be
19    a true and accurate transcript to the best of
20    my skill and ability.
21
22                    _____
                      LANCE RICHBURG
23                    SENIOR COURT REPORTER
24
25
```

Lance Richburg - SCR