UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others
similarly situated,

                                      Plaintiffs,                08 Civ. 2460 (SHS)

   – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                                      Defendants.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2)**

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

LAW OFFICES OF JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**PAGE NO(s)**:

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.      THE PROPOSED CLASS IS ASCERTAINABLE
           AND SATISFIES RULE 23(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          A.      Ascertainability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          B.      Ramone Cross Is An Adequate Class Representative . . . . . . . . . . . . . . . 4

    II.     CLASS CERTIFICATION IS NECESSARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Plaintiffs Lawrence Hardy and Ramone Cross respectfully submit this reply memorandum of law in support of their motion to certify, pursuant to Fed. R. Civ. P. 23(b)(2), a class consisting of all persons sentenced to a determinate term of incarceration in the State of New York, whose judicially imposed sentence(s) did not include a term of post-release supervision ("PRS"), but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s).

## PRELIMINARY STATEMENT

Defendants concede nothing. Even when faced with the hypocrisy of their own actions pursuing a defendant class action in state court, they contest everything – even numerosity.

Defendants will do nothing. They have flouted clearly established law over and over again. They are the antithesis of what they boldly claim to be: "public officials who are extremely mindful of their obligations under applicable law" who have "demonstrated that they will adjust their policies to conform to changes in the law."

This motion, along with plaintiffs' related motion for a preliminary injunction, seeks to end this lawlessness and vindicate the constitutional rights of plaintiffs, who – contrary to defendants' intimations – were not sentenced to some mythical purgatory of defendants' making, but rather a fixed term of years in prison. They have fully paid their debt to society. They have fully satisfied their judgments of conviction. They have fully served every minute of their lawfully imposed sentences. They are entitled to full relief.

## ARGUMENT

Plaintiffs seek to certify an injunctive class so that everyone currently subjected to the onerous requirements of PRS – imposed by *defendants* and not a sentencing court in violation of the United States Constitution – can be relieved of that restraint pending the resolution of this

action or the outcome of any resentencing defendants my seek in state court.  Plaintiffs request is modest and measured.  It will have no effect on defendants' misguided resentencing efforts.[1]

Defendants oppose certification for two primary reasons: (1)  because the class definition "is conclusory, overbroad and functionally and practically unlike the State's proposed class in the State court declaratory judgment action," Defs.' Br. at 1-9;[2] and (2) because it is unnecessary since "defendants have given no indication that they not apply a Court judgment made in an individual case to all similarly situated persons."  *Id.* at 14-17.  Defendants' first argument is belied by their own efforts to certify a virtually identical class in state court months after this action was filed.  Defendants' second argument gives the term "chutzpah" new meaning.

## I.    THE PROPOSED CLASS IS ASCERTAINABLE AND SATISFIES RULE 23(A)

### A.    Ascertainability

Plaintiffs Hardy and Cross seek to certify an injunctive class of "all persons sentenced to a determinate term of incarceration in the State of New York, whose judicially imposed sentence(s) did not include a term of post-release supervision ("PRS"), but whom nevertheless have been, or will be, subjected to PRS after the maximum expiration date of their determinate sentence(s)."  *See* Notice of Motion.  Everyone in the class is readily identifiable.

About three months after this action was filed, DOCS filed an action in state court seeking to certify a defendant class consisting of all persons "under Parole supervision, for whom

---

[1]   *See* Supplemental Reply Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, dated July 14, 2008, at 6-10.

[2]   Defendants' memorandum of law has no caption, title, cover page or table of contents or authorities.  It simply begins with a preliminary statement.  The content of the document makes it plain, however, that it is a memorandum of law in opposition to plaintiffs' motion for class certification and in support of defendants' motion to dismiss filed at the same time.  This reply brief is limited to addressing defendants' arguments opposing class certification.  Plaintiffs' papers in opposition to defendants' recently filed motion to dismiss are due on September 12, 2008.

it appears that the documents in possession of DOCS and Parole do not record terms of PRS imposed by sentencing courts, although the individuals were subject to mandatory PRS under the applicable sentencing statute." *See* Complaint for Declaratory Judgment ("DOCS State Complaint") ¶ 50 (attached as Ex. 1 to the Declaration of Matthew D. Brinckerhoff dated June 25, 2008 ("Brinck. Decl.")).

