UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAWRENCE HARDY, RAMONE CROSS, and
SHAWN SMITH, individually and on behalf of all others
similarly situated,

                              Plaintiffs,

                                                                    08 Civ. 2460 (SHS)

        – against –

BRIAN FISCHER, in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS), and in his individual capacity;
ANTHONY J. ANNUCCI, in his capacity as Deputy
Commissioner and Counsel for DOCS, and in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; and JOHN/JANE DOES 1-50
(DOCS Supervisory, Training, and Policy Personnel),

                              Defendants.
------------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR RECONSIDERATION
## AND LEAVE TO INTERPOSE AN AMENDED COMPLAINT

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

LAW OFFICES OF JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THIS COURT SHOULD RECONSIDER ITS DECISION TO DISMISS
      PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF AGAINST DEFENDANTS
      FISCHER AND ANNUCCI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   THIS COURT SHOULD GRANT LEAVE TO AMEND THE COMPLAINT . . . . . . . . 4


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Plaintiffs respectfully submit this memorandum of law in support of their motion for reconsideration and leave to file an amended complaint.

## PRELIMINARY STATEMENT

Plaintiffs ask this Court to reconsider, pursuant to Fed. R. Civ. P. 60 and Local Civil Rule 6.3, that portion of the Court's Opinion and Order entered on April 1, 2010, *see Hardy v. Fischer*, No. 08 Civ. 2460, 2010 WL 1325145 (S.D.N.Y. Mar. 31, 2010), that dismissed plaintiffs' complaint *in its entirety*. Upon reconsideration, plaintiffs ask the Court to reinstate the complaint, insofar as it seeks equitable and injunctive relief other than that sought (and denied by the Court, *see Hardy v. Fischer*, No. 08 Civ. 2460, 2010 WL 1325368 (S.D.N.Y. Mar. 31, 2010)) in plaintiffs' motion for a preliminary injunction. For example, in addition to the equitable relief sought in plaintiffs' motion for a preliminary injunction, plaintiffs also seek an order directing defendants Fischer and Annucci, acting in their official capacities, to disgorge the monthly Post Release Supervision (PRS) fees collected from plaintiffs and members of the putative class and entry of a judgment, pursuant to 42 U.S.C. § 1983, declaring that plaintiffs constitutional rights were violated by defendants extra-judicial administrative imposition of PRS.

By this motion, and in response to the Court's order granting qualified immunity as to plaintiffs who were released from prison prior the Court of Appeals' decision in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), plaintiffs also seek leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15, which will: (A) add plaintiffs who were released from prison and subjected to PRS for the first time *after Earley* was decided in June 2006; and (B) expressly seeking disgorgement as an equitable remedy on behalf of all plaintiffs and the putative class.

**ARGUMENT**

**I.    THIS COURT SHOULD RECONSIDER ITS DECISION TO DISMISS PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF AGAINST DEFENDANTS FISCHER AND ANNUCCI**

A motion for reconsideration should be granted where, as here, "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

As plaintiffs pointed out in their memorandum of law opposing defendants' motion to dismiss, albeit in a footnote, "[q]ualified immunity has nothing to do with whether plaintiffs are entitled to injunctive relief."  Plaintiffs Joint Memorandum of Law In Opposition to Defendants' Motion to Dismiss, Sept. 26, 2008 ("Pls.' Opp. Br.") (Docket No. 49) at 1, n.1.

Qualified immunity shields a defendant, sued in his individual capacity, "from civil damages insofar as his conduct does not violate clearly established . . . constitutional rights."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The "defense of qualified immunity protects only individual defendants sued in their individual capacity, . . . and it protects only against claims for damages, not against claims for equitable relief."  *Rodriguez v. City of New York*, 72 F.3d 1051, 1065 (2d Cir. 1995) (reversing dismissal of equitable claims for expungement and of a hospital record and declaratory judgment, irrespective of qualified immunity defense).

Here, the Court dismissed "the claims against Fischer and Annucci in their official capacities," at least in part, because "New York State and its agents and officers acting in their official capacities are not 'persons' pursuant to 42 U.S.C. § 1983."  Opinion and Order at 2, n.1

(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  While this is unquestionably an accurate statement of the law and the holding in *Will*, the Court should not have dismissed plaintiffs' prospective equitable claims against Fischer and Annucci for two independent reasons.

First, and confusingly, although *Will* holds "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983," 491 U.S. at 71, it also says that "[o]f course a state official in his or her official capacity, when sued for injunctive relief, *would be a person under § 1983* because official capacity actions for prospective relief are not treated as actions against the state."  *Id.* n.10 (emphasis supplied, quotation marks and citations omitted). Thus, although a state official acting in his official capacity is not a person under 1983 generally, that same official acting in the same official capacity *is a person* under 1983 "when sued for injunctive relief."  *Will*, 491 U.S. at 71 n.10.

