```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAWRENCE HARDY, RAMONE CROSS, and        :
SHAWN SMITH, individually and on behalf of all   :
others similarly situated,                       :
                                                 :
                              Plaintiffs,        :
                                                 :   08 Civ. 2460 (SHS)
             -against-                           :
                                                 :   OPINION & ORDER
BRIAN FISCHER, in his capacity as Commissioner   :
of the New York State Department of Correctional :
Services (DOCS), and in his individual capacity; :
ANTHONY J. ANNUCCI, in his capacity as Deputy    :
Commissioner and Counsel for DOCS, and in his    :
individual capacity; LUCIEN J. LECLAIRE, JR.,    :
former Acting Commissioner of DOCS, in his       :
individual capacity; and JOHN/JANE DOES 1-50     :
(DOCS Supervisory, Training, and Policy Personnel), :
                                                 :
                              Defendants.        :
------------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs move (1) for reconsideration pursuant to Fed. R. Civ. P. 60 and Local Rule 6.3 of this Court's Opinion and Order dated March 31, 2010 and entered April 1, 2010, and (2) for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15. Plaintiffs seek leave to file an amended complaint to (1) add additional plaintiffs who were subjected to post-release supervision ("PRS") by the New York State Department of Corrections ("DOCS") after the United States Court of Appeals for the Second Circuit's decision in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), and (2) expressly state that plaintiffs seek as an equitable remedy disgorgement of the monthly fees plaintiffs were required to pay while on PRS. For the reasons set forth below, plaintiffs' motion is denied in its entirety.

I.   RECONSIDERATION

In an Opinion and Order dated March 31, 2010, this Court granted defendants' motions to dismiss plaintiffs' complaint in its entirety on the ground that each defendant is entitled to qualified

1

immunity or another privilege with respect to the alleged violations of plaintiffs' constitutional rights. *Hardy v. Fischer*, 701 F. Supp. 2d 605 (S.D.N.Y. 2010). In a separate Opinion and Order also dated March 31, 2010, this Court denied plaintiffs' motion for a preliminary injunction. *Hardy v. Fischer*, 701 F. Supp. 2d 614 (S.D.N.Y. 2010). Because the Opinion and Order dismissing the complaint specifically refers to the Opinion and Order denying injunctive relief, the two decisions should be read together. 701 F. Supp. 2d at 613 ("In light of the Court's grant of qualified immunity to defendants from a suit for damages and the separate denial of plaintiffs' request for injunctive relief, no issues remain for adjudication, and thus the Court declines to exercise jurisdiction over the claims for declaratory relief."). Plaintiffs have now moved pursuant to Fed. R. Civ. P. 60 and Local Civil Rule 6.3 for reconsideration of that portion of the Court's Opinion and Order that dismissed plaintiffs' complaint. (Pls.' Notice of Motion dated Apr. 15, 2010, Dkt. # 57.)

      A motion for reconsideration pursuant to Local Rule 6.3 may be granted only when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (internal quotation marks omitted). Because a motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), the legal standard "must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *Hoffenberg v. Hoffman & Pollok*, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (quotation marks and citation omitted).

      Plaintiffs have not shown that this Court overlooked any factual matter or controlling case law that might have materially influenced its earlier decisions. Nor have plaintiffs demonstrated a clear error

or manifest injustice. *See also Scott v. Fischer*, 616 F.3d 100, 102-03 (2d Cir. 2010) (affirming district court's grant of qualified immunity to DOCS defendants who had imposed PRS on plaintiff prior to the *Earley* decision). Accordingly, plaintiff's motion for reconsideration should be denied.

## II. AMENDMENT OF THE COMPLAINT

### A. Legal Standard

Plaintiffs seek leave to file an amended complaint to add new plaintiffs and expressly state that plaintiffs seek as an equitable remedy disgorgement of the monthly fees they were required to pay while on PRS. "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, the futility of the proposed amendment is a valid basis on which to deny leave to amend. *See Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251 (2d Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B. Addition of New Plaintiffs

Plaintiffs seek to add new unidentified plaintiffs "who were released from prison and subjected to PRS for the first time *after* the Court of Appeal's decision in *Earley*." (Notice of Mot.) Because plaintiffs' complaint—which this Court has dismissed—alleged that the DOCS employees named as defendants imposed PRS on each plaintiff prior to the *Earley* decision, this Court did not previously determine whether the right to have PRS imposed by a judge was clearly established for purposes of defendants' qualified immunity after *Earley*. The issue, now, is whether defendants would still be entitled to qualified immunity for the alleged constitutional violations against the proposed new plaintiffs. If defendants' conduct post-*Earley* remains protected by qualified immunity, then plaintiffs' amendment to add plaintiffs seeking damages would be futile.

The doctrine of qualified immunity protects government officials "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

3

which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  To determine whether a right is "clearly established," courts in this Circuit assess whether: "(1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003) (internal quotations and citations omitted).  Qualified immunity applies regardless of whether an official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 129 S.Ct. at 815.  Moreover, whether the law was clearly established must be evaluated at the time of the conduct at issue.  *See Harhay v. Town of Ellington Bd. of Educ.,* 323 F.3d 206, 211 (2d Cir. 2003).