In that same action, defendant Anthony J. Annucci submitted an affirmation detailing DOCS' successful effort to identify in early 2007 (and in the wake *Earley*) "approximately 8100" persons "where the sentence and commitment order WAS SILENT regarding PRS, which means that DOCS staff assessed the PRS component of the sentence when the inmate was received at a DOCS reception center." *See* Affirmation of Anthony J. Annucci, dated June 4, 2008 ("Annucci Aff.") ¶¶ 39-43 (emphasis in original) (attached as Ex. 1 to the Reply Declaration of Matthew D. Brinckerhoff, dated August 15, 2008 ("Brinck. Reply Decl.")).

This same group of approximately 8100 persons, identified initially by DOCS in early 2007 and updated thereafter, *see id.*, is the same group plaintiffs seek to represent. The only difference is that plaintiffs' proposed class is narrowed by the additional caveat that each person must have surpassed the maximum expiration date of their determinate sentence. Accordingly, based on DOCS' own review conducted years ago, each and every member of the putative injunctive class can be handily identified. Each is entitled to be free from indisputably unconstitutional restraints on their liberty in the form of curfews, travel restrictions, drug testing, reporting requirements and the omnipresent threat of arrest for any claimed violation.

The proposed injunctive class is ascertainable.

### B. Ramone Cross Is An Adequate Class Representative

Defendants contest whether plaintiff Ramone Cross is an adequate class representative because he, unlike the vast majority of those he seeks to represent, bargained for and was actually sentenced to a 1.5 year term of PRS by the sentencing judge rather than the more typical circumstance where the sentencing judge makes no mention of PRS.[3] In Mr. Cross's case, DOCS administratively increased the PRS term to 5 years. This is a distinction without a difference.

For purposes of adequacy, the only salient point is that Mr. Cross has been subjected to a PRS term by DOCS that is at odds with the actual sentence imposed by the sentencing judge. His constitutional claims under *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006) and *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) are identical to those he seeks to represent. He is an adequate and appropriate class representative.

## II. CLASS CERTIFICATION IS NECESSARY

There is absolutely no reason to believe – none – defendants claim that they would "adjust their policies to conform to changes in the law" if ordered to provide prospective preliminary injunctive relief to the named plaintiffs in this case. Defs.' Br. at 15. Their record speaks for itself.

Had defendants simply applied "a Court judgment made in an individual case" – *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006) or even *Garner v. New York State Dep't of Correctional Svcs.*, 10 N.Y.3d 358 (2008) – "to all similarly situated persons," Defs.' Br. at 14, this motion and plaintiffs' related motion for a preliminary injunction would be unnecessary.

---

[3] *See* Sentencing Transcript for Ramone Cross (attached as Ex. 2 to the Brinck. Reply Decl.).

Indeed, had defendants voluntarily complied with *Earley's* mandate in 2006, they would have substantially reduced their exposure to damages, including punitive damages, as well. Only an Order from this Court granting class-wide prospective relief will put a stop to defendants' misconduct.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to certify an injunctive class pursuant to Fed. R. Civ. P. 23(b)(2) should be granted.

Dated: August 15, 2008
       New York, New York

                              EMERY CELLI BRINCKERHOFF
                                  & ABADY LLP


                              By: _____/s/_____
                                   Matthew D. Brinckerhoff (MB-3552)
                                   Elora Mukherjee (EM-0921)

                              75 Rockefeller Plaza, 20th Floor
                              New York, NY 10019
                              (212) 763-5000


                              LAW OFFICES OF JOSHUA L. DRATEL, P.C.

                              By: Aaron Mysliwiec (AM-6258)

                              2 Wall Street, 3rd Floor
                              New York, NY 10005
                              (212) 792-5132

                              *Attorneys for Plaintiffs*