Second, irrespective of *Will* and 42 U.S.C. § 1983, it was settled long ago (and long before the modern era of litigation under section 1983) that citizens may sue state officials in their official capacity for prospective injunctive relief under the Constitution without running afoul of the Eleventh Amendment.  *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

Accordingly, the Court erred in dismissing plaintiffs' official capacity equitable claims against Fischer and Annucci.

In this case, the operative complaint – plaintiffs' First Amended Complaint and Jury Demand, dated June 26, 2008 ("Complaint") (Docket No. 30) – seeks: (1) a "judgment declaring that defendants have committed the violations of law alleged in this action;" and (2) an "order preliminarily and permanently enjoining and directing defendants Fisher [sic] and

Annucci to cease imposing PRS upon members of the plaintiff class and *to lift the ill effects of PRS*, including without limitation . . . ."  Complaint at 15 (emphasis supplied).

Insofar as the Complaint did not expressly enumerate every form of equitable relief needed "to lift the ill effects of PRS," plaintiffs did explain in their memorandum of law opposing defendants' motion to dismiss that:

> Plaintiffs' injuries can be redressed by a favorable decision that, among other things: (1) enjoins and directs defendants Fisher and Annucci to cease imposing PRS upon members of the plaintiff class; (2) requires defendants Fisher and Annucci to lift all effects of PRS, including without limitation: (a) vacating all terms of PRS currently being imposed upon members of the class, and (b) vacating all warrants for the arrest of members of the class based on alleged violations of PRS; (3) *directs the equitable disgorgement of the monthly fees plaintiffs have been required to pay for years of unconstitutionally imposed PRS*; and (4) awards compensatory and punitive damages against defendants in their individual capacities."

Pls.' Opp. Br. at 9 (emphasis supplied).

Because qualified immunity does not shield defendants Fischer and Annucci from claims for equitable relief, including plaintiffs' claims for disgorgement and declaratory relief, plaintiffs respectfully request that the Court reconsider its decision to dismiss this action in its entirety, and upon reconsideration, reinstate plaintiffs' complaint insofar as it seeks relief not barred by the Court's two opinions dated March 31, 2010.  Alternatively, insofar as the Court concludes that plaintiffs' should have expressly sought disgorgement as a form of relief in their complaint, plaintiffs seek leave to file an amended complaint addressing that deficiency.

## II.    THIS COURT SHOULD GRANT LEAVE TO AMEND THE COMPLAINT

Leave to amend a complaint "will be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The "liberality in granting leave to amend also applies to amending a complaint

to add new parties." *Koch* v. *Dwyer*, No. 98 Civ. 5519, 2001 WL 289972, at *6 (S.D.N.Y. Mar. 23, 2001) (citing *Staggers* v. *Otto Gerdau Co.*, 359 F.2d 292, 296-97 (2d Cir. 1966)).  The Supreme Court has emphasized that the refusal to grant leave to amend must be justified by grounds such as undue delay, bad faith, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").  *See also Ricciuti* v. *New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (counseling that it is "rare" that leave to amend should be denied).

Here, plaintiffs seek leave to file an amended complaint which will add additional plaintiffs who were released from prison after the Court of Appeals' decision in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), who thus have claims for damages that are not foreclosed by the Court's ruling.  *See* Opinion and Order at 10, n.6 (because "DOCS imposed PRS on each plaintiff in these actions prior to the Second Circuit decision in *Earley*, the Court need not determine at this time whether the right to have PRS imposed by a judge was clearly established for purposes of defendants' qualified immunity after *Earley* but prior to *Garner* and *Sparber*").  If granted leave to amend, plaintiffs will also add a provision detailing the other forms of equitable relief it seeks, such as an order directing defendants Fischer and Annucci to disgorge the fines collected from plaintiffs who were subject to unconstitutional, extra-judicial PRS. Because defendants can make no showing of prejudice, bad faith, futility, or undue delay, plaintiff's motion to amend should be granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration and leave to amend should be granted.

Dated: April 15, 2020
          New York, New York

EMERY CELLI  BRINCKERHOFF
 &  ABADY LLP

By:  _____/s/_____
          Matthew D. Brinckerhoff (MB 3552)

75 Rockefeller Plaza, 20th Floor
New York, New York 10019

LAW OFFICES OF JOSHUA L. DRATEL, P.C.

By:_____/s/_____
          Aaron Mysliwiec (AM 6258)

2 Wall Street, 3rd Floor
New York, New York 10005

*Attorneys for Plaintiffs*

-6-