In June 2006, the Second Circuit held that the administrative imposition of extra-judicial sentences of PRS violated federal law.  *Earley*, 451 F.3d at 76 ("The imposition of a sentence is a judicial act; only a judge can do it.  The penalty [of PRS] administratively added by the Department of Corrections was, quite simply, never a part of the sentence.").  However, the Court's inquiry does not stop there.  A right is not clearly established for the purposes of qualified immunity unless a reasonable defendant "would have understood from the existing law that his conduct was unlawful," *Anderson*, 317 F.3d at 197, "at the time of the conduct at issue," *Harhay*, 323 F.3d at 211.

Following *Earley*, there was considerable confusion in New York State courts as to the applicability of the Second Circuit's decision.  Two of New York's Appellate Divisions continued to uphold the lawfulness of administratively imposed PRS.  *See Garner v. New York State Dep't of Corr. Servs.*, 39 A.D.3d 1019, 831 N.Y.S.2d 923 (3d Dep't 2007); *People v. Thomas*, 35 A.D.3d 192, 826 N.Y.S.2d 36 (1st Dep't 2006).  It was not until April 2008 that the New York Court of Appeals struck down the administrative imposition of PRS.  *See Garner v. New York State Department of Correctional*

*Services*, 10 N.Y.3d 358, 362, 859 N.Y.S.2d 590, 889 N.E.2d 467 (2008) and *People v. Sparber*, 10 N.Y.3d 457, 859 N.Y.S.2d 582, 889 N.E.2d 459 (2008).

In *Scott v. Fisher*, the Second Circuit recently considered whether *Earley* itself clearly established the "unconstitutionality of administratively imposed PRS for a reasonable New York State correctional official." 616 F.3d 100, 107 (2d Cir. 2010). The Second Circuit took into consideration the conflicting state court decisions regarding PRS and concluded that "[i]n circumstances of such apparent judicial confusion as to the constitutional propriety of a statutory mandate, qualified immunity might well continue to shield state officials acting pursuant to that statute." *Id.* at 107-08 (citing *Wilson v. Layne*, 526 U.S. 603, 617 (1999) (holding that state officials "cannot have been expected to predict the future course of constitutional law" (internal quotation marks omitted)); *Wilson*, 526 U.S. at 618 ("If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of a controversy."); *Vives v. City of New York,* 405 F.3d 115, 118 (2d Cir. 2005) (refusing to find the law clearly established where "several courts have specifically declined to find [it] unconstitutional")); *see also Ruffins v. Dep't of Corr. Servs.*, 701 F. Supp. 2d 385, 389 (E.D.N.Y. 2010) ("It was objectively reasonable for the defendants to believe, given the murky legal landscape that followed *Earley*, that they were not violating plaintiff's rights in 2007 by continuing to enforce his PRS.").

Accordingly, this Court now finds that the unlawfulness of administratively imposed PRS was not clearly established from the standpoint of a reasonable DOCS officer in the period after *Earley* and before the New York Court of Appeals' decisions in *Garner* and *Sparber*. Here, plaintiffs seek to amend the complaint to add new plaintiffs who had PRS imposed on them after *Earley*. Plaintiffs, no doubt with aforethought, fail to specify the dates of the imposition of PRS that occurred post-*Earley* for their proposed unidentified new plaintiffs. In light of the years of legal uncertainty that followed *Earley*

and the concomitant qualified immunity to which defendants are entitled, plaintiffs have failed to demonstrate that they can allege adequate facts to state a claim for relief.  *See Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").  Because defendants are entitled to qualified immunity for the actions allegedly taken against the plaintiffs sought to be added, the Court finds that adding these new plaintiffs to the complaint would be futile.  Plaintiffs' request for leave to amend is therefore denied.

   C.  <u>Addition of Disgorgement as an Equitable Remedy</u>

Plaintiffs also seek leave to state expressly in their amended complaint that they seek "disgorgement as an equitable remedy."  (Notice of Mot.)  Specifically, they seek "an order directing defendants Fischer and Annucci, acting in their official capacities to disgorge the monthly Post Release Supervision (PRS) fees collected from plaintiffs."  (*Id.*)  This Court has already considered and rejected plaintiffs' broad claims for equitable relief.  *See Hardy*, 701 F. Supp. 2d 614.  Furthermore, the addition of a specific prayer for disgorgement of fines collected from plaintiffs who were subject to extra-judicial PRS does not circumvent this Court's earlier dismissal of the complaint, because the Eleventh Amendment bars such relief.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Any recovery of fines that plaintiffs actually paid as a result of being subject to PRS would clearly be retroactive monetary relief.  The United States Supreme Court held in *Edelman v. Jordan* that despite characterizing a

> retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State.  It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action.  It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.

6

415 U.S. at 668. Thus, the Eleventh Amendment prohibits such an award of retroactive damages from the state, even if plaintiffs could demonstrate a breach of a legal duty. *See* U.S. Const. amend. XI; *Edelman*, 415 U.S. at 663. Neither the fact that individuals and not the state are named as defendants in this action, nor the fact plaintiffs characterize the relief sought as equitable, overcomes the Eleventh Amendment bar. *See Edelman*, 415 U.S. at 666-668. Because amendment of the complaint to specify disgorgement as a prayer for relief would be futile, plaintiffs' motion for leave to amend is denied.

## III. CONCLUSION

For the reasons set forth above, plaintiffs' motion for reconsideration of this Court's March 31, 2010 Opinions and Orders and for leave to amend the complaint is denied in its entirety.

Dated: New York, New York
      November 3, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.